# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CEPHALON, INC.,<br>and CIMA LABS, INC., | : <br> : <br> : |
| *Plaintiffs*, | : <br> : |
| v. | : <br> : |
| WATSON PHARMACEUTICALS, INC., and<br>WATSON LABORATORIES, INC., | : <br> : <br> : |
| *Defendants*. | : <br> : <br> : |

C. A. No. 08-330- JJF

REDACTED
PUBLIC VERSION

## WATSON PHARMACEUTICALS, INC.'S OPENING BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) AND (7)

OF COUNSEL

Barry S. White
James K. Stronski
H. Sarah Park
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, New York 10151
212) 588-0800

Dated: July 15, 2008

Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com
Steven J. Fineman (#4025)
Fineman@rlf.com
RICHARDS, LAYTON & FINGER P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700

*Attorneys for Defendants*

Redacted Filing Date: July 22, 2008

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................... ii

INTRODUCTION ..................................................................................................... 1

NATURE AND STAGE OF THE PROCEEDING ................................................... 2

SUMMARY OF THE ARGUMENT ......................................................................... 2

FACTUAL BACKGROUND ..................................................................................... 3

ARGUMENT ............................................................................................................. 5

I.      Plaintiffs' Suit should be Dismissed Under Fed. R. Civ. P. 12(b)(6) ...........5

        A.      Plaintiffs Have No Valid Hatch-Waxman Infringement Claim
                Against Watson Pharmaceuticals, Inc. ........................................................6

        B.      Plaintiffs Have No Legally Cognizable Inducement Claim Against
                Watson Pharmaceuticals, Inc. ......................................................................7

        C.      Plaintiffs Have No Direct Infringement Claim Against Watson
                Pharmaceuticals, Inc. Because the Patents-in-Suit Protect Only
                Methods of Administering a Drug ................................................................8

II.     Alternatively, Plaintiffs' Suit Should be Dismissed under Fed. R. Civ. P.
        12(b)(7) .........................................................................................................9

CONCLUSION ........................................................................................................ 10

## TABLE OF AUTHORITIES

**Cases**

*AstraZeneca AB v. Mylan Labs., Inc.,*
    265 F. Supp. 2d 213 (S.D.N.Y. 2003) ......................................................... 8

*Carino v. Stefan,*
    376 F.3d 156 (3d Cir. 2004) ..................................................................... 5

*Glaxo Group Ltd. v. Apotex, Inc.,*
    376 F.3d 1339 (Fed. Cir. 2004) ................................................................ 6

*Joy Techs., Inc. v. Flakt, Inc.,*
    6 F.3d 770 (Fed. Cir. 1993) ...................................................................... 8

*Lans v. Digital Equip. Corp.,*
    252 F.3d 1320 (Fed. Cir. 2001) ................................................................ 5

*Ortho-McNeil Pharm., Inc. v. Mylan Labs., Inc.,*
    267 F. Supp. 2d 545 (N.D. W. Va. 2003) .................................................. 8

*Pfizer Inc. v. Ranbaxy Labs. Ltd.,*
    321 F. Supp. 2d 612 (D. Del. 2004) .......................................................... 7

*SmithKline Beecham Corp. v. Geneva Pharms., Inc.,*
    287 F. Supp. 2d 576 (E.D. Pa. 2002) .................................................. 6, 7, 9

*SmithKline Beecham Corp. v. Pentech Pharms., Inc.,*
    2001 U.S. Dist. LEXIS 1935 (N.D. Ill. Feb. 20, 2001) ............................ 6, 7, 9

*Zenith Lab. v. Bristol-Myers Squibb Co.,*
    19 F.3d 1418 (Fed. Cir. 1994) .................................................................. 8

**Statutes**

21 U.S.C. § 355(j) ........................................................................................ 4

35 U.S.C. § 271(a) .................................................................................... 3, 8

35 U.S.C. § 271(b) .................................................................................... 3, 8

35 U.S.C. § 271(e) ....................................................................................... 4

35 U.S.C. § 271(e)(2)(A) ...................................................................... *passim*

**Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................................................. 1, 9

Fed. R. Civ. P. 12(b)(7) .................................................................................................. 1, 9

Fed. R. Civ. P. 19 ............................................................................................................. 9

## INTRODUCTION

Watson Pharmaceuticals, Inc., a Nevada corporation ("Pharmaceuticals"), moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and (7).

The Complaint fails to state a claim against Pharmaceuticals because Pharmaceuticals is neither the ANDA filer, nor as a matter of law would it be appropriate to find liability against Pharmaceuticals on any inducement theory. Additionally, Pharmaceuticals should be dismissed from this case because there is no personal jurisdiction over co-defendant Watson Laboratories, Inc ("Laboratories"), a necessary and indispensable party.

Recognizing the jurisdictional flaws underlying this action, plaintiffs filed an identical action in the U.S. District Court for the District of Nevada.[1]  Both suits were filed in early June and neither has progressed beyond initial filing. There is no jurisdictional obstacle to proceeding in the District of Nevada, where plaintiffs have made the same claims and seek the same relief sought here.

By this motion and a motion concurrently filed in this action by defendant Laboratories, the defendants seek dismissal of this suit so that this litigation may proceed in Nevada where personal jurisdiction is unquestioned.

---

[1] On June 3, the plaintiffs in this case commenced an action in the U.S. District Court for the District of Nevada that pleads the same causes of action based on the same patents against the same defendants and arising from the same ANDA filing at issue in this case. The Nevada action is entitled *Cephalon, Inc. and CIMA Labs, Inc., v. Watson Pharmaceuticals, Inc. and Watson Laboratories, Inc*, 3:08-cv-308 (District of Nevada) and has been assigned to the Honorable Judge Larry R. Hicks (hereinafter, "Nevada Litigation").

## NATURE AND STAGE OF THE PROCEEDING

This is a patent infringement case arising from Laboratories's submission of Abbreviated New Drug Application No.       ("the ANDA") to the U.S. Food & Drug Administration ("FDA") requesting approval of Laboratories's generic fentanyl buccal tablet product. Plaintiffs filed their Complaint in this case on June 2, 2008, naming Pharmaceuticals and Laboratories as defendants (collectively, "Defendants"). (D.I. 1.) By stipulated order, Defendants' time to respond to the Complaint was extended to July 15, 2008. (D.I. 9.) There has been no further activity (scheduling, discovery or otherwise) in either this or the Nevada Litigation.

## SUMMARY OF THE ARGUMENT

This Hatch-Waxman litigation is based on the ANDA that Laboratories, a Nevada corporation, filed. Laboratories's parent corporation, Pharmaceuticals neither submitted nor prepared, the ANDA. Consequently, Pharmaceuticals is not a proper party in this Hatch-Waxman case that is premised on the filing of the ANDA as an artificial act of infringement under Section 271(e)(2)(A). Furthermore, the Complaint against Pharmaceuticals should be dismissed — if Laboratories's concurrently-filed motion to dismiss is granted — because Laboratories is a necessary and indispensible party in connection with these claims against Pharmaceuticals.[2]

The Complaint contains six counts. All should be dismissed. Counts 1 and 4 assert that Pharmaceuticals committed an act of infringement under 35 U.S.C. § 271(e)(2)(A) by acting jointly with Laboratories to file the ANDA. However, Laboratories was the Watson entity that

---

[2] Laboratories conducts no business in, and has, at most, minimal contacts with Delaware. Those minimal contacts are unrelated to this action. As a result, this Court lacks personal jurisdiction over Laboratories under the Delaware long-arm statute, and the Complaint against it should be dismissed, as explained in Laboratories's concurrently-filed motion to dismiss.

-2-

filed the ANDA, and under Section 271(e)(2)(A), it is the submission of an ANDA that is the act of infringement. Because Pharmaceuticals did not file the ANDA, counts 1 and 4 against Pharmaceuticals should be dismissed.

Likewise, counts 2 and 5 of the Complaint should be dismissed for failure to state a claim because each purports to assert that Pharmaceuticals induced Laboratories to infringe by filing the ANDA. Because this does not constitute valid grounds for inducement liability under 35 U.S.C. § 271(b), counts 2 and 5 should be dismissed for failure to state a claim upon which relief can be granted.

Counts 3 and 6 seek relief under the Declaratory Judgment Act for actual, direct infringement of the patents in suit under 35 U.S.C. § 271(a) if, in the future, FDA eventually approves the ANDA and a product is sold under it. These counts fail to state a claim upon which relief can be granted, for the simple reason that all of the patent claims are directed to methods of using the product – not to the product itself. The making or sale of a product – even if it may be used in a claimed method – cannot constitute direct infringement of claims that require the practice of a method. Accordingly, counts 3 and 6 should also be dismissed for failure to state a claim upon which relief can be granted.

### FACTUAL BACKGROUND

Plaintiffs filed their Complaint on June 2, 2008, alleging infringement of United States Patent Nos. 6,200,604 ("the '604 patent") and 6,974,590 ("the '590 patent") based on certain acts relating to the ANDA. (D.I. 1.) The suit was filed pursuant to the Hatch-Waxman Act, which allows a patent holder to file a patent infringement suit against a party that submits an ANDA that challenges the validity, enforceability or infringement of a patent listed in FDA's *Approved*

*Drug Products with Therapeutic Equivalence Evaluations* ("The Orange Book"). *See* 35 U.S.C. § 271(e); 21 U.S.C. § 355(j).

The Complaint names two defendants: Watson Pharmaceuticals, Inc. and Watson Laboratories, Inc. Pharmaceuticals is a Nevada corporation with its principal place of business in Corona, California.

# REDACTED

Laboratories is also a Nevada corporation with its principal place of business in Corona, California. (Brunner Decl. at ¶ 2.) As presented fully in its Opening Brief in Support of its Motion to Dismiss, filed concurrently herewith, Laboratories submits that it is not subject to personal jurisdiction of this Court.[3]

# REDACTED

---

[3] Laboratories maintains no significant Delaware contacts.

# REDACTED

## ARGUMENT

**I.    Plaintiffs' Suit should be Dismissed Under Fed. R. Civ. P. 12(b)(6)**

On procedural issues, the Federal Circuit applies the law of the appropriate regional

circuit. *Lans v Digital Equip. Corp.*, 252 F.3d 1320, 1326 (Fed. Cir. 2001). In the Third

Circuit, a Rule 12(b)(6) motion should be granted where the plaintiff can prove no set of facts in

support of its claim that would entitle it to relief. *See Carino v. Stefan*, 376 F.3d 156, 159 (3d

Cir. 2004).

35 U.S.C. § 271 (e)(2)(A) provides that:

> It shall be an act of infringement *to submit* an application
> under section 505(j) of the Federal Food, Drug, and
> Cosmetic Act or described in section 505(b)(2) of such Act
> for a drug claimed in a patent or the use of which is
> claimed in a patent.

(Emphasis added.)

---



RLF1-3302893-1

The filing of an ANDA is a "highly artificial act of infringement." *Glaxo Group Ltd. v*
*Apotex, Inc.*, 376 F.3d 1339, 1349 (Fed. Cir. 2004). A party cannot be held liable as a direct
infringer under 35 U.S.C. § 271 (e)(2)(A) if it did not submit the ANDA at issue. *See SmithKline*
*Beecham Corp v Geneva Pharms., Inc*, 287 F. Supp. 2d 576, 584-85 (E.D. Pa. 2002)
("Geneva"); *SmithKline Beecham Corp. v. Pentech Pharms , Inc*, No. 00-C-2855, 2001 U.S.
Dist. LEXIS 1935, at *8-10 (N.D. Ill. Feb. 20, 2001) ("Pentech").

### A.    Plaintiffs Have No Valid Hatch-Waxman Infringement
   Claim Against Watson Pharmaceuticals, Inc.

Plaintiffs allege that acting jointly, Pharmaceuticals and Laboratories filed the ANDA.
(D.I. 1 at ¶ 15.) Plaintiffs also allege that Laboratories, jointly with and/or as the agent or alter
ego of its parent Pharmaceuticals, submitted and filed the ANDA. (D.I. 1 at ¶¶ 14, 15.) Even if
Plaintiffs' allegations in this regard were true (and they are not), courts have concluded under
similar circumstances that no cause of action exists under 35 U.S.C. § 271(e)(2)(A) against
parties who have not themselves submitted an ANDA, even if they directly support, participate
in or stand to benefit from an ANDA submission. *See Geneva,* 287 F. Supp. 2d at 584-85;
*Pentech,* 2001 U.S. Dist. LEXIS 1935, at *8-10.

In *Pentech,* the third party, Asahi, "collaborated" with the ANDA defendant in the
research and development of the generic product that was the subject of the ANDA, provided the
active ingredient of the generic product for use in clinical studies in support of the ANDA,
"directed and encouraged" both the defendant and the FDA to rely on information it had
submitted in support of the ANDA, and stood to be the sole approved manufacturer of the
generic ingredient in defendant's generic drug product upon approval of the ANDA. *See*
*Pentech,* 2001 U.S. Dist. LEXIS 1935, at *4-5. Despite this, the *Pentech* court found the plain
language of the statute controlling, concluding that 35 U.S.C. § 271 (e)(2)(A) did not allow a

claim for direct infringement to be brought against anyone other than the ANDA filer. *See Pentech*, 2001 U.S. Dist. LEXIS 1935, at *8-10; *see also Geneva*, 287 F. Supp. 2d at 584-85.

Not only are Plaintiffs' allegations insufficient to support a cause of action, but Plaintiffs' allegations with regard to Pharmaceuticals's involvement in the preparation and filing of ANDA are simply not true. Pharmaceuticals did not have any involvement in the preparation and submission of the ANDA. (Davis Decl. at ¶¶ 3-5; Brunner Decl. at ¶¶ 3, 18-19.) Further, Pharmaceuticals does not control the day-to-day operational decisions of Laboratories, the sole company responsible for preparing and submitting the ANDA at issue. (Davis Decl. at ¶ 7; Brunner Decl. at ¶ 22.) Thus, Plaintiffs cannot properly allege any facts sufficient to create a claim of infringement by Pharmaceuticals under 35 U.S.C. § 271(e)(2)(A). Accordingly, counts 1 and 4 against Pharmaceuticals should be dismissed.

**B.    Plaintiffs Have No Legally Cognizable Inducement Claim Against Watson Pharmaceuticals, Inc.**

Plaintiffs have alleged that Pharmaceuticals committed an act of indirect infringement under 35 U.S.C. § 271(b) by actively inducing Laboratories to submit ANDA 79-075. (D.I. 1 at ¶¶ 47, 62.) But a claim for inducement of infringement "cannot be based solely upon allegations that a defendant aided and abetted the filing of an ANDA." *Pfizer Inc. v. Ranbaxy Labs Ltd.*, 321 F. Supp. 2d 612, 616 (D. Del. 2004).[6] Because litigation under the Hatch-Waxman Act addresses whether a proposed generic drug would infringe after the FDA approves the generic

---

[6] In *Geneva* (cited in I.A), the Northern District of Illinois court suggested in dicta, without a thorough examination of 35 U.S.C. § 271(e) as was done in *Pfizer*, that a § 271(b) claim might be made against one who aids or abets an ANDA-filer in the act. As this Court's *Pfizer* decision is subsequent to *Geneva*, and is based on rationale that was not examined in *Geneva*, Pharmaceuticals submits that on the particular issue of inducement claim under §271(b), *Pfizer* controls, though on the issue of liability solely for filing an ANDA under § 271(e), *Geneva* is consistent with the framework of the Hatch-Waxman Act.

drug, the act of inducing the filing of an ANDA cannot serve as the sole basis of an inducement claim. *See id.; AstraZeneca AB v. Mylan Labs., Inc.*, 265 F. Supp. 2d 213, 217 (S.D.N.Y. 2003); *Ortho-McNeil Pharm., Inc. v. Mylan Labs., Inc.*, 267 F. Supp. 2d 545, 549 (N.D. W. Va. 2003). Therefore, Plaintiffs' inducement claim against Pharmaceuticals under Section 271 (b) is not legally cognizable and counts 2 and 5 against it should be dismissed.

### C. Plaintiffs Have No Direct Infringement Claim Against Watson Pharmaceuticals, Inc. Because the Patents-in-Suit Protect Only Methods of Administering a Drug

Counts 3 and 6 of Plaintiffs' Complaint allege that Pharmaceuticals's manufacture, use, offer for sale, sale, and/or importation of the Watson Generic Products prior to patent expiry will infringe the patents-in-suit under 35 U.S.C. § 271(a). This is a claim for actual, direct infringement – not inducement, and there is no such claim available here against Pharmaceuticals (nor any Watson entity) because the claims are all method-of-administration claims rather than product claims.

Patent claims define the patentee's right to exclude. *See Zenith Lab v. Bristol-Myers Squibb Co.*, 19 F.3d 1418, 1424 (Fed. Cir. 1994) ("It is the claim that sets the metes and bounds of the invention entitled to the protection of the patent system."). The claims of the patents-in-suit recite methods of administration of certain pharmaceutical dosage forms. "A method claim is directly infringed only by one practicing the patented method." *Joy Techs., Inc v. Flakt, Inc.*, 6 F.3d 770, 775 (Fed. Cir. 1993). Upon commercial launch, no Watson entity (and certainly not the parent holding company, Pharmaceuticals) will administer its ANDA product to a patient or practice any claimed method of administration. Accordingly, Plaintiffs' section 271(a) claims (counts 3 and 6) against Pharmaceuticals should be dismissed.

-8-

**II.    Alternatively, Plaintiffs' Suit Should be Dismissed under Fed. R. Civ. P. 12(b)(7)**

In addition to moving to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Pharmaceuticals also moves — on the condition that the concurrently-filed motion by Laboratories[7] is granted — for dismissal of Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(7) and Fed. R. Civ. P. 19 because this Court lacks personal jurisdiction over Laboratories, a necessary and indispensable party.

As stated previously, a claim under 35 U.S.C. § 271(e)(2)(A) can only be stated against the party that submits the ANDA. *See Geneva*, 287 F. Supp. 2d at 584-85; *Pentech*, 2001 U.S. Dist. LEXIS 1935, at *8-10. Plaintiffs' allegations of infringement pursuant to 35 U.S.C. § 271 (e)(2)(A) are premised (as they must be) entirely upon the submission of the ANDA to the FDA. This ANDA was submitted to the FDA by Laboratories. As a result, Laboratories is clearly both (1) a necessary party and (2) indispensible to a fair resolution of issues involving infringement based entirely upon the filing of the ANDA. Therefore, if the Court finds that it lacks personal jurisdiction over Laboratories for the reasons set out in Laboratories's concurrently-filed brief, the Court also should dismiss the action against Pharmaceuticals for failure to join a necessary and indispensible party.

---

[7] Contemporaneously with this filing, Watson Laboratories, Inc. filed a motion to dismiss on grounds including the lack of personal jurisdiction.

## CONCLUSION

For the reasons stated above, the Complaint against Watson Pharmaceuticals, Inc. should

be dismissed.

OF COUNSEL

Barry S. White
James K. Stronski
H. Sarah Park
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, New York 10151
212) 588-0800

Dated: July 15, 2008

Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com
Steven J. Fineman (#4025)
Fineman@rlf.com
RICHARDS, LAYTON & FINGER P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700

*Attorneys for Defendants*

– 10 –

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2008, I electronically filed the foregoing document with

the Clerk of Court using CM/ECF and have sent by Hand Delivery to the following:

### BY HAND DELIVERY

William J. Marsden, Jr.
Douglas E. McCann
FISH & RICHARDSON, P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington DE 19899-1114


I hereby certify that on July 15, 2008, I have sent by Electronic Mail the foregoing

document to the following non-registered participants

Duane-David Hough
FISH & RICHARDSON, P.C.
Citigroup Center
52nd Floor
153 East 53rd St.
New York, NY 10022-4611

Jonathan E. Singer
FISH & RICHARDSON, P.C.
60 South Sixth St.
3300 RBC Plaza
Minneapolis, MN 55402


Steven J. Fineman (#4025)

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2008, I electronically filed the foregoing document with

the Clerk of Court using CM/ECF and have sent by Hand Delivery to the following:

## BY HAND DELIVERY

William J. Marsden, Jr.
Douglas E. McCann
FISH & RICHARDSON, P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington DE 19899-1114

I hereby certify that on July 22, 2008, I have sent by Electronic Mail the foregoing

document to the following non-registered participants

Duane-David Hough
FISH & RICHARDSON, P.C.
Citigroup Center
52nd Floor
153 East 53rd St.
New York, NY 10022-4611

Jonathan E. Singer
FISH & RICHARDSON, P.C.
60 South Sixth St.
3300 RBC Plaza
Minneapolis, MN 55402

_/s/ Steven J. Fineman_____
Steven J. Fineman (#4025)

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CEPHALON, INC., and CIMA LABS, INC., *Plaintiffs,* v. WATSON PHARMACEUTICALS, INC., and WATSON LABORATORIES, INC., *Defendants.* | : : : : : : : : : : : : | Civil Action No. 08-cv-00330- JJF  **REDACTED** |

## DECLARATION OF PAMELA DAVIS

I, Pamela Davis, declare as follows:

1.    I am Pamela Davis, Director of Tax at Watson Pharmaceuticals, Inc., a Nevada corporation ("Pharmaceuticals"). I am an adult and competent to testify to the following having personal knowledge or based on my review of company records.

2.    Pharmaceuticals is a Nevada corporation having its principal place of business at 311 Bonnie Circle, Corona, California. (*See* Exhibits A, B)

3.    Pharmaceuticals is a holding company. In particular, Pharmaceuticals does not itself manufacture, sell or distribute any products, nor does it prepare or file any Abbreviated New Drug Applications ("ANDAs").

4.    Pharmaceuticals did not prepare or submit ANDA No.      **REDACTED**

5.    Pharmaceuticals has not had and would not have any involvement with respect to ANDA 79-075, including preparation of data contained in the ANDA, the preparation of the

1

ANDA, and the anticipated manufacture, use, distribution, importation, and sale throughout the U.S. of products approved under the ANDA.

6.      Watson Laboratories, Inc., a Nevada corporation ("Laboratories") is a wholly owned subsidiary of Pharmaceuticals.  (*See* Exhibit C)

7.      While Pharmaceuticals wholly owns Laboratories, Pharmaceuticals does not control the day-to-day operational decisions of Laboratories.

8.

# REDACTED

9.      Pharmaceuticals and Laboratories each have their own separate by-laws and articles of incorporation.  (*See* Exhibits A, B, D and F)

10.     Pharmaceuticals and Laboratories enter into and perform their own contracts.

11.     Pharmaceuticals and Laboratories are separate corporate and legal entities.  (*See* Exhibits A, B, D and F)

12.

13.     Pharmaceuticals is a publicly traded stock on the New York Stock Exchange under the symbol WPI.

I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct.

Executed on: _July 15, 2008_          _Pamela Davis_

Pamela Davis
**Declarant**

# Exhibit A

STATE OF NEVADA



*ROSS MILLER*
Secretary of State

*SCOTT W. ANDERSON*
Deputy Secretary
for Commercial Recordings

OFFICE OF THE
SECRETARY OF STATE

## Certified Copy

October 16, 2007

**Job Number:** C20071016-0249
**Reference Number:** 00001562969-18
**Expedite:**
**Through Date:**

The undersigned filing officer hereby certifies that the attached copies are true and exact copies of all requested statements and related subsequent documentation filed with the Secretary of State's Office, Commercial Recordings Division listed on the attached report.

| Document Number(s) | Description | Number of Pages |
|---|---|---|
| C38-1985-001 | Articles of Incorporation | 5 Pages/1 Copies |
| C38-1985-003 | Amendment | 3 Pages/1 Copies |
| C38-1985-004 | Amendment | 4 Pages/1 Copies |
| C38-1985-005 | Amendment | 2 Pages/1 Copies |
| C38-1985-006 | Amendment | 5 Pages/1 Copies |
| C38-1985-007 | Amendment | 3 Pages/1 Copies |
| C38-1985-007 | Amendment | 3 Pages/1 Copies |
| C38-1985-008 | Amendment | 3 Pages/1 Copies |

Respectfully,

ROSS MILLER
Secretary of State

By

Certification Clerk

Commercial Recording Division
202 N. Carson Street
Carson City, Nevada 89701-4069
Telephone (775) 684-5708
Fax (775) 684-7138

FILING FEE: $150.00
BY:  CT CORPORATION SYSTEM
      SUITE 1600
      ONE EAST FIRST STREET
      RENO, NEVADA 89501

**FILED**
IN THE OFFICE OF THE
SECRETARY OF STATE OF THE
STATE OF NEVADA

JAN 2 1985

WM. ~~SWACKHAMER~~ SECRETARY OF STATE

38-85

## ARTICLES OF INCORPORATION

of

### WATSON LABORATORIES, INC.

## ARTICLE I

The name of the corporation is Watson Laboratories, Inc.

## ARTICLE II

The principal office of the corporation shall be located at One East First Street, Reno, Nevada 89501.

## ARTICLE III

The purpose of the corporation is to engage in any lawful act or activity for which a corporation may be organized under the Nevada General Corporation Law.

## ARTICLE IV

The name and address in this State of the corporation's initial agent for service of process is The Corporation Trust Company of Nevada, One East First Street, Reno, Nevada 89501.

## ARTICLE V

The corporation is authorized to issue only one class of shares of stock, par value $0.01 per share, which shall be Common Stock; and the total number of shares which the corporation is authorized to issue is Ten Million (10,000,000). The holders of the Common Stock shall not be entitled to exercise preemptive rights.

## ARTICLE VI

The members of the governing board shall be called directors of the corporation. The number of initial directors shall be six (6). The number of directors shall be established in and shall be subject to change by amendment of the Bylaws of the corporation. The names and addresses of the initial board members are as follows:

| Hsi Hsiung Chao: | 65 Misty Acres Road<br>Rolling Hills Estates, California  90274 |
| Allen Y. Chao: | 1585 North Milwaukee Avenue<br>Unit 2<br>Libertyville, Illinois  60048 |
| Richard Y. Chao. | 5 Ninos<br>Irvine, California  92714 |
| Agnes Y. Kung: | 65 Misty Acres Road<br>Rolling Hills Estates, California  90274 |
| David C. Hsia: | 1585 North Milwaukee Avenue<br>Unit 2<br>Libertyville, Illinois  60048 |
| Michael J. Feldman: | 8300 Sears Tower<br>233 South Wacker Drive<br>Chicago, Illinois  60606 |

## ARTICLE VII

Capital stock, after the amount of the subscription price has been paid in to the corporation is not subject to assessment to pay debts of the corporation.

## ARTICLE VIII

The name and address of the incorporator is as follows:

V. Miller, P. O. Box 2311, Reno, Nevada 89501

-3-

## ARTICLE IX

The corporation shall have perpetual existence.

## ARTICLE X

The shareholders of the corporation shall individually have such authority as are granted shareholders of corporations by the General Corporation Law of Nevada, including the authority to cast votes for the election or removal of Directors of the Corporation.

Dated: January 2___,1985

V. MILLER, Incorporator

-4-

STATE OF NEVADA      )
                     ) ss:
COUNTY OF WASHOE     )

On _____ January 2, 1985 _____, personally

appeared before me, a Notary Public, _____

_____ V. Miller _____

who acknowledged that they executed the above

instrument.

Notary Public
(stamp)



KATHLEEN F ANDREWS
Notary Public - State of Nevada
Appointment Recorded in Washoe County
MY APPOINTMENT EXPIRES JUNE 4, 1988

**FILED**
IN THE OFFICE OF THE
SECRETARY OF STATE OF THE
**STATE OF NEVADA**

**SEP 11 1985**

~~~ SHACKELMAN SECRETARY OF STATE

No. 38-85

FILING FEE: 50.00
BY: MEMEL,JACOBS,PIERNO AND
GERSH
4000 MAC ARTHUR BLVD., STE.
350
NEWPORT BEACH, CA 92660

CERTIFICATE OF OWNERSHIP MERGING
WATLAB, INC.,
a California corporation
into
WATSON LABORATORIES, INC.,
a Nevada corporation

Allen Y. Chao, President, and Agnes Y. Kung, Secretary of Watson Laboratories, Inc., a Nevada corporation, certify that:

1. Watson Laboratories, Inc., owns all the outstanding stock of WATLAB, INC., a corporation duly incorporated on August 29, 1983 under the laws of the State of California.

2. The following resolutions were adopted by a majority of the Board of Directors of Watson Laboratories, Inc.:

WHEREAS, this corporation owns one hundred percent (100%) of the outstanding shares of WATLAB, INC., a California corporation; and

WHEREAS, this corporation deems it to be in its best interest to effect a merger of WATLAB, INC. into this corporation.

NOW, THEREFORE, BE IT RESOLVED, that WATLAB, INC. be merged into this corporation pursuant to Section 78.486 of the Nevada Corporations Law and Section 1110 of the California Corporations Code; and

RESOLVED FURTHER, that the officers of this corporation are hereby directed to do all acts and to execute, verify, and file all documents necessary to effectuate the merger into this corporation pursuant to Section 78.486 of the Nevada Corporations Law and Section 1110 of the California Corporations Code of WATLAB, INC.; and

RESOLVED FURTHER, that this corporation hereby assumes all of the liabilities of WATLAB, INC.

3. Said resolutions were adopted by unanimous written consent of the Board of Directors of Watson Laboratories, Inc. on ___July 26___, 1985.

WATSON LABORATORIES, INC.,
a Nevada corporation

Dated: ___7/1t/85___    By: _____
                              Allen Y. Chao, President

Dated: ___7/1/85___    By: _____
                             Agnes Y. Kung, Secretary

## VERIFICATION

I, Allen Y. Chao, verify that:

I am the President of Watson Laboratories, Inc., a Nevada corporation.

I have read the foregoing Certificate of Ownership and know the contents thereof, and acknowledge that, to my own knowledge, such contents are true.

Executed on _Aug 15_, 1985, at _Orange_ _____ County, _California_.

I declare under penalty of perjury that the foregoing is true and correct.

_Allen y Chao_
ALLEN Y. CHAO

STATE OF _California_ )
COUNTY OF _Orange_ ) SS.
)

On _August 15, 1985_, before me, the undersigned, a Notary Public in and for said State, personally appeared ALLEN Y. CHAO, personally known to me, or proved to me on the basis of satisfactory evidence, to be the person who executed the within instrument as the President of WATSON LABORATORIES, INC., the corporation that executed the within instrument and acknowledged to me that such corporation executed the within instrument pursuant to its bylaws or a resolution of its board of directors.

WITNESS my hand and official seal.

Signature: _Caryn J. Holchuck_

(Official Seal)



## VERIFICATION

I, Agnes Y. Kung, verify that:

I am the Secretary of Watson Laboratories, Inc., a Nevada corporation.

I have read the foregoing Certificate of Ownership and know the contents thereof, and acknowledge that, to my own knowledge, such contents are true.

Executed on ⎯⎯⎯⎯⎯⎯⎯⎯⎯, 1985, at ⎯⎯⎯⎯⎯⎯⎯⎯⎯ ⎯⎯⎯⎯⎯⎯ County, ⎯⎯⎯⎯⎯⎯⎯⎯⎯.

I declare under penalty of perjury that the foregoing is true and correct.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
AGNES Y. KUNG

STATE OF CALIFORNIA
COUNTY OF Los Angeles } ss.

On July 31 1985 ⎯⎯⎯⎯⎯⎯⎯, before me, the undersigned, a Notary Public in and for said State, personally appeared "AGNES Y. KUNG"

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same.

WITNESS my hand and official seal.

Signature ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

SF 4334 REV A 1/82 (CA) INDIVIDUAL)

OFFICIAL SEAL
ARLINE R. SHEARER
NOTARY PUBLIC-CALIFORNIA
PRINCIPAL OFFICE IN
LOS ANGELES COUNTY
My Commission Expires Apr 6, 1987

(This area for official notarial seal)

**FILED**
IN THE OFFICE OF THE
SECRETARY OF STATE OF THE
**STATE OF NEVADA**

SEP 2 8 1987

~~FRANKIE SUE DEL PAPA~~ SECRETARY OF STATE
~~[signature]~~

No. _____ 38-85

FILING FEE:  $50.00
BY:  UNITED STATES CORP. CO.
     ROOM E
     502 EAST JOHN STREET
     CARSON CITY, NEVADA 89701

Certificate of Amendment of
Articles of Incorporation
of
WATSON LABORATORIES, INC.

Pursuant to the provisions of Nevada Revised Statutes, Title 7, Chapter 78, the undersigned officers do hereby certify:

FIRST:  The name of the Corporation is Watson Laboratories, Inc.

SECOND:  The Board of Directors of the Corporation duly adopted the following resolutions on May 22, 1987:

WHEREAS, it is deemed in the best interests of the Corporation to amend the Articles of Incorporation to add a new Article XI thereto to remove directors' exposure for liability to the Corporation or to its stockholders for certain breaches of the directors' fiduciary duty and to add a new Article XII relating to the indemnification of directors, officers, employees and agents of the Corporation;

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Board of Directors it is deemed in the best of interests of the Corporation to add Articles XI and XII to the Articles of Incorporation which shall read in full as follows:

### ARTICLE XI

No director or officer of the Corporation shall be personally liable to the Corporation or its stockholders for monetary damages for breach of fiduciary duty as a director or officer except for liability (i) for acts or omissions which involve intentional misconduct, fraud or a knowing violation of NRS 78.300. Any repeal or modification of this Article by the stockholders of the Corporation shall be prospective only, and shall not adversely affect any right or protection of a director or officer of the Corporation existing at the time of such repeal or modification.

### ARTICLE XII

Section 1.  The corporation shall indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative, by reason of the fact that he is or was a director of the corporation, or is

or was serving at the request of the corporation as a director of another corporation, partnership, joint venture, trust or other enterprise, against any and all expenses (including attorneys' fees), judgments, fines, amounts paid in settlement, and any other liabilities to the fullest extent permitted by the General Corporation Law of the State of Nevada ("Nevada Act"), as the same exists or may hereafter be amended, and may, at the discretion of the board of directors, purchase and maintain insurance at its expense, to protect itself and such persons against any such expense, fine, amount paid in settlement or other liability, whether or not the corporation would have the power to so indemnify such person under the Nevada Act.

Section 2. The corporation may indemnify any and all persons, except those persons described in Section 1 of this ARTICLE XII, whom it has the power to indemnify under the Nevada Act, as the same exists or may hereafter be amended, against any and all expenses (including attorneys' fees), judgments, fines, amounts paid in settlement, and any other liabilities to the fullest extent permitted by the Nevada Act and may, at the discretion of the board of directors, purchase and maintain insurance, at its expense, to protect itself and such persons against any such expense, fine, amount paid in settlement or other liability, whether or not the corporation would have the power to so indemnify such person under the Nevada Act.

FURTHER RESOLVED, that the aforesaid proposed amendments be submitted to the shareholders of the Corporation for their approval at the annual meeting of shareholders.

THIRD: The total number of outstanding shares having voting power of the Corporation is 2,786,951, and the total number of votes entitled to be cast by the holders of all of said outstanding shares is 2,786,951.

FOURTH: At a meeting of stockholders held on June 1, 1987, notice of which was duly given, the amendments herein certified were adopted by the holders of 2,529,451 shares, which represent 2,529,451 votes, and which constitute at least a majority of all of the voting power of the holders of shares having voting power.

Signed on 13th day of July, 1987.

WATSON LABORATORIES, INC.

By: _____
                    President

_____
                    Secretary

(227:A3)

STATE OF ~~CALIFORNIA~~ Illinois )
                                  )     SS.:
COUNTY OF Cook                    )

On ~~July~~ Sept. 16 , 1987, personally appeared before me, a
Notary Public, for the State and County aforesaid, Allen Y. Chao,
as President of Watson Laboratories, Inc. and ~~Agnes Y. Kung,~~
~~Secretary of Watson Laboratories, Inc.,~~ who ~~acknowledged that~~
they executed the above instrument.

"OFFICIAL SEAL"
MICHEL J. FELDMAN
Notary Public, State of Illinois
My Commission Expires 25, 1990

Notary Public

[Notarial Seal]

(227:A3)

STATE OF ~~CALIFORNIA~~ Illinois }
                                  )   SS.:
COUNTY OF Cook                    )

On ~~July~~ Sep. 16, 1987, personally appeared before me, a
Notary Public, for the State and County aforesaid, Allen Y. Chao,
as President of Watson Laboratories, Inc. and ~~Agnes Y. Kung,~~
~~Secretary of Watson Laboratories, Inc.~~, who acknowledged that
they executed the above instrument.

"OFFICIAL SEAL"
MICHEL J. FELDMAN
Notary Public, State of Illinois
My Commission Expires Oct. 26, 1990

Notary Public

STATE OF CALIFORNIA
COUNTY OF Los Angeles

On September 11th, 1987, before me, the undersigned, a Notary Public in and for
said State, personally appeared Agnes Yu Hwa Kung

OFFICIAL SEAL
GURPREET K. WALIA
NOTARY PUBLIC-CALIFORNIA
PRINCIPAL OFFICE IN
LOS ANGELES COUNTY
My Commission Expires July 9, 1991

(This area for official notarial seal)

FILED
IN THE OFFICE OF THE
SECRETARY OF STATE OF THE
STATE OF NEVADA

AUG 27 1991

CHERYL A. LAU  SECRETARY OF STATE

No. 38-85

FILING FEE- 100.00 TS
REC. #C20858
CT CORPORATION SYSTEM
RENO, NV
C/O VI MILLER

Certificate of Amendment
of Articles
of Incorporation
of
Watson Laboratories, Inc.

Pursuant to the provisions of Nevada Revised Statutes, Title 7, Chapter 78, the undersigned officers do hereby certify:

FIRST: The name of the Corporation is Watson Laboratories, Inc.

SECOND: The Board of Directors of the Corporation duly adopted the following resolution on April 30, 1991.

RESOLVED, that Article V of the Articles of Incorporation of the Corporation be amended to read in its entirety as follows:

"ARTICLE V. The corporation is authorized to issue only one class of shares of stock, par value $.01 per share, which shall be Common Stock; and the total number of shares which the corporation is authorized to issue is Twenty-Five Million (25,000,000). The holders of Common Stock shall not be entitled to exercise preemptive rights."

THIRD: The total number of outstanding shares having voting power of the corporation is 3,173,188, and the total number of votes entitled to be cast by the holders of all of said outstanding shares is 3,173,188.

FOURTH: At a meeting of stockholders on May 13, 1991, notice of which was duly given, the amendment herein certified was adopted by the holders of 2,794,105 shares, which represent 2,794,105 votes, and which constitute at least a majority of all of the voting power of the holders of shares having voting power.

Signed on June 21, 1991        WATSON LABORATORIES, INC.

By: _____
Allen Y. Chao, President

By: _____
Agnes Y. Kung, Secretary

STATE OF CALIFORNIA )
                    )   SS.:
COUNTY OF RIVERSIDE )



On *August 14, 1991*, 1991, personally appeared before me, a Notary Public, for the State and County aforesaid, Allen Y. Chao, as President of Watson Laboratories, Inc. ~~and Agnes Y. Kung, as Secretary of Watson Laboratories, Inc.~~, who acknowledged that ~~they~~ executed the above instrument.

*Dolores Mary Land*
Notary Public

STATE OF _CALIFORNIA_
COUNTY OF _LOS ANGELES_                    } SS.
On this __21__ day of __JUNE__, 19 _91_, before me, the undersigned, a Notary Public in and for said    (INDIVIDUAL)
County, personally appeared _AGNES Y. KUNG_

personally known to me, or proved to me on the basis of satisfactory evidence
to be the person(s) whose name(s) is/are subscribed to the within instrument,
and acknowledged to me that _SHE_ executed the same.
Witness my hand and official seal.

*Patricia Brodrick*
Notary Public in and for said County and State

_PATRICIA BRODRICK_
Name (Typed or Printed)

**OFFICIAL SEAL**
**PATRICIA BRODRICK**
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Commission Expires April 22, 1994

3403 (R3/8/72)

(This area for official notarial seal)

IJS-317

RECEIVED
AUG 27 1991

1:20

-2-



**FILED**
IN THE OFFICE OF THE
SECRETARY OF STATE OF THE
**STATE OF NEVADA**

**FEB 20 1992**

CHERYL A. LAU SECRETARY OF STATE

38-85

FILING FEE- $1000.00 TS
REC.#C35693
CT CORPORATION SYSTEM
ONE E. FIRST ST. STE. 1600
RENO, NV 89501
ATTN: VI MILLER

## CERTIFICATE OF AMENDMENT
## OF
## ARTICLES OF INCORPORATION
## OF
## WATSON LABORATORIES, INC.

Pursuant to provisions of Nevada Revised Statutes, Title 7, Chapter 78, the undersigned officers do hereby certify:

FIRST:     The name of the corporation is WATSON LABORATORIES, INC.

SECOND:   The Board of Directors of the corporation duly adopted the following resolutions on February 14, 1992.

NOW, THEREFORE, BE IT RESOLVED, that subject to approval of the shareholders of the Corporation, Article I of the Corporation's Articles of Incorporation is amended to be and read as follows:

### ARTICLE I

The name of the corporation is Watson Pharmaceuticals, Inc.

FURTHER RESOLVED, that subject to the approval of the shareholders of the Corporation, Article V of the Corporation's Articles of Incorporation is amended to be and read as follows:

### ARTICLE V

The corporation is authorized to issue a total of Fifty-Two Million Five Hundred Thousand (52,500,000) shares of stock, Fifty Million (50,000,000) shares of which shall be classified as common stock, $.0033 par value per share and Two Million Five Hundred Thousand (2,500,000) shares of which shall be classified as preferred stock, no par value per share. The holders of both classes of stock shall not be entitled to exercise cumulative voting or preemptive rights.

The voting powers, designations, preferences, limitations, restrictions, relative rights and distinguishing designations in respect of the shares of the preferred stock shall be as stated in the resolution or resolutions providing for the issuance of such preferred stock adopted or to be adopted by the Board of Directors of the Corporation pursuant to the authority hereby expressly vested in the Board of Directors of the Corporation by these Articles of Incorporation.

FURTHER RESOLVED, that subject to the approval of the shareholders of the Corporation, Article XI of the Corporation's Articles of Incorporation is amended to be and read as follows:



## ARTICLE XI

No director or officer of the Corporation shall be personally liable to the Corporation or its stockholders for monetary damages for breach of fiduciary duty as a director or officer, except for liability (a) for acts or omissions which involve intentional misconduct, fraud or a knowing violation of law; or (b) the payment of distributions in violation of Section 78.300 of the Nevada General Corporation law.

Any repeal or modification of this Article by the stockholders of the Corporation shall be prospective only, and shall not adversely affect any right or protection of a director or officer of the Corporation existing at the time of such repeal or modification.

FURTHER RESOLVED, that Article XII of the Corporation's Articles of Incorporation is amended to be and read as follows:

## ARTICLE XII

1.      To the extent not prohibited by law, the Corporation shall indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative, except an action by or in the right of the Corporation, by reason of the fact that he is or was a director, officer, employee or agent of the Corporation, or is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise, against expenses, including attorneys' fees, judgments, fines and amounts paid in settlement actually and reasonably incurred by him in connection with the action, suit or proceeding if he acted in good faith and in a manner which he reasonably believed to be in or not opposed to the best interests of the Corporation, and, with respect to any criminal action or proceeding, has no reasonable cause to believe his conduct was unlawful. The termination of any action, suit or proceeding by judgment, order, settlement, conviction, or upon a plea nolo contendere or its equivalent, does not, of itself, create a presumption that the person did not act in good faith and in a manner which he reasonably believed to be in or not opposed to the best interests of the Corporation, and that, with respect to any criminal action or proceeding, he had reasonable cause to believe that his conduct was unlawful.

2.      To the extent not prohibited by law, the Corporation shall indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action or suit by or in the right of the Corporation to procure a judgment in its favor by reason of the fact that he is or was a director, officer, employee or agent of the Corporation, or is or was serving at the request of the Corporation as a director, officer, employee or agent of another

2

corporation, partnership, joint venture, trust or other enterprise against expenses, including amounts paid in settlement and attorneys' fees actually and reasonably incurred by him in connection with the defense or settlement of the action or suit if he acted in good faith and in a manner which he reasonably believed to be in or not opposed to the best interests of the Corporation. Indemnification may not be made for any claim issue or matter as to which such a person has been adjudged by a court of competent jurisdiction, after exhaustion of all appeals therefrom to be liable to the Corporation or for amounts paid in settlement to the Corporation, unless and only to the extent that the court in which the action or suit was brought or other court of competent jurisdiction determines upon application that in view of all the circumstances of the case, the person is fairly and reasonably entitled to indemnity for such expenses as the court deems proper, all subject to the restrictions set forth in Section 78.751 of the Nevada General Corporation Law.

3.    To the extent that a director, officer, employee or agent of the Corporation has been successful on the merits or otherwise in defense of any action, suit or proceeding referred to in subsections 1 and 2 of Article XII, or in defense of any claim, issue or matter therein, he must be indemnified by the Corporation against expenses, including attorneys' fees, actually and reasonably incurred by him in connection with the defense.

4.    Any indemnification under subsections 1 and 2 of Article XII, unless ordered by a court or advanced pursuant to subsection 5 of Article XII, may be made by the Corporation only as authorized in the specific case upon determination that indemnification of the director, officer, employee or agent is proper in the circumstances by (a) the stockholders of the Corporation; (b) the Board of Directors by majority vote of a quorum consisting of directors who were not parties to the act, suit or proceeding; (c) independent legal counsel in a written opinion if a majority vote of a quorum consisting of directors who were not parties to the act, suit or proceeding so orders; or (d) independent legal counsel in a written opinion if a quorum consisting of directors who were not parties to the act, suit or proceeding cannot be obtained.

5.    The Corporation shall, from time to time, reimburse or advance to any director or officer or other person entitled to indemnification hereunder the funds necessary for payment of expenses, including attorneys' fees and disbursements, incurred in connection with any proceeding, in advance of the final disposition of such proceeding; provided, however, that, if required by the Nevada General Corporation Law, such expenses incurred by or on behalf of any director or officer may be paid in advance of the final disposition of the action, suit or proceeding only upon receipt of an undertaking by or on behalf of the director or officer to repay the amount if it is ultimately determined by a court of competent jurisdiction that he is not entitled to be indemnified by the Corporation. The provisions of this subsection do not affect any rights to

3



advancement of expenses to which corporate personnel other than directors or officers may be entitled under any contract or otherwise by law.

6. The indemnification and advancement of expenses authorized in or ordered by a court pursuant to this Article XII (a) does not exclude any other rights to which a person seeking indemnification or advancement of expenses may be entitled under these Articles of Incorporation, or any By-Laws, agreement, vote of stockholders or disinterested directors or otherwise, for either an action in his official capacity or an action in another capacity while holding his office, except that indemnification, unless ordered by a court pursuant to subsection 2 or for the advancement of expenses made pursuant to subsection 5, may not be made to or on behalf of any director or officer if a final adjudication establishes that his acts or omissions involved intentional misconduct, fraud or a knowing violation of the law and was material to the cause of action (b) continues as to a person who has ceased to be a director or officer (or other person indemnified hereunder) and shall inure to the benefit of the heirs, executors and administrators of such person.

**THIRD:** The total number of outstanding shares having voting power of the corporation is 4,302,496, and the total number of votes entitled to be cast by the holders of all of said outstanding shares is 4,302,496.

**FOURTH:** By written consent of the holders of a majority of the issued and outstanding stock of the corporation, dated as of February 14, 1992, pursuant to Sections 78.320, 78.385 and 78.390 of the Nevada Revised Statutes, the amendment herein certified was adopted by the holders of 2,913,408 shares, which represent 2,913,408 votes, and which constitute at least a majority of all of the voting power of the holders of shares having voting power.

Signed: February 14, 1992

WATSON LABORATORIES, INC.

By: _____
      Allen Y. Chao, President

By: _____
      Michel J. Feldman, Assistant Secretary

4

STATE OF CALIFORNIA        )
                           ) SS
COUNTY OF RIVERSIDE        )

On __2/18__, 1992, personally appeared before me, a Notary Public, for the State and County aforesaid, Allen Y. Chao as President of Watson Laboratories, Inc. and Michel J. Feldman as Assistant Secretary of Watson Laboratories, Inc., who acknowledged that they executed the above instrument.



OFFICIAL SEAL
HELGA E. SCHROEDER
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
My Comm. Expires June 16, 1992

_Helga E Schroeder_
NOTARY PUBLIC

RECEIVED
1:10 ✗
FEB 2 0 1992

Secretary of State

5

**FILED**
IN THE OFFICE OF THE
SECRETARY OF STATE OF THE
STATE OF NEVADA

**JUL 18 1995**

38-85

DEAN HELLER SECRETARY OF STATE

No.

Inv # 7677

E - 64911

# CERTIFICATE OF AMENDMENT
## OF
## ARTICLES OF INCORPORATION
## OF
## WATSON PHARMACEUTICALS, INC.

Pursuant to provisions of Nevada Revised Statutes, Title 7, Chapter 78, the undersigned officers do hereby certify:

FIRST:    The name of the Corporation is WATSON PHARMACEUTICALS, INC.

SECOND:   The Board of Directors of the Corporation duly adopted the following resolution on May 1, 1995.

FURTHER RESOLVED: that subject to approval of the stockholders of the Corporation, the first two sentences of Article VI of the Articles of Incorporation of the Corporation are hereby deleted and replaced with the following:

"The members of the governing board shall be called directors of the Corporation. The number of directors of the Corporation shall be nine (9). The directors shall be divided into three classes designated as Class I, Class II and Class III, respectively. Each class shall consist, as nearly as may be possible, of one-third of the total number of directors constituting the entire board of directors. At the annual meeting of stockholders of the Corporation to be held in the year 1995, the Corporation shall designate the slate of directors to be elected by the stockholders as Class I, Class II and Class III directors, except that for such 1995 annual meeting only eight (8) directors shall be elected by the stockholders and the ninth director position (a Class I position) shall be vacant. The initial term of office of the Class I directors shall expire at the annual meeting of the stockholders held in the year 1996. The initial term of office of the Class II directors shall expire at the annual meeting of stockholders held in the year 1997. The initial term of office of the Class III directors shall expire at the annual meeting of stockholders held in the year 1998. At each annual meeting of the stockholders after the annual meeting held in the year 1995, successors to the class of directors whose term expires at the annual meeting shall be elected for a three-year term. If the number of directors is changed, any increase or decrease shall be apportioned among the classes so as to maintain the number of directors in each class as nearly as possible, but in no case shall a decrease in the number of directors shorten the term of any incumbent director. A director shall hold office until the annual meeting for the year in which his term expires and until his successor shall be elected and qualified, subject, however, to prior death, resignation, retirement, disqualification or removal from office. The annual meeting of stockholders shall be held each year on a date and at a time designated by the Board of Directors of the Corporation.

Subject to the rights, if any, of holders of any series of Preferred Stock then outstanding, any vacancy on the Board of Directors that results from an increase in the number of directors or by reason of the vacancy following the annual meeting of the stockholders held in the year 1995 may be filled by a majority of the Board of Directors then in office, provided that a quorum is present, and any other vacancy occurring in the Board of Directors may be filled by a majority of the directors then in office, even if less than a quorum. Any directors elected to fill a vacancy resulting from an increase in such class shall hold office for a term that shall coincide with the remaining term of that class. Any director elected to fill a vacancy not resulting from an increase in the number of directors shall have the same remaining term as that of his predecessor."

THIRD:    As of May 19, 1995, the record date of the annual meeting of stockholders of the Corporation, the total number of outstanding shares having voting power of the Corporation is approximately 17,289,786, and the total number of votes entitled to be cast by the holders of all of said outstanding shares is approximately 17,289,785.

FOURTH:   On July 17, 1995, at the Annual Meeting of stockholders of the Corporation, notice of which was duly given, the amendment herein certified was adopted by the holders of _9,001,802_ shares of common stock, $.0033 par value per share, of the Corporation, which represent _9,001,802_ votes, and which constitute at least a majority of all of the voting power of the holders of shares having voting power.

Signed:    July 17, 1995

WATSON PHARMACEUTICALS, INC.

By: _____
        Allen Chao, President

By: _____
        Michel Feldman, Assistant
        Secretary

2

JUL 18 '95  12:47PM WOODBURN HEDGE                                    P 3

ILLINOIS
STATE OF ~~CALIFORNIA~~          )
                                ) SS
             COOK               )
COUNTY OF ~~RIVERSIDE~~          )

On July 17, 1995, Allen Chao as President of Watson Pharmaceuticals, Inc. and Michel Feldman as Assistant Secretary of Watson Pharmaceuticals, Inc., personally appeared before the undersigned, a Notary Public in and for said County, who acknowledged that they executed the above instrument.

_Patricia A. Jones_
NOTARY PUBLIC

"OFFICIAL SEAL"
PATRICIA A. JONES
Notary Public, State of Illinois
My Commission Expires Nov. 25, 1996

3

JUL 18 1995

SECRETARY OF STATE

JUL 18 '95   12:48PM WOODBURN WEDGE

**FILED**
IN THE OFFICE OF THE
SECRETARY OF STATE OF THE
STATE OF NEVADA

**JUL 18 1995**

33-85

DEAN HELLER SECRETARY OF STATE

ewd - 767

E - 64904

### CERTIFICATE OF AMENDMENT
### OF
### ARTICLES OF INCORPORATION
### OF
### WATSON PHARMACEUTICALS, INC.

Pursuant to provisions of Nevada Revised Statutes, Title 7, Chapter 78, the undersigned officers do hereby certify:

FIRST:    The name of the Corporation is WATSON PHARMACEUTICALS, INC.

SECOND:   The Board of Directors of the Corporation duly adopted the following resolution on May 1, 1995.

NOW, THEREFORE, BE IT RESOLVED, that subject to approval of the stockholders of the Corporation, Article V of the Articles of Incorporation of the Corporation is amended to be and read as follows:

#### ARTICLE V

The Corporation is authorized to issue a total of One Hundred and Two Million Five Hundred Thousand (102,500,000) shares of stock, One Hundred Million (100,000,000) shares of which shall be classified as common stock, $.0033 par value per share, and Two Million Five Hundred Thousand (2,500,000) shares of which shall be classified as preferred stock, no par value per share. The holders of both classes of stock shall not be entitled to exercise cumulative voting or preemptive rights.

The voting powers, designations, preferences, limitations, restrictions, relative rights and distinguishing designation in respect of the shares of the preferred stock shall be as stated in the resolution or resolutions providing for the issuance of such preferred stock adopted or to be adopted by the Board of Directors of the Corporation pursuant to the authority hereby expressly vested in the Board of Directors of the Corporation by these Articles of Incorporation.

THIRD:    As of May 19, 1995, the record date of the annual meeting of stockholders of the Corporation, the total number of outstanding shares having voting power of the Corporation is approximately 17,289,786, and the total number of votes entitled to be cast by the holders of all of said outstanding shares is approximately 17,289,785.

FOURTH:   On July 17, 1995, at the Annual Meeting of stockholders of the Corporation, notice of which was duly given, the amendment herein certified was adopted by the holders of _15,045,332_ shares of

JUL 18 '95  12:41PM HOODBERGH WEDGE

P.13

P.12

common stock, $.0033 par value per share, of the Corporation, which represent _65,045,332_ votes, and which constitute at least a majority of all of the voting power of the holders of shares having voting power.

Signed:        July 17, 1995

WATSON PHARMACEUTICALS, INC.

By: _____
       Allen Chao, President

By: _____
       Michel Feldman, Assistant
       Secretary

2

JUL 18 '95  12:49PM WOODBURN HEDGE

P.13

STATE OF ~~CALIFORNIA~~ *ILLINOIS*                   )
                                                     ) SS
COUNTY OF ~~RIVERSIDE~~ *Cook*                       )

On July 17, 1995, Allen Chao as President of Watson Pharmaceuticals, Inc. and Michel Feldman as Assistant Secretary of Watson Pharmaceuticals, Inc., personally appeared before the undersigned, a Notary Public in and for said County, who acknowledged that they executed the above instrument.

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
PATRICIA A. JONES
Notary Public, State of Illinois
My Commission Expires Nov 25, 1998

3

RECEIVED

JUL 18 1995

SECRETARY OF STATE

MAY 30 '96  08:14AM WOODBURN HEDGES                    312 750 8737 P.2-0014

**FILED**
IN THE OFFICE OF THE
SECRETARY OF STATE OF THE
STATE OF NEVADA

**MAY 30** 1996

38 - 85

DEAN HELLER SECRETARY OF STATE
Dean Hill

95/2

**CERTIFICATE OF AMENDMENT**
**OF**
**ARTICLES OF INCORPORATION**
**OF**
**WATSON PHARMACEUTICALS, INC.**

Pursuant to provisions of Nevada Revised Statutes, Title 7, Chapter 78, the undersigned officers do hereby certify:

**FIRST:** The name of the Corporation is WATSON PHARMACEUTICALS, INC.

**SECOND:** The Board of Directors of the Corporation duly adopted the following resolution on February 26, 1996.

NOW, THEREFORE, BE IT RESOLVED, that subject to approval of the stockholders of the Corporation, Article V of the Articles of Incorporation of the Corporation is amended to be and read as follows:

**ARTICLE V**

The Corporation is authorized to issue a total of Five Hundred and Two Million Five Hundred Thousand (502,500,000) shares of stock, Five Hundred Million (500,000,000) shares of which shall be classified as common stock, $.0033 par value per share, and Two Million Five Hundred Thousand (2,500,000) shares of which shall be classified as preferred stock, no par value per share. The holders of both classes of stock shall not be entitled to exercise cumulative voting or preemptive rights.

The voting powers, designations, preferences, limitations, restrictions, relative rights and distinguishing designation in respect of the shares of the preferred stock shall be as stated in the resolution or resolutions providing for the issuance of such preferred stock adopted or to be adopted by the Board of Directors of the Corporation pursuant to the authority hereby expressly vested in the Board of Directors of the Corporation by these Articles of Incorporation.

**THIRD:** As of March 15, 1996, the record date of the annual meeting of stockholders of the Corporation, the total number of outstanding shares having voting power of the Corporation is 36,607,903, and the total number of votes entitled to be cast by the holders of all of said outstanding shares is 36,607,903.

**FOURTH:** On May 10, 1996, at the Annual Meeting of stockholders of the Corporation, notice of which was duly given, the amendment herein certified was adopted by the holders of 19,372,801 shares of common

RECEIVED

MAY 3

MAY MAY 30 '96   08:15AM WOODBURN HEDGE                    312 756 8752  P.3 67-4

stock, $.0033 par value per share, of the Corporation, which represent 19,372,801 votes, and which constitute at least a majority of all of the voting power of the holders of shares having voting power.

Signed:        May 10, 1996

WATSON PHARMACEUTICALS, INC.

By: _____
Dr. Melvin Sharoky, President

By: _____
Michel J. Feldman, Secretary

63767/1                          2

MAMAY 30 '96  08:15AM WOODBURN HEDGE                              P.4
                                    CT SYSTEMS                312 750 6782  P.04/04

STATE OF ILLINOIS          )
                           ) SS
COUNTY OF COOK             )

On May 10, 1996, Dr. Melvin Sharoky, as President of Watson Pharmaceuticals, Inc.
and Michel J. Feldman as Secretary of Watson Pharmaceuticals, Inc., personally appeared
before the undersigned, a Notary Public in and for said County, who acknowledged that they
executed the above instrument.

```
"OFFICIAL SEAL"
SHARON TESSITORE
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 4/8/2000
```

                                        NOTARY PUBLIC

63767/1                                                        3

# Exhibit B

Exhibit Redacted in its Entirety

# Exhibit C

Exhibit Redacted in its Entirety

# Exhibit D

**DEAN HELLER**
*Secretary of State*

**RENEE L. PARKER**
*Chief Deputy*
*Secretary of State*

**PAMELA RUCKEL**
*Deputy Secretary*
*for Southern Nevada*

**STATE OF NEVADA**



OFFICE OF THE
**SECRETARY OF STATE**

**CHARLES E. MOORE**
*Securities Administrator*

**SCOTT W. ANDERSON**
*Deputy Secretary*
*for Commercial Recordings*

**ELLICK HSU**
*Deputy Secretary*
*for Elections*

## Certified Copy

March 15, 2006

**Job Number:** C20060309-1078
**Reference Number:** 00000682867-17
**Expedite:**
**Through Date:**

The undersigned filing officer hereby certifies that the attached copies are true and exact copies of all requested statements and related subsequent documentation filed with the Secretary of State's Office, Commercial Recordings Division listed on the attached report.

| Document Number(s) | Description | Number of Pages |
|---|---|---|
| C1563-1992-001 | Articles of Incorporation | 6 Pages/1 Copies |
| C1563-1992-003 | Articles of Merger | 2 Pages/1 Copies |
| C1563-1992-004 | Articles of Merger | 5 Pages/1 Copies |

Respectfully,

*Dean Heller*

DEAN HELLER
Secretary of State

By

Certification Clerk

Commercial Recording Division
202 N. Carson Street
Carson City, Nevada 89701-4069
Telephone (775) 684-5708
Fax (775) 684-7138

FILED
IN THE OFFICE OF THE
SECRETARY OF STATE OF THE
STATE OF NEVADA

FEB 2 0 1992

CHERYL A. LAU  SECRETARY OF STATE

1563-92

RECEIPT #C    36899
C T CORPORATION SYSTEM / RENO
C T CORPORATION SYSTEM - VI MILLER
ONE EAST FIRST STREET #1600
RENO, NEVADA 89501

## ARTICLES OF INCORPORATION

### OF

### WATSON LABORATORIES, INC.

**FIRST.**    The name of the corporation is WATSON LABORATORIES, INC.

**SECOND.**    The purposes of the corporation are to engage in any lawful act or activity for which a corporation may be organized under the Nevada General Corporation Law.

**THIRD.**    The name and address in this State of the corporation's initial agent for service of process is The Corporation Trust Company of Nevada, One East First Street, Reno, Nevada 89501.

**FOURTH.**    The corporation is authorized to issue a total of 1,000 shares of stock, all of which shall be classified as common stock, $.01 par value per share. The holders of the stock shall not be entitled to exercise cumulative voting or preemptive rights.

**FIFTH.**    The governing board of this corporation shall be known as directors, and the number of directors may from time to time be increased or decreased in such manner as shall be provided by the by-laws of this corporation.

The names and post office addresses of the first board of directors, which shall be three (3) in number, are as follows:

| NAME | ADDRESS |
| --- | --- |
| Allen Y. Chao | 132A Business Center Drive Corona, CA 91720 |
| David C. Hsia | 132A Business Center Drive Corona, CA 91720 |
| Alec D. Keith | 100 North Science Park Road State College, PA 16803 |

SIXTH.    The capital stock, after the amount of the subscription price or par value has been paid in, shall not be subject to assessment to pay the debts of the corporation.

SEVENTH.  The name and post office address of the incorporator signing the articles of incorporation are as follows:

| NAME | ADDRESS |
| --- | --- |
| Steven M. Prebish | 30 North LaSalle Street<br>Suite 2900<br>Chicago, Illinois 60602 |

EIGHTH.    The corporation is to have perpetual existence.

NINTH.    The corporation reserves the right to amend, alter, change or repeal any provision contained in the articles of incorporation, in the manner now or hereafter prescribed by statute, or by the articles of incorporation, and all rights conferred upon stockholders herein are granted subject to this reservation.

TENTH.    No director or officer of the corporation shall be personally liable to the corporation or its stockholders for monetary damages for breach of fiduciary duty as a director or officer, except for liability (a) for acts or omissions which involve intentional misconduct, fraud or a knowing violation of law; or (b) the payment of distributions in violation of Section 78.300 of the Nevada General Corporation Law.

Any repeal or modification of this Article by the stockholders of the corporation shall be prospective only, and shall not adversely affect any right or protection of a director or officer of the corporation existing at the time of such repeal or modification.

ELEVENTH 1.  To the extent not prohibited by law, the corporation shall indemnify any person who was or is a party or is threatened to be made a party to any

2

threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative, except an action by or in the right of the corporation, by reason of the fact that he is or was a director, officer, employee or agent of the corporation, or is or was serving at the request of the corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise, against expenses, including attorneys' fees, judgments, fines and amounts paid in settlement actually and reasonably incurred by him in connection with the action, suit or proceeding if he acted in good faith and in a manner which he reasonably believed to be in or not opposed to the best interests of the corporation, and, with respect to any criminal action or proceeding, has no reasonable cause to believe his conduct was unlawful. The termination of any action, suit or proceeding by judgment, order, settlement, conviction, or upon a plea nolo contendere or its equivalent, does not, of itself, create a presumption that the person did not act in good faith and in a manner which he reasonably believed to be in or not opposed to the best interests of the corporation, and that, with respect to any criminal action or proceeding, he had reasonable cause to believe that his conduct was unlawful.

2. To the extent not prohibited by law, the corporation shall indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action or suit by or in the right of the corporation to procure a judgment in its favor by reason of the fact that he is or was a director, officer, employee or agent of the corporation, or is or was serving at the request of the corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise against expenses, including amounts paid in settlement and attorneys' fees actually and reasonably incurred by him in connection with the defense or

3

settlement of the action or suit if he acted in good faith and in a manner which he reasonably believed to be in or not opposed to the best interests of the corporation. Indemnification may not be made for any claim issue or matter as to which such a person has been adjudged by a court of competent jurisdiction, after exhaustion of all appeals therefrom to be liable to the corporation or for amounts paid in settlement to the corporation, unless and only to the extent that the court in which the action or suit was brought or other court of competent jurisdiction determines upon application that in view of all the circumstances of the case, the person is fairly and reasonably entitled to indemnity for such expenses as the court deems proper, all subject to the restrictions set forth in Section 78.751 of the Nevada General Corporation Law.

3. To the extent that a director, officer, employee or agent of a corporation has been successful on the merits or otherwise in defense of any action, suit or proceeding referred to in subsections 1 and 2 of Article Eleventh, or in defense of any claim, issue or matter therein, he must be indemnified by the corporation against expenses, including attorneys' fees, actually and reasonably incurred by him in connection with the defense.

4. Any indemnification under subsections 1 and 2 of Article Eleventh, unless ordered by a court or advanced pursuant to subsection 5 of Article Eleventh, may be made by the corporation only as authorized in the specific case upon determination that indemnification of the director, officer, employee or agent is proper in the circumstances by (a) the stockholders of the corporation; (b) the board of directors by majority vote of a quorum consisting of directors who were not parties to the act, suit or proceeding; (c) independent legal counsel in a written opinion if a majority vote of a quorum consisting of directors who were not parties to the act, suit or proceeding so

4

orders; and (d) independent legal counsel in a written opinion if a quorum consisting of directors who were not parties to the act, suit or proceeding cannot be obtained.

5. The corporation shall, from time to time, reimburse or advance to any director or officer or other person entitled to indemnification hereunder the funds necessary for payment of expenses, including attorneys' fees and disbursements, incurred in connection with any proceeding, in advance of the final disposition of such proceeding; provided, however, that, if required by the Nevada General Corporation Law, such expenses incurred by or on behalf of any director or officer may be paid in advance of the final disposition of the action, suit or proceeding only upon receipt of an undertaking by or on behalf of the director or officer to repay the amount if it is ultimately determined by a court of competent jurisdiction that he is not entitled to be indemnified by the corporation. The provisions of this subsection do not affect any rights to advancement of expenses to which corporate personnel other than directors or officers may be entitled under any contract or otherwise by law.

6. The indemnification and advancement of expenses authorized in or ordered by a court pursuant to this Article Eleventh (a) does not exclude any other rights to which a person seeking indemnification or advancement of expenses may be entitled under these Articles of Incorporation, or any By-Laws, agreement, vote of stockholders or disinterested directors or otherwise, for either an action in his official capacity or an action in another capacity while holding his office, except that indemnification, unless ordered by a court pursuant to subsection 2 or for the advancement of expenses made pursuant to subsection 5, may not be made to or on behalf of any director or officer if a final adjudication establishes that his acts or omissions involved intentional misconduct, fraud or a knowing violation of the law and was material to the cause of action (b) continues as to a person who has ceased to be a director or officer

5

(or other person indemnified hereunder) and shall inure to the benefit of the heirs, executors and administrators of such person.

THE UNDERSIGNED, being the sole incorporator hereinbefore named, for the purpose of forming a corporation pursuant to the General Corporation Law of the State of Nevada, does make and file these articles of incorporation, hereby declaring and certifying that the facts herein stated are true, and accordingly have hereunto sets his hand this 17th day of February, 1992.

Steven M. Prebish

STATE OF ILLINOIS       )
                        ) SS
COUNTY OF COOK          )

On this 17th day of February, 1992, before me, a Notary Public, personally appeared Steven M. Prebish, who acknowledged that he executed the above instrument.

NOTARY PUBLIC

"OFFICIAL SEAL"
Suzette Sabanov
Notary Public, State of Illinois
Commission Expires 11/7/94

CERTIFICATE OF ACCEPTANCE OF APPOINTMENT

BY RESIDENT AGENT

The Corporation Trust Company of Nevada hereby accepts the appointment as Resident Agent of the above named corporation.

The Corporation Trust Company of Nevada

Resident Agent

By _____      Date  2-19-92
   (Assistant Secretary)
   Reuben S. Barba

6

RECEIVED

FEB 20 1992

Secretary of State

**FILED**
IN THE OFFICE OF THE
SECRETARY OF STATE OF THE
STATE OF NEVADA

JUN 28 1995

*1563 -92*

DEAN HELLER SECRETARY OF STATE

No. _____

C *1626 w*
E *087497*

**ARTICLES OF MERGER**
**OF**
**ZETACHRON, INCORPORATED**
**INTO**
**WATSON LABORATORIES, INC.**

**FIRST:**    The name of the surviving corporation is **WATSON LABORATORIES, INC.** and the place of its incorporation is the State of Nevada. The name and place of incorporation of the corporation being merged into the surviving corporation is **ZETACHRON, INCORPORATED**, incorporated in the State of Pennsylvania.

**SECOND:**    An Agreement and Plan of Merger was adopted by the board of directors of each corporation that is a party of this merger.

**THIRD:**    The Agreement and Plan of Merger was entitled to be and was approved by the board of directors of **WATSON LABORATORIES, INC.**, without the approval of the stockholders thereof being required.

**FOURTH:**    The designation, number of outstanding shares, number of votes entitled to be cast and the total number of votes cast for and against the Agreement and Plan of Merger, by the stockholders of **ZETACHRON, INCORPORATED** is as follows:

| Designation | Outstanding Shares | Votes Entitled to be cast | Votes For | Votes Against |
|---|---|---|---|---|
| Common | 1,000 | 1,000 | 1,000 | None |

**FIFTH:**    The number of votes cast for the Agreement and Plan of Merger by the stockholders of **ZETACHRON, INCORPORATED** was sufficient for approval thereof by the stockholders of the corporation.

**SIXTH:**    The complete executed plan of merger is on file at the place of business of **WATSON LABORATORIES, INC.** located at 311 Bonnie Circle, Corona, CA 91720, and a copy of the plan will be furnished by **WATSON LABORATORIES, INC.**, on request and without cost to any stockholder of any corporation which is a party to this merger.

**SEVENTH:**    All corporations party to this merger have complied with laws of their respective jurisdiction of incorporation concerning this merger.

**EIGHTH:**    This merger shall be effective on June 30, 1995.

**WATSON LABORATORIES, INC.**

By: _____
    Allen Chao, President

By: _____
    Michel J. Feldman,
    Assistant Secretary

State of CALIFORNIA )
                    ) ss.
County of Riverside )

On June 21, 1995, personally appeared before me, a Notary Public   MICHEL J. FELDMAN an ALLEN CHAO who acknowledged that they executed the above instrument.

Wendy K. Wright
Comm. #1029698
NOTARY PUBLIC  CALIFORNIA
RIVERSIDE COUNTY
Comm. Expires June 12, 1998

_____
Notary Public

JUN 28 1995

2

*INV.*
*(\$ 125.-)*

**FILED**
IN THE OFFICE OF THE
SECRETARY OF STATE OF THE
**STATE OF NEVADA**

MAY 1 9 1999

No. *C15363-92*
*Dean Heller*
DEAN HELLER, SECRETARY OF STATE

ARTICLES OF MERGER

OF

**OCLASSEN PHARMACEUTICALS, INC.**

(a Delaware corporation)

**WITH AND INTO**

**WATSON LABORATORIES, INC.**

(a Nevada corporation)

This Agreement of Merger is entered into as of May 10, 1999 by and between Oclassen Pharmaceuticals, Inc., a Delaware corporation (the "Merging Corporation") and Watson Laboratories, Inc., a Nevada corporation (the "Surviving Corporation"). The Merging Corporation and the Surviving Corporation are hereinafter sometimes collectively referred to as the "Constituent Corporations."

## R E C I T A L S

A.     The Merging Corporation was incorporated on March 12, 1992. Its authorized capital stock consists of One Thousand (1,000) shares of common stock, $0.01 par value per share, of which 1,000 shares are issued and outstanding (the "Merging Corporation Stock"),

B.     The Surviving Corporation was incorporated on February 20, 1992. Its current authorized capital stock consists of One Thousand (1,000) shares of common stock, $10.00 par value per share, of which 1,000 shares are issued and outstanding (the "Surviving Corporation Stock")

C.     The respective Boards of Directors of Surviving Corporation and Merging Corporation deem it advisable and to the advantage of each of the Constituent Corporations that Merging Corporation merge with and into Surviving Corporation upon the terms and subject to the conditions set forth in this Agreement of Merger.

D.     The sole director of each of the Constituent Corporations and the sole shareholder of each Constituent Corporation have approved this Agreement of Merger.

E.     All capitalized terms not defined herein shall have the meanings ascribed to them in the Plan.

NOW, **THEREFORE**, the parties do hereby adopt this Agreement of Merger and do hereby agree that Merging Corporation shall merge with and into Surviving Corporation on the following terms, conditions and other provisions:

354327-1

# ARTICLE I

## THE MERGER

1.     _The Merger_.  Upon the terms and subject to the conditions of this Agreement of Merger, at the Effective Time (as herein defined), Merging Corporation shall be merged with and into Surviving Corporation in accordance with the laws of the States of Delaware and Nevada and the terms of this Agreement (the "Merger"), whereupon the separate corporate existence of Merging Corporation shall cease and Surviving Corporation shall be the surviving corporation of the Merger.

2.     _Effective Time_.  Merging Corporation and Surviving Corporation shall cause this Agreement of Merger together with officers' certificates attached to be properly executed and filed in accordance with the laws of the States of Delaware and Nevada and the terms of this Agreement.  Merging Corporation and Surviving Corporation shall also take such further actions as may be required under the laws of the States of Delaware and Nevada in connection with the consummation of the Merger.  The Merger shall become effective on May 12, 1999 at 12:01 A.M. Pacific Time (the "Effective Time").

3.     Articles of Incorporation and By-Laws.

(a)     The Articles of Incorporation of the Surviving Corporation at the Effective Time of the Merger shall continue to be the Articles of Incorporation of the Surviving Corporation until changed as provided by law.

(b)     The By-Laws of the Surviving Corporation at the Effective Time of the Merger shall continue to be the By-Laws of the Surviving Corporation until altered or amended in accordance with the provisions thereof.

4.     Directors and Officers.  The directors and officers of the Surviving Corporation at the Effective Time of the Merger shall continue to be the directors and officers, respectively, of the Surviving Corporation until their successors are chosen.

5.     Terms of Merger.

(a)     From and after the effective time of the Merger, the Surviving Corporation shall possess all the rights, privileges, immunities, and franchises of a public, as well as of a private nature, of each of the Constituent Corporations; and all property, real, personal and mixed, and all debts due on whatever account, including subscriptions to shares and all other choses in action, and all and every other interest, of or belonging to or due to each of the Constituent Corporations, shall be taken and deemed to be transferred to and vested in the Surviving Corporation without further act or deed; and the title to any real estate, or any interest therein, vested in any of the Constituent Corporations shall not revert or be in any way impaired by reason of the Merger, provided, however, that the Surviving Corporation shall thenceforth be responsible and liable for all the liabilities and obligations of each of the Constituent Corporations, and any claim existing or action or preceding pending by or against either of the

354327-1

Constituent Corporations may be prosecuted to judgment as if the Merger had not taken place, or the Surviving Corporation may be substituted in its place, and neither the rights of creditors nor any liens upon the property of either of the Constituent Corporations shall be impaired by the Merger.

(b)    Upon the Merger becoming effective, all shares of the Merging Corporation outstanding immediately prior to the Merger shall be canceled and retired, and no new shares of the Surviving Corporation shall be issued. The outstanding shares of the Surviving Corporation shall remain outstanding.

(c)    The Surviving Corporation shall pay all expenses of carrying the Plan into effect and accomplishing the Merger provided for herein.

(d)    The proper officers and directors of the Constituent Corporations shall execute and deliver all such documents and take all such actions as may be necessary or advisable, or as may be requested by the Surviving Corporation from time to time, in order to vest fully all the property rights of the Constituent Corporations in the Surviving Corporation and otherwise carry out this Plan.

(e)    Anything herein or elsewhere to the contrary notwithstanding, the Plan and this Merger may be abandoned by the mutual consent of the Constituent Corporations, evidenced by appropriate resolutions of their respective Board of Directors, at any time prior to the effective date of the Merger.

## ARTICLE II - MISCELLANEOUS

1.    <u>Counterparts</u>.    This Agreement of Merger may be signed in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one agreement.

2.    <u>Amendments</u>.    This Agreement of Merger may be amended by the parties hereto at any time before or after approval of the Merger and the Plan of Merger by the Surviving Corporation Shareholders but, after any such approval, no amendment shall be made which by law requires further approval by such shareholders unless such shareholder consent is acquired. This Agreement of Merger may not be amended except by an instrument in writing signed on behalf of each of the parties hereto.

3,    <u>Governing Law</u>.    This agreement shall be governed by and construed under the internal laws of the State of Delaware as applied to agreements among Delaware residents entered into and to be performed entirely within Delaware, without reference to the principles of conflicts of law or choice of laws, except to the extent that the laws of the State of Nevada would apply in matters relating to the internal affairs of the Surviving Corporation and the Merger.

354327-1

**IN WITNESS WHEREOF,** this Merger Agreement is hereby executed on behalf of each of the Constituent Corporations by their respective officers thereunto duly authorized.

OCLASSEN PHARMACEUTICALS, INC.

By: _____
       Allen Chao

AND    Its:    Chairman

By: _____
       Robert C. Funsten

Its:    Secretary

WATSON LABORATORIES, INC.

By: _____
       Allen Chao

AND    Its:    President

By: _____
       Robert C. Funsten

Its:    Secretary

354327-1

STATE OF ILLINOIS )
                   )ss:
COUNTY OF COOK )

On May 14, 1999, personally appeared before me, a Notary Public in and for the State and County aforesaid, Allen Chao, President and Robert C. Funsten, Secretary of Watson Laboratories, Inc., personally known to me to be the persons whose names are subscribed to the above instrument in the said capacity, who acknowledged that they executed the said instrument.

_Sela L. Brown_
Notary Public

"OFFICIAL SEAL"
SELA L. BROWN
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 9/17/2001

356919-1

# Exhibit E

Exhibit Redacted in its Entirety

# Exhibit F

Exhibit Redacted in its Entirety

# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| CEPHALON, INC.,<br>and CIMA LABS, INC.,<br><br>_Plaintiffs,_<br><br>v.<br><br>WATSON PHARMACEUTICALS, INC., and<br>WATSON LABORATORIES, INC.,<br><br>_Defendants._ | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Civil Action No. 08-cv-00330- JJF<br><br>REDACTED |

## DECLARATION OF PATRICK G. BRUNNER

I, Patrick G. Brunner, declare as follows:

1.     I am Patrick G. Brunner, Senior Vice President, Manufacturing Operations at Watson Laboratories, Inc., a Nevada corporation ("Laboratories"). I am an adult and competent to testify to the following having personal knowledge or based on my review of company records.

2.     Laboratories is a Nevada corporation having its principal place of business at 311 Bonnie Circle, Corona, California 92880. (_See_ Exhibits A and B)

3.     Laboratories prepared and submitted Abbreviated New Drug Application ("ANDA") No        with the Food and Drug Administration. It is my understanding that it is this ANDA which is at issue in the present suit. (_See_ Exhibit C)

4.     The preparation of this ANDA took place at Laboratories's facilities in Corona, California. No part of the preparation or submission of the ANDA took place in Delaware.

REDACTED

5.

# REDACTED

6.

7.

8.

# REDACTED

9.     In this particular instance, ANDA         has not been approved.  As such, there have been no sales of any of the products under the ANDA to any entity, including to Watson Pharma.

10.     Laboratories does not maintain any facilities in Delaware.  All Laboratories facilities are located in California.

11.

12.

14.

17.    Laboratories is solvent and adequately capitalized.

18.    No Watson entity other than Laboratories has had involvement in the preparation

or submission of ANDA No.

19.    No Watson entity other than Laboratories has had, or would have any

involvement with respect to ANDA          including preparation of data contained in the

ANDA, the preparation of the ANDA, or the anticipated manufacture of products approved

under the ANDA.

21.    Laboratories and Pharmaceuticals are separate corporate and legal entities.  (*See*

Exhibits A, I)

22.    While Pharmaceuticals wholly owns Laboratories, Pharmaceuticals does not

control the day-to-day operational decisions of Laboratories.

- 3 -

23.

# REDACTED

24.     Laboratories and Pharmaceuticals each have their own separate by-laws and articles of incorporation. (*See* Exhibits A, B, I and J)

25.     Laboratories and Pharmaceuticals enter into and perform their own contracts.

26.

27.     Laboratories does have a wholly owned subsidiary, Watson Laboratories LLC, which was formed in Delaware as a Limited Liability Company.

28.     Watson Laboratories LLC did not have any involvement with the ANDA in suit, and its formation has nothing to do with anything relating to the present suit.

# REDACTED

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _07/15/08_

Patrick G. Brunner
**Declarant**

# Exhibit A

*DEAN HELLER*
Secretary of State

**STATE OF NEVADA**

*CHARLES E. MOORE*
Securities Administrator

*RENEE L. PARKER*
Chief Deputy
Secretary of State



*SCOTT W. ANDERSON*
Deputy Secretary
for Commercial Recordings

*PAMELA RUCKEL*
Deputy Secretary
for Southern Nevada

*ELLICK HSU*
Deputy Secretary
for Elections

**OFFICE OF THE**
**SECRETARY OF STATE**

## Certified Copy

March 15, 2006

**Job Number:**        C20060309-1078
**Reference Number:**  00000682867-17
**Expedite:**
**Through Date:**

The undersigned filing officer hereby certifies that the attached copies are true and exact copies of all requested statements and related subsequent documentation filed with the Secretary of State's Office, Commercial Recordings Division listed on the attached report.

| Document Number(s) | Description | Number of Pages |
|---|---|---|
| C1563-1992-001 | Articles of Incorporation | 6 Pages/1 Copies |
| C1563-1992-003 | Articles of Merger | 2 Pages/1 Copies |
| C1563-1992-004 | Articles of Merger | 5 Pages/1 Copies |

Respectfully,

*Dean Heller*

DEAN HELLER
Secretary of State

By

Certification Clerk

**Commercial Recording Division**
202 N. Carson Street
Carson City, Nevada 89701-4069
Telephone (775) 684-5708
Fax (775) 684-7138

FILED
IN THE OFFICE OF THE
SECRETARY OF STATE OF THE
STATE OF NEVADA

FEB 2 0 1992

CHERYL A. LAU  SECRETARY OF STATE

1563–92

RECEIPT #C   36899
C T CORPORATION SYSTEM / RENO
C T CORPORATION SYSTEM – VI MILLER
ONE EAST FIRST STREET #1600
RENO, NEVADA 89501

## ARTICLES OF INCORPORATION

### OF

### WATSON LABORATORIES, INC.

**FIRST.**    The name of the corporation is WATSON LABORATORIES, INC.

**SECOND.**    The purposes of the corporation are to engage in any lawful act or activity for which a corporation may be organized under the Nevada General Corporation Law.

**THIRD.**    The name and address in this State of the corporation's initial agent for service of process is The Corporation Trust Company of Nevada, One East First Street, Reno, Nevada 89501.

**FOURTH.**    The corporation is authorized to issue a total of 1,000 shares of stock, all of which shall be classified as common stock, $.01 par value per share.  The holders of the stock shall not be entitled to exercise cumulative voting or preemptive rights.

**FIFTH.**    The governing board of this corporation shall be known as directors, and the number of directors may from time to time be increased or decreased in such manner as shall be provided by the by-laws of this corporation.

The names and post office addresses of the first board of directors, which shall be three (3) in number, are as follows:

| NAME | ADDRESS |
|------|---------|
| Allen Y. Chao | 132A Business Center Drive<br>Corona, CA 91720 |
| David C. Hsia | 132A Business Center Drive<br>Corona, CA 91720 |
| Alec D. Keith | 100 North Science Park Road<br>State College, PA 16803 |

SIXTH.   The capital stock, after the amount of the subscription price or par value has been paid in, shall not be subject to assessment to pay the debts of the corporation.

SEVENTH.   The name and post office address of the incorporator signing the articles of incorporation are as follows:

| NAME | ADDRESS |
|---|---|
| Steven M. Prebish | 30 North LaSalle Street<br>Suite 2900<br>Chicago, Illinois 60602 |

EIGHTH.   The corporation is to have perpetual existence.

NINTH.   The corporation reserves the right to amend, alter, change or repeal any provision contained in the articles of incorporation, in the manner now or hereafter prescribed by statute, or by the articles of incorporation, and all rights conferred upon stockholders herein are granted subject to this reservation.

TENTH.   No director or officer of the corporation shall be personally liable to the corporation or its stockholders for monetary damages for breach of fiduciary duty as a director or officer, except for liability (a) for acts or omissions which involve intentional misconduct, fraud or a knowing violation of law; or (b) the payment of distributions in violation of Section 78.300 of the Nevada General Corporation Law.

Any repeal or modification of this Article by the stockholders of the corporation shall be prospective only, and shall not adversely affect any right or protection of a director or officer of the corporation existing at the time of such repeal or modification.

ELEVENTH 1.   To the extent not prohibited by law, the corporation shall indemnify any person who was or is a party or is threatened to be made a party to any

2

threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative, except an action by or in the right of the corporation, by reason of the fact that he is or was a director, officer, employee or agent of the corporation, or is or was serving at the request of the corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise, against expenses, including attorneys' fees, judgments, fines and amounts paid in settlement actually and reasonably incurred by him in connection with the action, suit or proceeding if he acted in good faith and in a manner which he reasonably believed to be in or not opposed to the best interests of the corporation, and, with respect to any criminal action or proceeding, has no reasonable cause to believe his conduct was unlawful. The termination of any action, suit or proceeding by judgment, order, settlement, conviction, or upon a plea nolo contendere or its equivalent, does not, of itself, create a presumption that the person did not act in good faith and in a manner which he reasonably believed to be in or not opposed to the best interests of the corporation, and that, with respect to any criminal action or proceeding, he had reasonable cause to believe that his conduct was unlawful.

2. To the extent not prohibited by law, the corporation shall indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action or suit by or in the right of the corporation to procure a judgment in its favor by reason of the fact that he is or was a director, officer, employee or agent of the corporation, or is or was serving at the request of the corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise against expenses, including amounts paid in settlement and attorneys' fees actually and reasonably incurred by him in connection with the defense or

3

settlement of the action or suit if he acted in good faith and in a manner which he reasonably believed to be in or not opposed to the best interests of the corporation. Indemnification may not be made for any claim issue or matter as to which such a person has been adjudged by a court of competent jurisdiction, after exhaustion of all appeals therefrom to be liable to the corporation or for amounts paid in settlement to the corporation, unless and only to the extent that the court in which the action or suit was brought or other court of competent jurisdiction determines upon application that in view of all the circumstances of the case, the person is fairly and reasonably entitled to indemnity for such expenses as the court deems proper, all subject to the restrictions set forth in Section 78.751 of the Nevada General Corporation Law.

3. To the extent that a director, officer, employee or agent of a corporation has been successful on the merits or otherwise in defense of any action, suit or proceeding referred to in subsections 1 and 2 of Article Eleventh, or in defense of any claim, issue or matter therein, he must be indemnified by the corporation against expenses, including attorneys' fees, actually and reasonably incurred by him in connection with the defense.

4. Any indemnification under subsections 1 and 2 of Article Eleventh, unless ordered by a court or advanced pursuant to subsection 5 of Article Eleventh, may be made by the corporation only as authorized in the specific case upon determination that indemnification of the director, officer, employee or agent is proper in the circumstances by (a) the stockholders of the corporation; (b) the board of directors by majority vote of a quorum consisting of directors who were not parties to the act, suit or proceeding; (c) independent legal counsel in a written opinion if a majority vote of a quorum consisting of directors who were not parties to the act, suit or proceeding so

4

orders; and (d) independent legal counsel in a written opinion if a quorum consisting of directors who were not parties to the act, suit or proceeding cannot be obtained.

5. The corporation shall, from time to time, reimburse or advance to any director or officer or other person entitled to indemnification hereunder the funds necessary for payment of expenses, including attorneys' fees and disbursements, incurred in connection with any proceeding, in advance of the final disposition of such proceeding; provided, however, that, if required by the Nevada General Corporation Law, such expenses incurred by or on behalf of any director or officer may be paid in advance of the final disposition of the action, suit or proceeding only upon receipt of an undertaking by or on behalf of the director or officer to repay the amount if it is ultimately determined by a court of competent jurisdiction that he is not entitled to be indemnified by the corporation. The provisions of this subsection do not affect any rights to advancement of expenses to which corporate personnel other than directors or officers may be entitled under any contract or otherwise by law.

6. The indemnification and advancement of expenses authorized in or ordered by a court pursuant to this Article Eleventh (a) does not exclude any other rights to which a person seeking indemnification or advancement of expenses may be entitled under these Articles of Incorporation, or any By-Laws, agreement, vote of stockholders or disinterested directors or otherwise, for either an action in his official capacity or an action in another capacity while holding his office, except that indemnification, unless ordered by a court pursuant to subsection 2 or for the advancement of expenses made pursuant to subsection 5, may not be made to or on behalf of any director or officer if a final adjudication establishes that his acts or omissions involved intentional misconduct, fraud or a knowing violation of the law and was material to the cause of action (b) continues as to a person who has ceased to be a director or officer

5

(or other person indemnified hereunder) and shall inure to the benefit of the heirs, executors and administrators of such person.

THE UNDERSIGNED, being the sole incorporator hereinbefore named, for the purpose of forming a corporation pursuant to the General Corporation Law of the State of Nevada, does make and file these articles of incorporation, hereby declaring and certifying that the facts herein stated are true, and accordingly have hereunto sets his hand this 17th day of February, 1992.

Steven M. Prebish

STATE OF ILLINOIS    )
                     ) SS
COUNTY OF COOK       )

On this 17th day of February, 1992, before me, a Notary Public, personally appeared Steven M. Prebish, who acknowledged that he executed the above instrument.

NOTARY PUBLIC

"OFFICIAL SEAL"
Suzette Baberov
Notary Public, State of Illinois
Commission Expires 11/7/94

CERTIFICATE OF ACCEPTANCE OF APPOINTMENT

BY RESIDENT AGENT

The Corporation Trust Company of Nevada hereby accepts the appointment as Resident Agent of the above named corporation.

The Corporation Trust Company of Nevada

Resident Agent

By _____    Date 2-19-92
   (Assistant Secretary)
   Reuben S. Barba

6

RECEIVED

FEB 20 1992

Secretary of State

**FILED**
IN THE OFFICE OF THE
SECRETARY OF STATE OF THE
STATE OF NEVADA

**JUN 28 1995**

*1563 –92*

DEAN HELLER SECRETARY OF STATE

No. _____

C 1626
E 087497

**ARTICLES OF MERGER
OF
ZETACHRON, INCORPORATED
INTO
WATSON LABORATORIES, INC.**

**FIRST:** The name of the surviving corporation is **WATSON LABORATORIES, INC.** and the place of its incorporation is the State of Nevada. The name and place of incorporation of the corporation being merged into the surviving corporation is **ZETACHRON, INCORPORATED**, incorporated in the State of Pennsylvania.

**SECOND:** An Agreement and Plan of Merger was adopted by the board of directors of each corporation that is a party of this merger.

**THIRD:** The Agreement and Plan of Merger was entitled to be and was approved by the board of directors of **WATSON LABORATORIES, INC.**, without the approval of the stockholders thereof being required.

**FOURTH:** The designation, number of outstanding shares, number of votes entitled to be cast and the total number of votes cast for and against the Agreement and Plan of Merger, by the stockholders of **ZETACHRON, INCORPORATED** is as follows:

| Designation | Outstanding Shares | Votes Entitled to be cast | Votes For | Votes Against |
|---|---|---|---|---|
| Common | 1,000 | 1,000 | 1,000 | None |

**FIFTH:** The number of votes cast for the Agreement and Plan of Merger by the stockholders of **ZETACHRON, INCORPORATED** was sufficient for approval thereof by the stockholders of the corporation.

**SIXTH:**    The complete executed plan of merger is on file at the place of business of **WATSON LABORATORIES, INC.** located at 311 Bonnie Circle, Corona, CA 91720, and a copy of the plan will be furnished by **WATSON LABORATORIES, INC.**, on request and without cost to any stockholder of any corporation which is a party to this merger.

**SEVENTH:**    All corporations party to this merger have complied with laws of their respective jurisdiction of incorporation concerning this merger.

**EIGHTH:**    This merger shall be effective on June 30, 1995.

**WATSON LABORATORIES, INC.**

By: _____
　　　Allen Chao, President

By: _____
　　　Michel J. Feldman,
　　　Assistant Secretary

State of CALIFORNIA )
　　　　　　　　　　　) ss.
County of Riverside )

On June 21, 1995, personally appeared before me, a Notary Public  MICHEL J. FELDMAN an ALLEN CHAO who acknowledged that they executed the above instrument.

Wendy K. Wright
Comm #1029698
NOTARY PUBLIC  CALIFORNIA
RIVERSIDE COUNTY
Comm Expires June 12, 1998

_____
Notary Public
Wendy K. Wright

JUN 28 1995

2

*INV.*
*($ 125.-)*

**FILED**
IN THE OFFICE OF THE
SECRETARY OF STATE OF THE
**STATE OF NEVADA**

MAY 1 9 1999

No. *C15363-92*

*Dean Heller*
**DEAN HELLER, SECRETARY OF STATE**

ARTICLES OF MERGER

OF

**OCLASSEN PHARMACEUTICALS, INC.**

(a Delaware corporation)

**WITH AND INTO**

**WATSON LABORATORIES, INC.**

(a Nevada corporation)

This Agreement of Merger is entered into as of May 10, 1999 by and between Oclassen Pharmaceuticals, Inc., a Delaware corporation (the "Merging Corporation") and Watson Laboratories, Inc., a Nevada corporation (the "Surviving Corporation"). The Merging Corporation and the Surviving Corporation are hereinafter sometimes collectively referred to as the "Constituent Corporations."

## RECITALS

A. The Merging Corporation was incorporated on March 12, 1992. Its authorized capital stock consists of One Thousand (1,000) shares of common stock, $0.01 par value per share, of which 1,000 shares are issued and outstanding (the "Merging Corporation Stock"),

B. The Surviving Corporation was incorporated on February 20, 1992. Its current authorized capital stock consists of One Thousand (1,000) shares of common stock, $10.00 par value per share, of which 1,000 shares are issued and outstanding (the "Surviving Corporation Stock")

C. The respective Boards of Directors of Surviving Corporation and Merging Corporation deem it advisable and to the advantage of each of the Constituent Corporations that Merging Corporation merge with and into Surviving Corporation upon the terms and subject to the conditions set forth in this Agreement of Merger.

D. The sole director of each of the Constituent Corporations and the sole shareholder of each Constituent Corporation have approved this Agreement of Merger.

E. All capitalized terms not defined herein shall have the meanings ascribed to them in the Plan.

**NOW, THEREFORE,** the parties do hereby adopt this Agreement of Merger and do hereby agree that Merging Corporation shall merge with and into Surviving Corporation on the following terms, conditions and other provisions:

354327-1

## ARTICLE I

### THE MERGER

1.    _The Merger_.  Upon the terms and subject to the conditions of this Agreement of Merger, at the Effective Time (as herein defined), Merging Corporation shall be merged with and into Surviving Corporation in accordance with the laws of the States of Delaware and Nevada and the terms of this Agreement (the "Merger"), whereupon the separate corporate existence of Merging Corporation shall cease and Surviving Corporation shall be the surviving corporation of the Merger.

2.    _Effective Time_.  Merging Corporation and Surviving Corporation shall cause this Agreement of Merger together with officers' certificates attached to be properly executed and filed in accordance with the laws of the States of Delaware and Nevada and the terms of this Agreement.  Merging Corporation and Surviving Corporation shall also take such further actions as may be required under the laws of the States of Delaware and Nevada in connection with the consummation of the Merger.  The Merger shall become effective on May 12, 1999 at 12:01 A.M. Pacific Time (the "Effective Time").

3.    _Articles of Incorporation and By-Laws_.

    (a)    The Articles of Incorporation of the Surviving Corporation at the Effective Time of the Merger shall continue to be the Articles of Incorporation of the Surviving Corporation until changed as provided by law.

    (b)    The By-Laws of the Surviving Corporation at the Effective Time of the Merger shall continue to be the By-Laws of the Surviving Corporation until altered or amended in accordance with the provisions thereof.

4.    _Directors and Officers_.  The directors and officers of the Surviving Corporation at the Effective Time of the Merger shall continue to be the directors and officers, respectively, of the Surviving Corporation until their successors are chosen.

5.    _Terms of Merger_.

    (a)    From and after the effective time of the Merger, the Surviving Corporation shall possess all the rights, privileges, immunities, and franchises of a public, as well as of a private nature, of each of the Constituent Corporations; and all property, real, personal and mixed, and all debts due on whatever account, including subscriptions to shares and all other choses in action, and all and every other interest, of or belonging to or due to each of the Constituent Corporations, shall be taken and deemed to be transferred to and vested in the Surviving Corporation without further act or deed; and the title to any real estate, or any interest therein, vested in any of the Constituent Corporations shall not revert or be in any way impaired by reason of the Merger, provided, however, that the Surviving Corporation shall thenceforth be responsible and liable for all the liabilities and obligations of each of the Constituent Corporations, and any claim existing or action or preceding pending by or against either of the

354327-1

Constituent Corporations may be prosecuted to judgment as if the Merger had not taken place, or the Surviving Corporation may be substituted in its place, and neither the rights of creditors nor any liens upon the property of either of the Constituent Corporations shall be impaired by the Merger.

(b)     Upon the Merger becoming effective, all shares of the Merging Corporation outstanding immediately prior to the Merger shall be canceled and retired, and no new shares of the Surviving Corporation shall be issued. The outstanding shares of the Surviving Corporation shall remain outstanding.

(c)     The Surviving Corporation shall pay all expenses of carrying the Plan into effect and accomplishing the Merger provided for herein.

(d)     The proper officers and directors of the Constituent Corporations shall execute and deliver all such documents and take all such actions as may be necessary or advisable, or as may be requested by the Surviving Corporation from time to time, in order to vest fully all the property rights of the Constituent Corporations in the Surviving Corporation and otherwise carry out this Plan.

(e)     Anything herein or elsewhere to the contrary notwithstanding, the Plan and this Merger may be abandoned by the mutual consent of the Constituent Corporations, evidenced by appropriate resolutions of their respective Board of Directors, at any time prior to the effective date of the Merger.

## ARTICLE II - MISCELLANEOUS

1.     _Counterparts._   This Agreement of Merger may be signed in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one agreement.

2.     _Amendments._  This Agreement of Merger may be amended by the parties hereto at any time before or after approval of the Merger and the Plan of Merger by the Surviving Corporation Shareholders but, after any such approval, no amendment shall be made which by law requires further approval by such shareholders unless such shareholder consent is acquired. This Agreement of Merger may not be amended except by an instrument in writing signed on behalf of each of the parties hereto.

3,     _Governing Law._  This agreement shall be governed by and construed under the internal laws of the State of Delaware as applied to agreements among Delaware residents entered into and to be performed entirely within Delaware, without reference to the principles of conflicts of law or choice of laws, except to the extent that the laws of the State of Nevada would apply in matters relating to the internal affairs of the Surviving Corporation and the Merger.

354327-1

**IN WITNESS WHEREOF**, this Merger Agreement is hereby executed on behalf of each of the Constituent Corporations by their respective officers thereunto duly authorized.

OCLASSEN PHARMACEUTICALS, INC.

By: _____
Allen Chao

AND                    Its:    Chairman

By: _____
Robert C. Funsten

Its:    Secretary


WATSON LABORATORIES, INC.

By: _____
Allen Chao

AND                    Its:    President

By: _____
Robert C. Funsten

Its:    Secretary


354327-1

STATE OF ILLINOIS )
                  )ss:
COUNTY OF COOK )

On May 14, 1999, personally appeared before me, a Notary Public in and for the State and County aforesaid, Allen Chao, President and Robert C. Funsten, Secretary of Watson Laboratories, Inc., personally known to me to be the persons whose names are subscribed to the above instrument in the said capacity, who acknowledged that they executed the said instrument.

_Sela L. Brown_
Notary Public

"OFFICIAL SEAL"
SELA L. BROWN
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 9/17/2001

356919-1

# Exhibit B

Exhibit Redacted in its Entirety

# Exhibit C

Exhibit Redacted in its Entirety

# Exhibit D

Exhibit Redacted in its Entirety

# Exhibit E



# State of California

OFFICE OF THE SECRETARY OF STATE



CORPORATION NUMBER

## CERTIFICATE OF QUALIFICATION   1817690

*I*, MARCH FONG EU, *Secretary of State of the State of California, hereby certify:*

*That on the* ____20th____ *day of* ____March____, 19 92,

_____WATSON LABORATORIES, INC._____

*a corporation organized and existing under the laws of*_____

_____Nevada_____, *complied with the requirements of California law in effect on that date for the purpose of qualifying to transact intrastate business in the State of California and that as of said date said corporation became and now is fully qualified and authorized to transact intrastate business in the State of California, subject, however, to any licensing requirements otherwise imposed by the laws of this State.*

In Witness Whereof, I execute this certificate and affix the Great Seal of the State of California this 23rd day of March 1992

*March Fong Eu*

Secretary of State



# State of California

**1817690**

OFFICE OF THE SECRETARY OF STATE

## CORPORATION DIVISION

I, *MARCH FONG EU*, Secretary of State of the State of California, hereby certify:

That the annexed transcript has been compared with the corporate record on file in this office, of which it purports to be a copy, and that same is full, true and correct.

*IN WITNESS WHEREOF,* I execute this certificate and affix the Great Seal of the State of California this

MAR 2 3 1992



*March Fong Eu*

*Secretary of State*

**1817690**

STATEMENT AND DESIGNATION
BY
FOREIGN CORPORATION

ENDORSED
FILED
In the office of the Secretary of State
of the State of California

MAR 20 1992

MARCH FONG EU, Secretary of State

WATSON LABORATORIES, INC.

_____
(Name of Corporation)

a corporation organized and existing under the laws of   Nevada
                                                    (Place or State of Incorporation)
makes the following statements and designation:

   1.  The address of its principal executive office is   132-A Business Center Drive,

Corona, CA 91720
            (Insert complete address of principal executive office wherever
                  located - Do not use Post Office Box)

   2.  The address of its principal office in the State of California is

132-A Business Center Drive, Corona, CA 91720
            (Insert complete address of principal office in California - Do
                  not use Post Office Box)

DESIGNATION  OF  AGENT  FOR  SERVICE  OF  PROCESS  WITHIN  THE  STATE  OF  CALIFORNIA

   3.  (Use this paragraph if the process agent is a natural person.)

   Allen Y. Chao
a natural person residing in the State of California, whose complete address is

   132-A Business Center Drive, Corona, California 91720

_____
                    (Do not use Post Office Box)

is designated as its agent upon whom process directed to the corporation may be
served  within the State of California in the manner provided by law.

NOTE:  Either the business address or the residence address must be given.  Indicate
       which by check mark in proper box.


                    (FORM TO BE COMPLETED ON REVERSE SIDE)

4. (Use this paragraph if the process agent is a corporation. See instructions.)

_____, a corporation organized 
and existing under the laws of _____ is designated as
agent upon whom process directed to the undersigned corporation may be served within
the State of California, in the manner provided by law.

NOTE: Before it may be designated by any foreign corporation as its agent for
service of process, a corporate agent must comply with Section 1505,
California Corporations Code. (See instruction 2.)

5. The undersigned corporation hereby irrevocably consents to service of process
directed to it upon the agent designated above, and to service of process on the
Secretary of State of the State of California if the agent so designated or the
agent's successor is no longer authorized to act or cannot be found at the address
given.

<div style="margin-left:40%;">

WATSON LABORATORIES, INC.
(Name of Corporation)

_Allen y chao_
(Signature of corporate officer)

Allen Y. Chao, President
(Typed name and title of officer signing)

</div>

INSTRUCTIONS:

1. There must be annexed to this statement, a certificate by an authorized public official of the state or
place of incorporation of the corporation, to the effect that the corporation making the statement is
an existing corporation in good standing in that state or place. IF A NONPROFIT CORPORATION IS TO BE
QUALIFIED, the certificate must also indicate that the corporation is a nonstock, nonprofit
corporation.

2. No domestic corporation may be designated as agent for service of process unless it has filed with the
Secretary of State the certificate provided for by Section 1505, Corporations Code, and no foreign
corporation may be designated unless it has qualified for the transaction of intrastate business in
California and has filed with the Secretary of State of the State of California the certificate
provided for by Section 1505, California Corporations Code. A domestic or foreign corporation must be
currently authorized to engage in business in this State and be in good standing status on the records
of the Secretary of State of the State of California, in order to file a certificate pursuant to this
section.

NOTE: A CORPORATION CANNOT ACT FOR ITSELF AS AGENT FOR SERVICE OF PROCESS.

3. If a corporation is required to qualify under a D.B.A. (name other than the true corporate name)
pursuant to Section 2106(b), Corporations Code, then in the first line of this statement set out the
correct corporate name, followed by "which will do business in California as _____,"
setting forth the D.B.A. in the space indicated. The D.B.A. should not be set out in connection with
the corporate name anywhere else in the statement.

4. If the corporation changes its name or if there are any changes in the information contained in this
statement, then the corporation must file an Amended Statement and Designation. A form may be obtained

Exhibit F

File Number _____ 5676. 708 8

92236363



922236361

**Whereas,** APPLICATION FOR CERTIFICATE OF AUTHORITY TO TRANSACT
BUSINESS IN THIS STATE OF

WATSON LABORATORIES, INC.

INCORPORATED UNDER THE LAWS OF THE STATE OF NEVADA         HAS BEEN
FILED IN THE OFFICE OF THE SECRETARY OF STATE AS PROVIDED BY THE
BUSINESS CORPORATION ACT OF ILLINOIS, IN FORCE JULY 1, A.D. 1984.

*Now Therefore, I, George H. Ryan, Secretary of State of the
State of Illinois, by virtue of the powers vested in me by law, do
hereby issue this certificate and attach hereto a copy of the
Application of the aforesaid corporation.*

**In Testimony Whereof,** *I hereto set my hand and cause to
be affixed the Great Seal of the State of Illinois,
at the City of Springfield, this* ____26th____
*day of* ___MARCH___ *A.D. 19*_92_ *and
of the Independence of the United States
the two hundred and* _____16th_____ .



*George H. Ryan*
SECRETARY OF STATE

C-212

BOX 389(M37)

Form **BCA-13.15**

(Rev. Jan. 1991)

**APPLICATION FOR CERTIFICATE
OF AUTHORITY TO
TRANSACT BUSINESS IN ILLINOIS**

*SUBMIT IN DUPLICATE*

George H. Ryan
Secretary of State
Department of Business Services
Springfield, IL 62756
Telephone (217) 782-6961

Payment must be made by certified check, cashier's check, Illinois attorney's check, Illinois C.P.A.'s check or money order, payable to "Secretary of State."

**FILED**

MAR 26 1992

**GEORGE H. RYAN
SECRETARY OF STATE**

| This space for use by Secretary of State | |
|---|---|
| Date 3-26-92 | |
| License Fee | $ |
| Franchise Tax | $ 25 00 |
| Filing Fee | $ 75 00 |
| Penalties | $ |
| Approved | $ 100. |

1.  (a)  CORPORATE NAME: WATSON LABORATORIES, INC.

    *(Complete item 1 (b) only if the corporate name is not available in this state.)*

    (b)  ASSUMED CORPORATE NAME: _____

    (By electing this assumed name, the corporation hereby agrees NOT to use its corporate name in the transaction of business in Illinois. Form BCA 4.15 is attached.)

2.  (a)  State or Country of Incorporation: Nevada

    (b)  Date of Incorporation: 2/20/92

    (c)  Period of Duration: Perpetual

3.  (a)  Address of the principal office, wherever located:

    132-A Business Center Drive

    Corona, California 91720

    (b)  Address of principal office in Illinois:

    890 Shoreline Road

    Barrington, IL  60010

4.  Name and address of the registered agent and registered office in Illinois.

    Registered Agent   Michel             J.             Feldman
                       *First Name*    *Middle Name*    *Last Name*

    Registered Office   30 North LaSalle Street, Suite 2900
                        *Number*        *Street*              *Suite #*

                        Chicago              60602              Cook
                        *City*            *Zip Code*          *County*

5.  States and countries in which it is admitted or qualified to transact business:   CA

6.  Names and residential addresses of officers and directors:

| | Name | No. & Street | City | State | Zip |
|---|---|---|---|---|---|
| President | Allen Y. Chao | 15192 Lille Circle, Irvine, CA  92714 | | | |
| Secretary | Agnes Y. Kung | 2354 S. Crenshaw Blvd., Bld. 102, Torrance, CA  90505 | | | |
| Director | Allen Y. Chao | 15192 Lille Circle | Irvine, CA 92714 | | |
| Director | David C. Hsia | 21 Foxhill, Irvine, CA  92714 | | | |
| Director | Alec D. Keith | 539 Beaumont Dr., Boalsburg, PA  16801 | | | |

If more than 3, attach list

7. Purpose or purposes proposed to be pursued in transacting business in this state:

(If not sufficient space to cover this point, add one or more sheets of this size.)

To engage in any lawful act or activity for which a corporation may be organized under the Nevada General Corporation Law and as * under the Illinois Business Corporation Act of 1983, as amended.

*permitted

8. Authorized and issued shares:

| Class | Series | Par Value | Number of Shares Authorized | Number of Shares Issued |
|-------|--------|-----------|------------------------------|--------------------------|
| Common | None | $.01 | 1,000 | 1,000 |

9. Paid-in Capital: $ 1,000.00

("Paid-in Capital" replaces the terms Stated Capital & Paid-in Surplus and is equal to the total of these accounts.)

10. (a) Give an estimate of the total value of all the property* of the corporation for the following year:    $ 14 million

(b) Give an estimate of the total value of all the property* of the corporation for the following year that will be located in Illinois:    $ 1,000.00

(c) State the estimated total business of the corporation to be transacted by it everywhere for the following year:    $ 26 million

(d) State the estimated annual business of the corporation to be transacted by it at or from places of business in the State of Illinois:    $ -0-

11. Interrogatories:

(a) Office or offices to which all contracts with the corporation are forwarded for final acceptance: 132-A Business Center Drive Corona, CA 91720

(b) Number of shares of all classes owned by residents of Illinois:    0

(c) Number of shares of all classes owned by non-residents of Illinois:    1,000

(d) Is the corporation transacting business in this state at this time?    no

(e) If the answer to item 11(d) is yes, state the exact date on which it commenced to transact business in Illinois:

12. This application is accompanied by a copy of the articles of incorporation, as amended, duly authenticated, within the last ninety (90) days, by the proper officer of the state or country wherein the corporation is incorporated.

13. The undersigned corporation has caused this statement to be signed by its duly authorized officers, each of whom affirms, under penalties of perjury, that the facts stated herein are true.

Dated  March  , 19 92    WATSON LABORATORIES, INC.

(Exact Name of Corporation)

attested by _____ by _____

(Signature of Secretary or Assistant Secretary)    (Signature of President or Vice President)

Michel J. Feldman, Asst.    Allen Y. Chao, President

(Type or Print Name and Title) Secretary    (Type or Print Name and Title)

* PROPERTY as used in this application shall apply to all property of the corporation, real, personal, tangible, intangible, or mixed without qualifications.

** When the response to #11(a) lists ONLY an Illinois address, then the total business as reflected in #10(c) is also considered to be Illinois business for the purpose of computing the Illinois allocation factor. By signing this application, the corporation affirms that it is aware that the amount of paid-in capital, and consequently the amount of license fees and franchise taxes, may be proportionately higher due to the Illinois address shown under #11(a).

C-171.4

# Exhibit G

Exhibit Redacted in its Entirety

# Exhibit H

Exhibit Redacted in its Entirety

# Exhibit I

STATE OF NEVADA



**ROSS MILLER**
Secretary of State

**SCOTT W. ANDERSON**
Deputy Secretary
for Commercial Recordings

OFFICE OF THE
SECRETARY OF STATE

### Certified Copy

October 16, 2007

**Job Number:**     C20071016-0249
**Reference Number:**     00001562969-18
**Expedite:**
**Through Date:**

The undersigned filing officer hereby certifies that the attached copies are true and exact copies of all requested statements and related subsequent documentation filed with the Secretary of State's Office, Commercial Recordings Division listed on the attached report.

| Document Number(s) | Description | Number of Pages |
|---|---|---|
| C38-1985-001 | Articles of Incorporation | 5 Pages/1 Copies |
| C38-1985-003 | Amendment | 3 Pages/1 Copies |
| C38-1985-004 | Amendment | 4 Pages/1 Copies |
| C38-1985-005 | Amendment | 2 Pages/1 Copies |
| C38-1985-006 | Amendment | 5 Pages/1 Copies |
| C38-1985-007 | Amendment | 3 Pages/1 Copies |
| C38-1985-007 | Amendment | 3 Pages/1 Copies |
| C38-1985-008 | Amendment | 3 Pages/1 Copies |

Respectfully,

ROSS MILLER
Secretary of State

By

Certification Clerk

Commercial Recording Division
202 N. Carson Street
Carson City, Nevada 89701-4069
Telephone (775) 684-5708
Fax (775) 684-7138

FILING FEE: $150.00
BY:   CT CORPORATION SYSTEM
      SUITE 1600
      ONE EAST FIRST STREET
      RENO, NEVADA 89501

**FILED**
IN THE OFFICE OF THE
SECRETARY OF STATE OF THE
STATE OF NEVADA

JAN 2 1985

38-85

ARTICLES OF INCORPORATION

of

WATSON LABORATORIES, INC.

ARTICLE I

The name of the corporation is Watson Laboratories, Inc.

ARTICLE II

The principal office of the corporation shall be located at One East First Street, Reno, Nevada 89501.

ARTICLE III

The purpose of the corporation is to engage in any lawful act or activity for which a corporation may be organized under the Nevada General Corporation Law.

## ARTICLE IV

The name and address in this State of the corporation's initial agent for service of process is The Corporation Trust Company of Nevada, One East First Street, Reno, Nevada 89501.

## ARTICLE V

The corporation is authorized to issue only one class of shares of stock, par value $0.01 per share, which shall be Common Stock; and the total number of shares which the corporation is authorized to issue is Ten Million (10,000,000). The holders of the Common Stock shall not be entitled to exercise preemptive rights.

## ARTICLE VI

The members of the governing board shall be called directors of the corporation. The number of initial directors shall be six (6). The number of directors shall be established in and shall be subject to change by amendment of the Bylaws of the corporation. The names and addresses of the initial board members are as follows:

Hsi Hsiung Chao:    65 Misty Acres Road
                    Rolling Hills Estates, California   90274

Allen Y. Chao:      1585 North Milwaukee Avenue
                    Unit 2
                    Libertyville, Illinois   60048

Richard Y. Chao.    5 Ninos
                    Irvine, California   92714

Agnes Y. Kung:      65 Misty Acres Road
                    Rolling Hills Estates, California   90274

David C. Hsia:      1585 North Milwaukee Avenue
                    Unit 2
                    Libertyville, Illinois   60048

Michael J. Feldman: 8300 Sears Tower
                    233 South Wacker Drive
                    Chicago, Illinois   60606

## ARTICLE VII

Capital stock, after the amount of the subscription price has been paid in to the corporation is not subject to assessment to pay debts of the corporation.

## ARTICLE VIII

The name and address of the incorporator is as follows:

V. Miller, P. O. Box 2311, Reno, Nevada 89501

-3-

## ARTICLE IX

The corporation shall have perpetual existence.

## ARTICLE X

The shareholders of the corporation shall individually have such authority as are granted shareholders of corporations by the General Corporation Law of Nevada, including the authority to cast votes for the election or removal of Directors of the Corporation.

Dated:    January 2   ,1985

V. MILLER, Incorporator

-4-

STATE OF NEVADA    )
                   ) ss:
COUNTY OF WASHOE   )

On _____ January 2, 1985 _____, personally

appeared before me, a Notary Public, _____

_____ V. Miller _____

who acknowledged that they executed the above

instrument.

_____
        Notary Public
          (stamp)

KATHLEEN F ANDREWS
Notary Public - State of Nevada
Appointment Recorded in Washoe County
MY APPOINTMENT EXPIRES JUNE 6, 1988

**FILED**
IN THE OFFICE OF THE
SECRETARY OF STATE OF THE
STATE OF NEVADA

SEP 11 1985

~~~~ ~~~~~~~~~ SECRETARY OF STATE

No. 38-85

FILING FEE: 50.00
BY: MEMEL,JACOBS,PIERNO AND
GERSH
4000 MAC ARTHUR BLVD., STE.
350
NEWPORT BEACH, CA 92660

CERTIFICATE OF OWNERSHIP MERGING
WATLAB, INC.,
a California corporation
into
WATSON LABORATORIES, INC.,
a Nevada corporation

Allen Y. Chao, President, and Agnes Y. Kung, Secretary of Watson Laboratories, Inc., a Nevada corporation, certify that:

1. Watson Laboratories, Inc., owns all the outstanding stock of WATLAB, INC., a corporation duly incorporated on August 29, 1983 under the laws of the State of California.

2. The following resolutions were adopted by a majority of the Board of Directors of Watson Laboratories, Inc.:

WHEREAS, this corporation owns one hundred percent (100%) of the outstanding shares of WATLAB, INC., a California corporation; and

WHEREAS, this corporation deems it to be in its best interest to effect a merger of WATLAB, INC. into this corpo-ration;

NOW, THEREFORE, BE IT RESOLVED, that WATLAB, INC. be merged into this corporation pursuant to Section 78.486 of the Nevada Corporations Law and Section 1110 of the California Corporations Code; and

RESOLVED FURTHER, that the officers of this corpora-tion are hereby directed to do all acts and to execute, verify, and file all documents necessary to effectuate the merger into this corporation pursuant to Section 78.486 of the Nevada Cor-porations Law and Section 1110 of the California Corporations Code of WATLAB, INC.; and

RESOLVED FURTHER, that this corporation hereby assumes all of the liabilities of WATLAB, INC.

3. Said resolutions were adopted by unanimous written consent of the Board of Directors of Watson Laboratories, Inc. on July 26 , 1985.

WATSON LABORATORIES, INC.,
a Nevada corporation

Dated: 7/18/85

By: _____
Allen Y. Chao, President

Dated: 7/27/85

By: _____
Agnes Y. Kung, Secretary

## VERIFICATION

I, Allen Y. Chao, verify that:

I am the President of Watson Laboratories, Inc., a Nevada corporation.

I have read the foregoing Certificate of Ownership and know the contents thereof, and acknowledge that, to my own knowledge, such contents are true.

Executed on _Aug 14_, 1985, at _Orange_, _____ County, _California_.

I declare under penalty of perjury that the foregoing is true and correct.

_Allen y Chao_
ALLEN Y. CHAO

STATE OF _of California_ )
                                    ) SS.
COUNTY OF _Orange_ )

On _August 15, 1985_, before me, the undersigned, a Notary Public in and for said State, personally appeared ALLEN Y. CHAO, personally known to me, or proved to me on the basis of satisfactory evidence, to be the person who executed the within instrument as the President of WATSON LABORATORIES, INC., the corporation that executed the within instrument and acknowledged to me that such corporation executed the within instrument pursuant to its bylaws or a resolution of its board of directors.

WITNESS my hand and offiꞏial seal.

Signature: _Caryn J. Holcomb_

(Official Seal)



## VERIFICATION

I, Agnes Y. Kung, verify that:

I am the Secretary of Watson Laboratories, Inc., a Nevada corporation.

I have read the foregoing Certificate of Ownership and know the contents thereof, and acknowledge that, to my own knowledge, such contents are true.

Executed on _July 31_ , 1985, at _Los Angeles City & Co._ _Calif_ County, _Los Angeles._

I declare under penalty of perjury that the foregoing is true and correct.

_AGNES Y. KUNG_

AGNES Y. KUNG

STATE OF CALIFORNIA
COUNTY OF _Los Angeles_ } ss.

On _July 31, 1985_ , before me, the undersigned, a Notary Public in and for said State, personally appeared _"AGNES Y. KUNG"_

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same.

WITNESS my hand and official seal.

Signature _Arline R. Shearer_

SF 4234 (REV A 7/82) (CA) (INDIVIDUAL)

OFFICIAL SEAL
ARLINE R. SHEARER
NOTARY PUBLIC-CALIFORNIA
PRINCIPAL OFFICE IN
LOS ANGELES COUNTY
My Commission Expires Apr. 6, 1987

(This area for official notarial seal)

**FILED**
IN THE OFFICE OF THE
SECRETARY OF STATE OF THE
**STATE OF NEVADA**

SEP 2 8 1987

FRANCES BAS DEL PAPA  SECRETARY OF STATE

No.    38-85

FILING FEE:    $50.00
BY:    UNITED STATES CORP. CO.
ROOM E
502 EAST JOHN STREET
CARSON CITY, NEVADA 89701

Certificate of Amendment of
Articles of Incorporation
of
WATSON LABORATORIES, INC.

Pursuant to the provisions of Nevada Revised Statutes, Title 7, Chapter 78, the undersigned officers do hereby certify:

FIRST:  The name of the Corporation is Watson Laboratories, Inc.

SECOND:  The Board of Directors of the Corporation duly adopted the following resolutions on May 22, 1987:

WHEREAS, it is deemed in the best interests of the Corporation to amend the Articles of Incorporation to add a new Article XI thereto to remove directors' exposure for liability to the Corporation or to its stockholders for certain breaches of the directors' fiduciary duty and to add a new Article XII relating to the indemnification of directors, officers, employees and agents of the Corporation;

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Board of Directors it is deemed in the best of interests of the Corporation to add Articles XI and XII to the Articles of Incorporation which shall read in full as follows:

ARTICLE XI

No director or officer of the Corporation shall be personally liable to the Corporation or its stockholders for monetary damages for breach of fiduciary duty as a director or officer except for liability (i) for acts or omissions which involve intentional misconduct, fraud or a knowing violation of NRS 78.300.  Any repeal or modification of this Article by the stockholders of the Corporation shall be prospective only, and shall not adversely affect any right or protection of a director or officer of the Corporation existing at the time of such repeal or modification.

ARTICLE XII

Section 1.  The corporation shall indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative, by reason of the fact that he is or was a director of the corporation, or is

or was serving at the request of the corporation as a director of another corporation, partnership, joint venture, trust or other enterprise, against any and all expenses (including attorneys' fees), judgments, fines, amounts paid in settlement, and any other liabilities to the fullest extent permitted by the General Corporation Law of the State of Nevada ("Nevada Act"), as the same exists or may hereafter be amended, and may, at the discretion of the board of directors, purchase and maintain insurance at its expense, to protect itself and such persons against any such expense, fine, amount paid in settlement or other liability, whether or not the corporation would have the power to so indemnify such person under the Nevada Act.

Section 2. The corporation may indemnify any and all persons, except those persons described in Section 1 of this ARTICLE XII, whom it has the power to indemnify under the Nevada Act, as the same exists or may hereafter be amended, against any and all expenses (including attorneys' fees), judgments, fines, amounts paid in settlement, and any other liabilities to the fullest extent permitted by the Nevada Act and may, at the discretion of the board of directors, purchase and maintain insurance, at its expense, to protect itself and such persons against any such expense, fine, amount paid in settlement or other liability, whether or not the corporation would have the power to so indemnify such person under the Nevada Act.

FURTHER RESOLVED, that the aforesaid proposed amendments be submitted to the shareholders of the Corporation for their approval at the annual meeting of shareholders.

THIRD: The total number of outstanding shares having voting power of the Corporation is 2,786,951, and the total number of votes entitled to be cast by the holders of all of said outstanding shares is 2,786,951.

FOURTH: At a meeting of stockholders held on June 1, 1987, notice of which was duly given, the amendments herein certified were adopted by the holders of 2,529,451 shares, which represent 2,529,451 votes, and which constitute at least a majority of all of the voting power of the holders of shares having voting power.

Signed on 13th day of July, 1987.

WATSON LABORATORIES, INC.

By: _____
                    President

_____
                    Secretary

(227;A3)

STATE OF ~~CALIFORNIA~~ )   Illinois
                          )       SS. :
COUNTY OF __Cook__        )

      On ~~July~~ Sept. 16, 1987, personally appeared before me, a
Notary Public, for the State and County aforesaid, Allen Y. Chao,
as President of Watson Laboratories, Inc. and ~~Agnes V. Kung~~,
~~Secretary of Watson Laboratories, Inc.~~, who acknowledged that
they executed the above instrument.

"OFFICIAL SEAL"
MICHEL J. FELDMAN
Notary Public, State of Illinois
My Commission Expires Oct. 25, 1990

Notary Public

[Notarial Seal]

(227:A3)

STATE OF ~~CALIFORNIA~~ Illinois )
                                  )        SS.:
COUNTY OF Cook )

On ~~July~~ Sep. 16 ____, 1987, personally appeared before me, a
Notary Public, for the State and County aforesaid, Allen Y. Chao,
as President of Watson Laboratories, Inc. and ~~Agnes Y. Kung,
Secretary of Watson Laboratories, Inc.~~, who ~~acknowledged that~~
they executed the above  nstrument.

"OFFICIAL SEAL"
MICHEL J. FELDMAN
Notary Public State of Illinois
My Commission Expires Nov 25, 1990

Notary ~~Public~~

STATE OF CALIFORNIA
COUNTY OF Los Angeles
On September 11th, 1987
said County personally appeared **********
Agnes Yu Hwa Kung**********

before me, the undersigned, a Notary Public in and for

... personally known to me or proved to me on the basis of
satisfactory evidence to be the person whose name is
subscribed to this instrument and acknowledged
to me that ... executed the same.
WITNESS my hand and official seal.

OFFICIAL SEAL
GURPREET K. WALIA
NOTARY PUBLIC-CALIFORNIA
PRINCIPAL OFFICE IN
LOS ANGELES COUNTY
My Commission Expires July 9, 1991

(This area for official notarial seal)

FILING FEE- 100.00 TS
REC. #C20858
CT CORPORATION SYSTEM
RENO, NV
C/O VI MILLER

FILED
IN THE OFFICE OF THE
SECRETARY OF STATE OF THE
STATE OF NEVADA

AUG 27 1991

CHERYL A. LAU  SECRETARY OF STATE

No. 36-85

Certificate of Amendment
of Articles
of Incorporation
of
Watson Laboratories, Inc.

Pursuant to the provisions of Nevada Revised Statutes, Title 7, Chapter 78, the undersigned officers do hereby certify:

**FIRST:** The name of the Corporation is Watson Laboratories, Inc.

**SECOND:** The Board of Directors of the Corporation duly adopted the following resolution on April 30, 1991.

RESOLVED, that Article V of the Articles of Incorporation of the Corporation be amended to read in its entirety as follows:

"ARTICLE V. The corporation is authorized to issue only one class of shares of stock, par value $.01 per share, which shall be Common Stock; and the total number of shares which the corporation is authorized to issue is Twenty-Five Million (25,000,000). The holders of Common Stock shall not be entitled to exercise preemptive rights."

**THIRD:** The total number of outstanding shares having voting power of the corporation is 3,173,188, and the total number of votes entitled to be cast by the holders of all of said outstanding shares is 3,173,188.

**FOURTH:** At a meeting of stockholders on May 13, 1991, notice of which was duly given, the amendment herein certified was adopted by the holders of 2,794,105 shares, which represent 2,794,105 votes, and which constitute at least a majority of all of the voting power of the holders of shares having voting power.

Signed on ___June 21___, 1991          WATSON LABORATORIES, INC.

By: _Allen y Chao_
    Allen Y. Chao, President

By: _Agnes Y. Kung_
    Agnes Y. Kung, Secretary

STATE OF CALIFORNIA )
COUNTY OF RIVERSIDE )   SS.:



On *August 14, 1991*, 1991, personally appeared before me, a Notary Public, for the State and County aforesaid, Allen Y. Chao, as President of Watson Laboratories, Inc. ~~and Agnes Y. Kung, as Secretary of Watson Laboratories, Inc.~~, who acknowledged that ~~they~~ executed the above instrument.

*Dolores Mary Land*
Notary Public

STATE OF __CALIFORNIA__
COUNTY OF __LOS ANGELES__ } SS.
On this __21__ day of __JUNE__, 19 __91__, before me, the undersigned, a Notary Public in and for said   (INDIVIDUAL)
County, personally appeared __AGNES Y. KUNG__

personally known to me, or proved to me on the basis of satisfactory evidence to be the persons(s) whose name(s) is/are subscribed to the within instrument, and acknowledged to me that __SHE__ executed the same.
Witness my hand and official seal.

*Patricia Brodrick*
Notary Public in and for said County and State

__PATRICIA BRODRICK__
Name (Typed or Printed)

OFFICIAL SEAL
PATRICIA BRODRICK
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Commission Expires April 22, 1994

3403 IRS/8/7/12

(This area for official notarial seal)

IJS-317

RECEIVED

AUG 27 1991

1:20



FILING FEE- $1000.00 TS
REC.#C35693
CT CORPORATION SYSTEM
ONE E. FIRST ST. STE. 1600
RENO, NV  89501
ATTN: VI MILLER

**FILED**
IN T[?] OFFICE OF THE
SECRETARY OF STATE OF THE
**STATE OF NEVADA**

**FEB 20 1992**

CHERYL A. LAU  SECRETARY OF STATE

38-85

### CERTIFICATE OF AMENDMENT
### OF
### ARTICLES OF INCORPORATION
### OF
### WATSON LABORATORIES, INC.

Pursuant to provisions of Nevada Revised Statutes, Title 7, Chapter 78, the undersigned officers do hereby certify:

FIRST:     The name of the corporation is WATSON LABORATORIES, INC.

SECOND:    The Board of Directors of the corporation duly adopted the following resolutions on February 14, 1992.

NOW, THEREFORE, BE IT RESOLVED, that subject to approval of the shareholders of the Corporation, Article I of the Corporation's Articles of Incorporation is amended to be and read as follows:

### ARTICLE I

The name of the corporation is Watson Pharmaceuticals, Inc.

FURTHER RESOLVED, that subject to the approval of the shareholders of the Corporation, Article V of the Corporation's Articles of Incorporation is amended to be and read as follows:

### ARTICLE V

The corporation is authorized to issue a total of Fifty-Two Million Five Hundred Thousand (52,500,000) shares of stock, Fifty Million (50,000,000) shares of which shall be classified as common stock, $.0033 par value per share and Two Million Five Hundred Thousand (2,500,000) shares of which shall be classified as preferred stock, no par value per share. The holders of both classes of stock shall not be entitled to exercise cumulative voting or preemptive rights.

The voting powers, designations, preferences, limitations, restrictions, relative rights and distinguishing designations in respect of the shares of the preferred stock shall be as stated in the resolution or resolutions providing for the issuance of such preferred stock adopted or to be adopted by the Board of Directors of the Corporation pursuant to the authority hereby expressly vested in the Board of Directors of the Corporation by these Articles of Incorporation.

FURTHER RESOLVED, that subject to the approval of the shareholders of the Corporation, Article XI of the Corporation's Articles of Incorporation is amended to be and read as follows:



## ARTICLE XI

No director or officer of the Corporation shall be personally liable to the Corporation or its stockholders for monetary damages for breach of fiduciary duty as a director or officer, except for liability (a) for acts or omissions which involve intentional misconduct, fraud or a knowing violation of law; or (b) the payment of distributions in violation of Section 78.300 of the Nevada General Corporation law.

Any repeal or modification of this Article by the stockholders of the Corporation shall be prospective only, and shall not adversely affect any right or protection of a director or officer of the Corporation existing at the time of such repeal or modification.

FURTHER RESOLVED, that Article XII of the Corporation's Articles of Incorporation is amended to be and read as follows:

## ARTICLE XII

1.    To the extent not prohibited by law, the Corporation shall indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative, except an action by or in the right of the Corporation, by reason of the fact that he is or was a director, officer, employee or agent of the Corporation, or is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise, against expenses, including attorneys' fees, judgments, fines and amounts paid in settlement actually and reasonably incurred by him in connection with the action, suit or proceeding if he acted in good faith and in a manner which he reasonably believed to be in or not opposed to the best interests of the Corporation, and, with respect to any criminal action or proceeding, has no reasonable cause to believe his conduct was unlawful. The termination of any action, suit or proceeding by judgment, order, settlement, conviction, or upon a plea nolo contendere or its equivalent, does not, of itself, create a presumption that the person did not act in good faith and in a manner which he reasonably believed to be in or not opposed to the best interests of the Corporation, and that, with respect to any criminal action or proceeding, he had reasonable cause to believe that his conduct was unlawful.

2.    To the extent not prohibited by law, the Corporation shall indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action or suit by or in the right of the Corporation to procure a judgment in its favor by reason of the fact that he is or was a director, officer, employee or agent of the Corporation, or is or was serving at the request of the Corporation as a director, officer, employee or agent of another

2

corporation, partnership, joint venture, trust or other enterprise against expenses, including amounts paid in settlement and attorneys' fees actually and reasonably incurred by him in connection with the defense or settlement of the action or suit if he acted in good faith and in a manner which he reasonably believed to be in or not opposed to the best interests of the Corporation. Indemnification may not be made for any claim issue or matter as to which such a person has been adjudged by a court of competent jurisdiction, after exhaustion of all appeals therefrom to be liable to the Corporation or for amounts paid in settlement to the Corporation, unless and only to the extent that the court in which the action or suit was brought or other court of competent jurisdiction determines upon application that in view of all the circumstances of the case, the person is fairly and reasonably entitled to indemnity for such expenses as the court deems proper, all subject to the restrictions set forth in Section 78.751 of the Nevada General Corporation Law.

3.    To the extent that a director, officer, employee or agent of the Corporation has been successful on the merits or otherwise in defense of any action, suit or proceeding referred to in subsections 1 and 2 of Article XII, or in defense of any claim, issue or matter therein, he must be indemnified by the Corporation against expenses, including attorneys' fees, actually and reasonably incurred by him in connection with the defense.

4.    Any indemnification under subsections 1 and 2 of Article XII, unless ordered by a court or advanced pursuant to subsection 5 of Article XII, may be made by the Corporation only as authorized in the specific case upon determination that indemnification of the director, officer, employee or agent is proper in the circumstances by (a) the stockholders of the Corporation; (b) the Board of Directors by majority vote of a quorum consisting of directors who were not parties to the act, suit or proceeding; (c) independent legal counsel in a written opinion if a majority vote of a quorum consisting of directors who were not parties to the act, suit or proceeding so orders; or (d) independent legal counsel in a written opinion if a quorum consisting of directors who were not parties to the act, suit or proceeding cannot be obtained.

5.    The Corporation shall, from time to time, reimburse or advance to any director or officer or other person entitled to indemnification hereunder the funds necessary for payment of expenses, including attorneys' fees and disbursements, incurred in connection with any proceeding, in advance of the final disposition of such proceeding; provided, however, that, if required by the Nevada General Corporation Law, such expenses incurred by or on behalf of any director or officer may be paid in advance of the final disposition of the action, suit or proceeding only upon receipt of an undertaking by or on behalf of the director or officer to repay the amount if it is ultimately determined by a court of competent jurisdiction that he is not entitled to be indemnified by the Corporation. The provisions of this subsection do not affect any rights to

3



advancement of expenses to which corporate personnel other than directors or officers may be entitled under any contract or otherwise by law.

6.    The indemnification and advancement of expenses authorized in or ordered by a court pursuant to this Article XII (a) does not exclude any other rights to which a person seeking indemnification or advancement of expenses may be entitled under these Articles of Incorporation, or any By-Laws, agreement, vote of stockholders or disinterested directors or otherwise, for either an action in his official capacity or an action in another capacity while holding his office, except that indemnification, unless ordered by a court pursuant to subsection 2 or for the advancement of expenses made pursuant to subsection 5, may not be made to or on behalf of any director or officer if a final adjudication establishes that his acts or omissions involved intentional misconduct, fraud or a knowing violation of the law and was material to the cause of action (as to a person who has ceased to be a director or officer (or other person indemnified hereunder) and shall inure to the benefit of the heirs, executors and administrators of such person.

THIRD:    The total number of outstanding shares having voting power of the corporation is 4,302,496, and the total number of votes entitled to be cast by the holders of all of said outstanding shares is 4,302,496.

FOURTH:    By written consent of the holders of a majority of the issued and outstanding stock of the corporation, dated as of February 14, 1992, pursuant to Sections 78.320, 78.385 and 78.390 of the Nevada Revised Statutes, the amendment herein certified was adopted by the holders of 2,913,408 shares, which represent 2,913,408 votes, and which constitute at least a majority of all of the voting power of the holders of shares having voting power.

Signed: February 14, 1992

WATSON LABORATORIES, INC.

By:  _____
     Allen Y. Chao, President

By:  _____
     Michel J. Feldman, Assistant Secretary

4

STATE OF CALIFORNIA      )
                                ) SS

COUNTY OF RIVERSIDE     )

On _2/18_, 1992, personally appeared before me, a Notary Public, for the
State and County aforesaid, Allen Y. Chao as President of Watson Laboratories, Inc. and
Michel J. Feldman as Assistant Secretary of Watson Laboratories, Inc., who
acknowledged that they executed the above instrument.



OFFICIAL SEAL
HELGA E. SCHROEDER
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
My Comm. Expires June 16, 1992

_Helga E. Schroeder_
NOTARY PUBLIC

RECEIVED
1:10 SC
FEB 20 1992

Secretary of State

5

**FILED**
IN THE OFFICE OF THE
SECRETARY OF STATE OF THE
STATE OF NEVADA

**JUL 1 8 1995**

38 - 8 5

DEAN HELLER SECRETARY OF STATE

No.

Jrw # 7677

E - 64911

### CERTIFICATE OF AMENDMENT
### OF
### ARTICLES OF INCORPORATION
### OF
### WATSON PHARMACEUTICALS, INC.

Pursuant to provisions of Nevada Revised Statutes, Title 7, Chapter 78, the undersigned officers do hereby certify:

FIRST:  The name of the Corporation is WATSON PHARMACEUTICALS, INC.

SECOND:  The Board of Directors of the Corporation duly adopted the following resolution on May 1, 1995.

FURTHER RESOLVED: that subject to approval of the stockholders of the Corporation, the first two sentences of Article VI of the Articles of Incorporation of the Corporation are hereby deleted and replaced with the following:

"The members of the governing board shall be called directors of the Corporation. The number of directors of the Corporation shall be nine (9). The directors shall be divided into three classes designated as Class I, Class II and Class III, respectively. Each class shall consist, as nearly as may be possible, of one-third of the total number of directors constituting the entire board of directors. At the annual meeting of stockholders of the Corporation to be held in the year 1995, the Corporation shall designate the slate of directors to be elected by the stockholders as Class I, Class II and Class III directors, except that for such 1995 annual meeting only eight (8) directors shall be elected by the stockholders and the ninth director position (a Class I position) shall be vacant. The initial term of office of the Class I directors shall expire at the annual meeting of the stockholders held in the year 1996. The initial term of office of the Class II directors shall expire at the annual meeting of stockholders held in the year 1997. The initial term of office of the Class III directors shall expire at the annual meeting of stockholders held in the year 1998. At each annual meeting of the stockholders after the annual meeting held in the year 1995, successors to the class of directors whose term expires at the annual meeting shall be elected for a three-year term. If the number of directors is changed, any increase or decrease shall be apportioned among the classes so as to maintain the number of directors in each class as nearly as possible, but in no case shall a decrease in the number of directors shorten the term of any incumbent director. A director shall hold office until the annual meeting for the year in which his term expires and until his successor shall be elected and qualified, subject, however, to prior death, resignation, retirement, disqualification or removal from office. The annual meeting of stockholders shall be held each year on a date and at a time designated by the Board of Directors of the Corporation.

Subject to the rights, if any, of holders of any series of Preferred Stock then outstanding, any vacancy on the Board of Directors that results from an increase in the number of directors or by reason of the vacancy following the annual meeting of the stockholders held in the year 1995 may be filled by a majority of the Board of Directors then in office, provided that a quorum is present, and any other vacancy occurring in the Board of Directors may be filled by a majority of the directors then in office, even if less than a quorum. Any directors elected to fill a vacancy resulting from an increase in such class shall hold office for a term that shall coincide with the remaining term of that class. Any director elected to fill a vacancy not resulting from an increase in the number of directors shall have the same remaining term as that of his predecessor."

THIRD:   As of May 19, 1995, the record date of the annual meeting of stockholders of the Corporation, the total number of outstanding shares having voting power of the Corporation is approximately 17,289,786, and the total number of votes entitled to be cast by the holders of all of said outstanding shares is approximately 17,289,785.

FOURTH:   On July 17, 1995, at the Annual Meeting of stockholders of the Corporation, notice of which was duly given, the amendment herein certified was adopted by the holders of _9,001,802_ shares of common stock, $.0033 par value per share, of the Corporation, which represent _9,001,802_ votes, and which constitute at least a majority of all of the voting power of the holders of shares having voting power.

Signed:    July 17, 1995

WATSON PHARMACEUTICALS, INC.

By: _____
    Allen Chao, President

By: _____
    Michel Feldman, Assistant
    Secretary

2

JUL 18 '95  12:47PM WOODBURN WEDGE                                    P 3

STATE OF ~~CALIFORNIA~~ ILLINOIS    )
                                    ) SS
COUNTY OF ~~RIVERSIDE~~ COOK        )

On July 17, 1995, Allen Chao as President of Watson Pharmaceuticals, Inc. and Michel Feldman as Assistant Secretary of Watson Pharmaceuticals, Inc., personally appeared before the undersigned, a Notary Public in and for said County, who acknowledged that they executed the above instrument.

_____
NOTARY PUBLIC

```
"OFFICIAL SEAL"
PATRICIA A. JONES
Notary Public, State of Illinois
My Commission Expires Nov. 28, 1998
```

3

JUL 18 1995

SECRETARY OF STATE

JUL 18 '95   12:48PM WOODBURY WEDGE                                    P.11

**FILED**
IN THE OFFICE OF THE
SECRETARY OF STATE OF THE
STATE OF NEVADA

**JUL 18 1995**

38-85

DEAN HELLER SECRETARY OF STATE

$\sim$ ew4 - 767

E - 64909

# CERTIFICATE OF AMENDMENT
## OF
## ARTICLES OF INCORPORATION
## OF
### WATSON PHARMACEUTICALS, INC.

Pursuant to provisions of Nevada Revised Statutes, Title 7, Chapter 78, the undersigned officers do hereby certify:

FIRST:      The name of the Corporation is WATSON PHARMACEUTICALS, INC.

SECOND:     The Board of Directors of the Corporation duly adopted the following resolution on May 1, 1995.

NOW, THEREFORE, BE IT RESOLVED, that subject to approval of the stockholders of the Corporation, Article V of the Articles of Incorporation of the Corporation is amended to be and read as follows:

### ARTICLE V

The Corporation is authorized to issue a total of One Hundred and Two Million Five Hundred Thousand (102,500,000) shares of stock, One Hundred Million (100,000,000) shares of which shall be classified as common stock, $.0033 par value per share, and Two Million Five Hundred Thousand (2,500,000) shares of which shall be classified as preferred stock, no par value per share. The holders of both classes of stock shall not be entitled to exercise cumulative voting or preemptive rights.

The voting powers, designations, preferences, limitations, restrictions, relative rights and distinguishing designation in respect of the shares of the preferred stock shall be as stated in the resolution or resolutions providing for the issuance of such preferred stock adopted or to be adopted by the Board of Directors of the Corporation pursuant to the authority hereby expressly vested in the Board of Directors of the Corporation by these Articles of Incorporation.

THIRD:      As of May 19, 1995, the record date of the annual meeting of stockholders of the Corporation, the total number of outstanding shares having voting power of the Corporation is approximately 17,289,786, and the total number of votes entitled to be cast by the holders of all of said outstanding shares is approximately 17,289,785.

FOURTH:     On July 17, 1995, at the Annual Meeting of stockholders of the Corporation, notice of which was duly given, the amendment herein certified was adopted by the holders of 15,045,332 shares of

JUL 18 '95  12:4.PM HOODBR°H WEDGE

common stock, $.0033 par value per share, of the Corporation, which represent _15 045 332_ votes, and which constitute at least a majority of all of the voting power of the holde.. of shares having voting power.

Signed:    July 17, 1995

WATSON PHARMACEUTICALS, INC.

By: _____
    Allen Chao, President

By: _____
    Michel Feldman, Assistant
    Secretary

2

JUL 18 '95  12:4PM HOODBURN HEDGE                                    P.13

ILLINOIS

STATE OF ~~CALIFORNIA~~                )
                                       ) SS
                             Cook
COUNTY OF ~~RIVERSIDE~~        ).

On July 17, 1995, Allen Chao as President of Watson Pharmaceuticals, Inc. and Michel Feldman as Assistant Secretary of Watson Pharmaceuticals, Inc., personally appeared before the undersigned, a Notary Public in and for said County, who acknowledged that they executed the above instrument.

_____
                NOTARY PUBLIC

"OFFICIAL SEAL"
PATRICIA A. JONES
Notary Public, State of Illinois
My Commission Expires Nov. 25, 1908

3

RECEIVED

JUL 18 1995

SECRETARY OF STATE

MAY-30-'96  08:14AM WOODBURY HEDGES                          312 798 0742 P.2/4

**FILED**
IN THE OFFICE OF THE
SECRETARY OF STATE OF THE
**STATE OF NEVADA**

**MAY 30 1996**

38 - 85

DEAN HELLER SECRETARY OF STATE

*Dean Heller*

CERTIFICATE OF AMENDMENT
OF
ARTICLES OF INCORPORATION
OF
WATSON PHARMACEUTICALS, INC.

Pursuant to provisions of Nevada Revised Statutes, Title 7, Chapter 78, the undersigned officers do hereby certify:

**FIRST:**      The name of the Corporation is WATSON PHARMACEUTICALS, INC.

**SECOND:**   The Board of Directors of the Corporation duly adopted the following resolution on February 26, 1996.

NOW, THEREFORE, BE IT RESOLVED, that subject to approval of the stockholders of the Corporation, Article V of the Articles of Incorporation of the Corporation is amended to be and read as follows:

ARTICLE V

The Corporation is authorized to issue a total of Five Hundred and Two Million Five Hundred Thousand (502,500,000) shares of stock, Five Hundred Million (500,000,000) shares of which shall be classified as common stock, $.0033 par value per share, and Two Million Five Hundred Thousand (2,500,000) shares of which shall be classified as preferred stock, no par value per share. The holders of both classes of stock shall not be entitled to exercise cumulative voting or preemptive rights.

The voting powers, designations, preferences, limitations, restrictions, relative rights and distinguishing designation in respect of the shares of the preferred stock shall be as stated in the resolution or resolutions providing for the issuance of such preferred stock adopted or to be adopted by the Board of Directors of the Corporation pursuant to the authority hereby expressly vested in the Board of Directors of the Corporation by these Articles of Incorporation.

**THIRD:**      As of March 15, 1996, the record date of the annual meeting of stockholders of the Corporation, the total number of outstanding shares having voting power of the Corporation is 36,607,903, and the total number of votes entitled to be cast by the holders of all of said outstanding shares is 36,607,903.

**FOURTH:**   On May 10, 1996, at the Annual Meeting of stockholders of the Corporation, notice of which was duly given, the amendment herein certified was adopted by the holders of 19,372,801 shares of common

RECEIVED

MAYMAY 30 '96   08:15AM WOODBURN HEDGE                         312 756 0782   P.3 69 r4

stock, $.0033 par value per share, of the Corporation, which represent 19,372,801 votes, and which constitute at least a majority of all of the voting power of the holders of shares having voting power.

Signed:      May 10, 1996

                               WATSON PHARMACEUTICALS, INC.

                               By: _____
                                     Dr. Melvin Sharoky, President

                               By: _____
                                     Michel J. Feldman, Secretary

63767/1                                 2

MAYMAY 30 '96  08:45AM WOODBURN HEDGE
CT SISTERS

312 750 6782   P.4
P.04-14

STATE OF ILLINOIS        )
                                 ) SS
COUNTY OF COOK          )

On May 10, 1996, Dr. Melvin Sharoky, as President of Watson Pharmaceuticals, Inc. and Michel J. Feldman as Secretary of Watson Pharmaceuticals, Inc., personally appeared before the undersigned, a Notary Public in and for said County, who acknowledged that they executed the above instrument.

"OFFICIAL SEAL"
SHARON TESSITORE
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 4/8/2000

NOTARY PUBLIC

63767/1

3

TOTAL P.04

Exhibit J

Exhibit Redacted in its Entirety

# Exhibit K



# Delaware

PAGE 1

### The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF FORMATION OF "WATSON LABORATORIES, LLC", FILED IN THIS OFFICE ON THE TWENTY-SECOND DAY OF AUGUST, A.D. 2003, AT 6:11 O'CLOCK P.M.



Harriet Smith Windsor
Harriet Smith Windsor, Secretary of State

3695879    8100

030549819

AUTHENTICATION: 2598264

DATE: 08-22-03

*State of Delaware*
*Secretary of State*
*Division of Corporations*
*Delivered 06:11 PM 08/22/2003*
*FILED 06:11 PM 08/22/2003*
*SRV 030549819 — 3695879 FILE*

# CERTIFICATE OF FORMATION

## OF

## WATSON LABORATORIES, LLC

1. The name of the limited liability company is Watson Laboratories, LLC.

2. The address of its registered office in the State of Delaware is Corporation Trust Center, 1209 Orange Street, in the City of Wilmington, County of New Castle. The name of its registered agent at such address is The Corporation Trust Company.

**IN WITNESS WHEREOF,** the undersigned has executed this Certificate of Formation of Watson Laboratories, LLC this 22nd day of August , 2003.

_/s/DAVID A. BUCHEN_
David A. Buchen,
Authorized Person

# WATSON LABORATORIES, INC.
## 417 Wakara Way
## Salt Lake City, UT  84108

August 22, 2003

TO:  Secretary of the State of the
State of Delaware

Watson Laboratories, Inc., a Delaware corporation, hereby consents to the use by Watson Laboratories, LLC, a Delaware limited liability company being formed on the date hereof, of the name "Watson Laboratories, LLC" in the State of Delaware.

WATSON LABORATORIES, INC.

By:  /s/DAVID A. BUCHEN
David A. Buchen,
Secretary



Remainder of This Exhibit Redacted in Its Entirety

# EXHIBIT 3

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| CEPHALON, INC., and CIMA LABS, INC., | : : : | |
| *Plaintiffs*, | : : | Civil Action No. 08-cv-00330- JJF |
| v. | : : | |
| WATSON PHARMACEUTICALS, INC., and WATSON LABORATORIES, INC., | : : | REDACTED |
| *Defendants*. | : : : | |

## DECLARATION OF ANDREW S. BOYER

I, Andrew S. Boyer, declare as follows:

1.      I am Andrew S. Boyer, Sr. Vice President of Sales & Marketing at Watson Pharma, Inc. ("Watson Pharma")  I am an adult and competent to testify to the following having personal knowledge or based on my review of company records.

2.      Watson Pharma is a Delaware corporation having its principal place of business in Morristown, New Jersey.  (*See* Exhibits A, B)

3.      Watson Pharma is a sister corporation of Watson Laboratories, Inc., a Nevada corporation ("Laboratories").  Watson Pharma and Laboratories are both wholly owned subsidiaries of Watson Pharmaceuticals, Inc., a Nevada corporation ("Pharmaceuticals").  (*See* Exhibit C)

4.      Watson Pharma and Laboratories are separate corporate and legal entities.  (*See* Exhibits A, D)

5.    Laboratories does not control the day-to-day operational decisions of Watson Pharma and vice versa.

6.

# REDACTED

7.    Watson Pharma and Laboratories each have their own separate by-laws and articles of incorporation. (*See* Exhibits A, B, D, and F)

8.    Watson Pharma and Laboratories enter into and perform their own contracts. (*See, e.g.*, Exhibit G)

9.    Watson Pharma does not prepare or submit ANDAs.

10.    Watson Pharma did not prepare or submit ANDA            which I understand to be the basis for this litigation.

11.

# REDACTED

12.    Watson Pharma entered into a contract with Cephalon, titled "Oral Transmucosal Fentanyl Citrate Sales Agent Agreement" (the "Cephalon Agreement").

13.    The unrelated Cephalon Agreement is a sales agreement whereby Watson

Pharma sells certain Cephalon products.  These products are not the products at issue in this case.

14.

REDACTED

15.

REDACTED

16.

17.

18.

19.

REDACTED

3

20.            REDACTED

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____7/11/08_____

Andrew S. Boyer
**Declarant**

# Exhibit A



*The First State*

PAGE 1

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF
DELAWARE, DO HEREBY CERTIFY THE ATTACHED ARE TRUE AND CORRECT
COPIES OF ALL DOCUMENTS FILED FROM AND INCLUDING THE RESTATED
CERTIFICATE OF "WATSON PHARMA, INC." AS RECEIVED AND FILED IN
THIS OFFICE.

THE FOLLOWING DOCUMENTS HAVE BEEN CERTIFIED:

RESTATED CERTIFICATE, FILED THE TWENTY-EIGHTH DAY OF AUGUST,
A.D. 2000, AT 9:30 O'CLOCK A.M.

CERTIFICATE OF MERGER, CHANGING ITS NAME FROM "SCHEIN
PHARMACEUTICAL, INC." TO "WATSON PHARMA, INC.", FILED THE
TWENTY-NINTH DAY OF MARCH, A.D. 2001, AT 9 O'CLOCK A.M.

*Harriet Smith Windsor*
Harriet Smith Windsor, Secretary of State

2352578    8100X

020615649

AUTHENTICATION: 2018188

DATE: 10-03-02

AMENDED AND RESTATED
CERTIFICATE OF INCORPORATION
OF
SCHEIN PHARMACEUTICAL, INC.

Pursuant to §242 and §245 of the
General Corporation Law of the State of Delaware

1.     The original name of this corporation is Schein Pharmaceutical Corp. ("Schein") and the date of filing of the original Certificate of Incorporation of this corporation with the Secretary of State of the State of Delaware was September 27, 1993.

2.     The Certificate of Incorporation of the corporation is hereby amended and restated to read as follows:

I.

The name of this corporation is Schein Pharmaceutical, Inc.

II.

The address, including street, number, city, and county, of the registered office of the corporation in the State of Delaware is 1209 Orange Street, City of Wilmington, County of New Castle; and the name of the registered agent of the corporation in the State of Delaware at such address is The Corporation Trust Company.

III.

The purpose of this corporation is to engage in any lawful act or activity for which a corporation may be organized under the Delaware General Corporation Law.

IV.

This corporation is authorized to issue one class of stock to be designated "Common Stock." The total number of shares of Common Stock which the corporation is authorized to issue is one hundred (100) shares, each having a par value of one tenth of one cent ($0.001).

V.

For the management of the business and for the conduct of the affairs of the corporation, and in further definition, limitation and regulation of the powers of

1.

T-049   P 003    F-090

the corporation, of its directors and of its stockholders or any class thereof, as the case may be, it is further provided that:

1.     The management of the business and the conduct of the affairs of the corporation shall be vested in its Board of Directors. The number of directors which shall constitute the whole Board of Directors shall be fixed by the Board of Directors in the manner provided in the Bylaws.

2.     The Board of Directors may from time to time make, amend, supplement or repeal the Bylaws; provided, however, that the stockholders may change or repeal any Bylaw adopted by the Board of Directors by the affirmative vote of the holders of a majority of the voting power of all of the then outstanding shares of the capital stock of the corporation (considered for this purpose as one class); and, provided further, that no amendment or supplement to the Bylaws adopted by the Board of Directors shall vary or conflict with any amendment or supplement thus adopted by the stockholders.

3.     The directors of the corporation need not be elected by written ballot unless the Bylaws so provide.

## VI.

A director of the corporation shall, to the full extent not prohibited by the Delaware General Corporation Law, as the same exists or may hereafter be amended, not be liable to the corporation or its stockholders for monetary damages for breach of his fiduciary duty as a director.

## VII.

The corporation is to have perpetual existence.

## VIII.

The corporation reserves the right to amend, alter, change or repeal any provision contained in this Certificate of Incorporation, in the manner now or hereafter prescribed by statute, and all rights conferred upon the stockholders herein are granted subject to this right.



103498 v1/HN
27%Y01!.DOC

2.

38-27-2000  10:34am  From-

T-049  P 004  F-090

IN WITNESS WHEREOF, Schein Pharmaceutical, Inc. has caused this Certificate of Incorporation to be executed in its corporate name as of the 28th day of August, 2000.

SCHEIN PHARMACEUTICAL, INC.

By: _Robert C. Funsten_

Robert C. Funsten
Secretary



# CERTIFICATE OF MERGER
## OF
### WATSON PHARMA, INC.
### AND
### SCHEIN PHARMACEUTICAL PA, INC.
### WITH AND INTO
### SCHEIN PHARMACEUTICAL, INC.

Pursuant to the provisions of Section 251 of the Delaware General Corporation Law, Schein Pharmaceutical, Inc. certifies that:

1.     The name and state of incorporation of each of the constituent corporations are as follows: (a) Schein Pharmaceutical, Inc., a Delaware corporation, (b) Watson Pharma, Inc., a Delaware corporation, and (c) Schein Pharmaceutical PA, Inc., a Delaware corporation.

2     A plan and agreement of merger has been approved, adopted, certified, executed, and acknowledged by each of the constituent corporations in accordance with Section 251 of the General Corporation Law of the State of Delaware.

3.     The surviving corporation is Schein Pharmaceutical, Inc.

4.     The amended and restated certificate of incorporation of Schein Pharmaceutical, Inc. shall be the certificate of incorporation of the surviving corporation, which is hereby amended.

5.     Article I of the amended and restated certificate of incorporation of the surviving corporation shall be amended to change the name of the surviving corporation to Watson Pharma, Inc.

6     Article IV of the amended and restated certificate of incorporation of the surviving corporation shall be amended to change the authorized capital of the surviving corporation to one thousand (1,000) shares of common stock, each having a par value of one-tenth of one cent ($0.001).

7.     The executed agreement and plan of merger is on file at the principal place of business of the surviving corporation. The address of the principal place of business of the surviving corporation is 100 Campus Drive, Florham Park, New Jersey 07932.

8.     The surviving corporation will furnish a copy of the agreement and plan of merger, on request and without cost, to any stockholder of any constituent corporation.

*STATE OF DELAWARE*
*SECRETARY OF STATE*
*DIVISION OF CORPORATIONS*
*FILED 09:00 AM 03/29/2001*
*010156087 — 2352578*

IN WITNESS WHEREOF, Schein Pharmaceutical, Inc. has caused this Certificate of Merger to be duly executed on the 29th day of March, 2001.

SCHEIN PHARMACEUTICAL, INC.

By: _____

Robert C. Funsten,
Senior Vice President, General Counsel
and Secretary

# Exhibit B

Exhibit Redacted in its Entirety

# Exhibit C

Exhibit Redacted in its Entirety

Exhibit D

*DEAN HELLER*
Secretary of State

*RENEE L. PARKER*
Chief Deputy
Secretary of State

*PAMELA RUCKEL*
Deputy Secretary
for Southern Nevada

**STATE OF NEVADA**



**OFFICE OF THE**
**SECRETARY OF STATE**

*CHARLES E. MOORE*
Securities Administrator

*SCOTT W. ANDERSON*
Deputy Secretary
for Commercial Recordings

*ELLICK HSU*
Deputy Secretary
for Elections

## Certified Copy

March 15, 2006

**Job Number:**     C20060309-1078
**Reference Number:**     00000682867-17
**Expedite:**
**Through Date:**

The undersigned filing officer hereby certifies that the attached copies are true and exact copies of all requested statements and related subsequent documentation filed with the Secretary of State's Office, Commercial Recordings Division listed on the attached report.

| Document Number(s) | Description | Number of Pages |
|---|---|---|
| C1563-1992-001 | Articles of Incorporation | 6 Pages/1 Copies |
| C1563-1992-003 | Articles of Merger | 2 Pages/1 Copies |
| C1563-1992-004 | Articles of Merger | 5 Pages/1 Copies |

Respectfully,

*Dean Heller*

DEAN HELLER
Secretary of State

By

Certification Clerk

**Commercial Recording Division**
202 N. Carson Street
Carson City, Nevada 89701-4069
Telephone (775) 684-5708
Fax (775) 684-7138

FILED
IN THE OFFICE OF THE
SECRETARY OF STATE OF THE
STATE OF NEVADA

FEB 20 1992

CHERYL A. LAU  SECRETARY OF STATE
*Calfada*
1563–92

RECEIPT #C   36899
C T CORPORATION SYSTEM / RENO
C T CORPORATION SYSTEM – VI MILLER
ONE EAST FIRST STREET #1600
RENO, NEVADA 89501

## ARTICLES OF INCORPORATION

### OF

### WATSON LABORATORIES, INC.

**FIRST.**    The name of the corporation is WATSON LABORATORIES, INC.

**SECOND.**    The purposes of the corporation are to engage in any lawful act or activity for which a corporation may be organized under the Nevada General Corporation Law.

**THIRD.**    The name and address in this State of the corporation's initial agent for service of process is The Corporation Trust Company of Nevada, One East First Street, Reno, Nevada 89501.

**FOURTH.**    The corporation is authorized to issue a total of 1,000 shares of stock, all of which shall be classified as common stock, $.01 par value per share.  The holders of the stock shall not be entitled to exercise cumulative voting or preemptive rights.

**FIFTH.**    The governing board of this corporation shall be known as directors, and the number of directors may from time to time be increased or decreased in such manner as shall be provided by the by-laws of this corporation.

The names and post office addresses of the first board of directors, which shall be three (3) in number, are as follows:

| NAME | ADDRESS |
|------|---------|
| Allen Y. Chao | 132A Business Center Drive Corona, CA 91720 |
| David C. Hsia | 132A Business Center Drive Corona, CA 91720 |
| Alec D. Keith | 100 North Science Park Road State College, PA 16803 |

SIXTH.    The capital stock, after the amount of the subscription price or par value has been paid in, shall not be subject to assessment to pay the debts of the corporation.

SEVENTH.    The name and post office address of the incorporator signing the articles of incorporation are as follows:

| NAME | ADDRESS |
|---|---|
| Steven M. Prebish | 30 North LaSalle Street<br>Suite 2900<br>Chicago, Illinois 60602 |

EIGHTH.    The corporation is to have perpetual existence.

NINTH.    The corporation reserves the right to amend, alter, change or repeal any provision contained in the articles of incorporation, in the manner now or hereafter prescribed by statute, or by the articles of incorporation, and all rights conferred upon stockholders herein are granted subject to this reservation.

TENTH.    No director or officer of the corporation shall be personally liable to the corporation or its stockholders for monetary damages for breach of fiduciary duty as a director or officer, except for liability (a) for acts or omissions which involve intentional misconduct, fraud or a knowing violation of law; or (b) the payment of distributions in violation of Section 78.300 of the Nevada General Corporation Law.

Any repeal or modification of this Article by the stockholders of the corporation shall be prospective only, and shall not adversely affect any right or protection of a director or officer of the corporation existing at the time of such repeal or modification.

ELEVENTH 1.    To the extent not prohibited by law, the corporation shall indemnify any person who was or is a party or is threatened to be made a party to any

2

threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative, except an action by or in the right of the corporation, by reason of the fact that he is or was a director, officer, employee or agent of the corporation, or is or was serving at the request of the corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise, against expenses, including attorneys' fees, judgments, fines and amounts paid in settlement actually and reasonably incurred by him in connection with the action, suit or proceeding if he acted in good faith and in a manner which he reasonably believed to be in or not opposed to the best interests of the corporation, and, with respect to any criminal action or proceeding, has no reasonable cause to believe his conduct was unlawful. The termination of any action, suit or proceeding by judgment, order, settlement, conviction, or upon a plea nolo contendere or its equivalent, does not, of itself, create a presumption that the person did not act in good faith and in a manner which he reasonably believed to be in or not opposed to the best interests of the corporation, and that, with respect to any criminal action or proceeding, he had reasonable cause to believe that his conduct was unlawful.

2. To the extent not prohibited by law, the corporation shall indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action or suit by or in the right of the corporation to procure a judgment in its favor by reason of the fact that he is or was a director, officer, employee or agent of the corporation, or is or was serving at the request of the corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise against expenses, including amounts paid in settlement and attorneys' fees actually and reasonably incurred by him in connection with the defense or

3

settlement of the action or suit if he acted in good faith and in a manner which he reasonably believed to be in or not opposed to the best interests of the corporation. Indemnification may not be made for any claim issue or matter as to which such a person has been adjudged by a court of competent jurisdiction, after exhaustion of all appeals therefrom to be liable to the corporation or for amounts paid in settlement to the corporation, unless and only to the extent that the court in which the action or suit was brought or other court of competent jurisdiction determines upon application that in view of all the circumstances cf the case, the person is fairly and reasonably entitled to indemnity for such expenses as the court deems proper, all subject to the restrictions set forth in Section 78.751 of the Nevada General Corporation Law.

3. To the extent that a director, officer, employee or agent of a corpora- tion has been successful on the merits or otherwise in defense of any action, suit or proceeding referred to in subsections 1 and 2 of Article Eleventh, or in defense of any claim, issue or matter therein, he must be indemnified by the corporation against expenses, including attorneys' fees, actually and reasonably incurred by him in connection with the defense.

4. Any indemnification under subsections 1 and 2 of Article Eleventh, unless ordered by a court or advanced pursuant to subsection 5 of Article Eleventh, may be made by the corporation only as authorized in the specific case upon determination that indemnification of the director, officer, employee or agent is proper in the cir- cumstances by (a) the stockholders of the corporation; (b) the board of directors by majority vote of a quorum consisting of directors who were not parties to the act, suit or proceeding; (c) independent legal counsel in a written opinion if a majority vote of a quorum consisting of directors who were not parties to the act, suit or proceeding so

4

orders; and (d) independent legal counsel in a written opinion if a quorum consisting of directors who were not parties to the act, suit or proceeding cannot be obtained.

5. The corporation shall, from time to time, reimburse or advance to any director or officer or other person entitled to indemnification hereunder the funds necessary for payment of expenses, including attorneys' fees and disbursements, incurred in connection with any proceeding, in advance of the final disposition of such proceeding; provided, however, that, if required by the Nevada General Corporation Law, such expenses incurred by or on behalf of any director or officer may be paid in advance of the final disposition of the action, suit or proceeding only upon receipt of an undertaking by or on behalf of the director or officer to repay the amount if it is ultimately determined by a court of competent jurisdiction that he is not entitled to be indemnified by the corporation. The provisions of this subsection do not affect any rights to advancement of expenses to which corporate personnel other than directors or officers may be entitled under any contract or otherwise by law.

6. The indemnification and advancement of expenses authorized in or ordered by a court pursuant to this Article Eleventh (a) does not exclude any other rights to which a person seeking indemnification or advancement of expenses may be entitled under these Articles of Incorporation, or any By-Laws, agreement, vote of stockholders or disinterested directors or otherwise, for either an action in his official capacity or an action in another capacity while holding his office, except that indemnification, unless ordered by a court pursuant to subsection 2 or for the advancement of expenses made pursuant to subsection 5, may not be made to or on behalf of any director or officer if a final adjudication establishes that his acts or omissions involved intentional misconduct, fraud or a knowing violation of the law and was material to the cause of action (b) continues as to a person who has ceased to be a director or officer

5

(or other person indemnified hereunder) and shall inure to the benefit of the heirs, executors and administrators of such person.

THE UNDERSIGNED, being the sole incorporator hereinbefore named, for the purpose of forming a corporation pursuant to the General Corporation Law of the State of Nevada, does make and file these articles of incorporation, hereby declaring and certifying that the facts herein stated are true, and accordingly have hereunto sets his hand this 17th day of February, 1992.

Steven M. Prebish

STATE OF ILLINOIS    )
                     ) SS
COUNTY OF COOK       )

On this 17th day of February, 1992, before me, a Notary Public, personally appeared Steven M. Prebish, who acknowledged that he executed the above instrument.

NOTARY PUBLIC

"OFFICIAL SEAL"
Suzette Sabanov
Notary Public, State of Illinois
Commission Expires 11/7/94

CERTIFICATE OF ACCEPTANCE OF APPOINTMENT

BY RESIDENT AGENT

The Corporation Trust Company of Nevada hereby accepts the appointment as Resident Agent of the above named corporation.

The Corporation Trust Company of Nevada

Resident Agent

By _____    Date 2-19-92
   (Assistant Secretary)
   Reuben S. Barba

6

RECEIVED

FEB 20 1992

Secretary of State

**FILED**
IN THE OFFICE OF THE
SECRETARY OF STATE OF THE
STATE OF NEVADA

JUN 28 1995
*1563 -92*

DEAN HELLER SECRETARY OF STATE

No._____

C 16262
E 087497

**ARTICLES OF MERGER**
**OF**
**ZETACHRON, INCORPORATED**
**INTO**
**WATSON LABORATORIES, INC.**

**FIRST:**    The name of the surviving corporation is **WATSON LABORATORIES, INC.** and the place of its incorporation is the State of Nevada. The name and place of incorporation of the corporation being merged into the surviving corporation is **ZETACHRON, INCORPORATED**, incorporated in the State of Pennsylvania.

**SECOND:**    An Agreement and Plan of Merger was adopted by the board of directors of each corporation that is a party of this merger.

**THIRD:**    The Agreement and Plan of Merger was entitled to be and was approved by the board of directors of **WATSON LABORATORIES, INC.**, without the approval of the stockholders thereof being required.

**FOURTH:**    The designation, number of outstanding shares, number of votes entitled to be cast and the total number of votes cast for and against the Agreement and Plan of Merger, by the stockholders of **ZETACHRON, INCORPORATED** is as follows:

| Designation | Outstanding Shares | Votes Entitled to be cast | Votes For | Votes Against |
|---|---|---|---|---|
| Common | 1,000 | 1,000 | 1,000 | None |

**FIFTH:**    The number of votes cast for the Agreement and Plan of Merger by the stockholders of **ZETACHRON, INCORPORATED** was sufficient for approval thereof by the stockholders of the corporation.

**SIXTH:**    The complete executed plan of merger is on file at the place of business of **WATSON LABORATORIES, INC.** located at 311 Bonnie Circle, Corona, CA 91720, and a copy of the plan will be furnished by **WATSON LABORATORIES, INC.**, on request and without cost to any stockholder of any corporation which is a party to this merger.

**SEVENTH:**    All corporations party to this merger have complied with laws of their respective jurisdiction of incorporation concerning this merger.

**EIGHTH:**    This merger shall be effective on June 30, 1995.

WATSON LABORATORIES, INC.

By: _____
Allen Chao, President

By: _____
Michel J. Feldman,
Assistant Secretary

State of CALIFORNIA   )
                      ) ss.
County of Riverside   )

On June 21, 1995, personally appeared before me, a Notary Public    MICHEL J. FELDMAN an

**ALLEN CHAO** who acknowledged that they executed the above instrument.

Wendy K. Wright
Comm #1029698
NOTARY PUBLIC CALIFORNIA
RIVERSIDE COUNTY
Comm Expires June 12, 1998

_____
Notary Public
Wendy K Wright

JUN 28 1995

2

*INV.*
*($ 1.25- )*

**FILED**
IN THE OFFICE OF THE
SECRETARY OF STATE OF THE
**STATE OF NEVADA**

**MAY 1 9 1999**

No. *C15 63 - 92*
*Dean Heller*
DEAN HELLER, SECRETARY OF STATE

ARTICLES OF MERGER

OF

OCLASSEN PHARMACEUTICALS, INC.

(a Delaware corporation)

WITH AND INTO

WATSON LABORATORIES, INC.

(a Nevada corporation)

This Agreement of Merger is entered into as of May 10, 1999 by and between Oclassen Pharmaceuticals, Inc., a Delaware corporation (the "Merging Corporation") and Watson Laboratories, Inc., a Nevada corporation (the "Surviving Corporation"). The Merging Corporation and the Surviving Corporation are hereinafter sometimes collectively referred to as the "Constituent Corporations."

## RECITALS

A.    The Merging Corporation was incorporated on March 12, 1992. Its authorized capital stock consists of One Thousand (1,000) shares of common stock, $0.01 par value per share, of which 1,000 shares are issued and outstanding (the "Merging Corporation Stock"),

B.    The Surviving Corporation was incorporated on February 20, 1992. Its current authorized capital stock consists of One Thousand (1,000) shares of common stock, $10.00 par value per share, of which 1,000 shares are issued and outstanding (the "Surviving Corporation Stock")

C.    The respective Boards of Directors of Surviving Corporation and Merging Corporation deem it advisable and to the advantage of each of the Constituent Corporations that Merging Corporation merge with and into Surviving Corporation upon the terms and subject to the conditions set forth in this Agreement of Merger.

D.    The sole director of each of the Constituent Corporations and the sole shareholder of each Constituent Corporation have approved this Agreement of Merger.

E.    All capitalized terms not defined herein shall have the meanings ascribed to them in the Plan.

**NOW, THEREFORE,** the parties do hereby adopt this Agreement of Merger and do hereby agree that Merging Corporation shall merge with and into Surviving Corporation on the following terms, conditions and other provisions:

354327-1

# ARTICLE I

## THE MERGER

1.     <u>The Merger</u>.  Upon the terms and subject to the conditions of this Agreement of Merger, at the Effective Time (as herein defined), Merging Corporation shall be merged with and into Surviving Corporation in accordance with the laws of the States of Delaware and Nevada and the terms of this Agreement (the "<u>Merger</u>"), whereupon the separate corporate existence of Merging Corporation shall cease and Surviving Corporation shall be the surviving corporation of the Merger.

2.     <u>Effective Time</u>.  Merging Corporation and Surviving Corporation shall cause this Agreement of Merger together with officers' certificates attached to be properly executed and filed in accordance with the laws of the States of Delaware and Nevada and the terms of this Agreement.  Merging Corporation and Surviving Corporation shall also take such further actions as may be required under the laws of the States of Delaware and Nevada in connection with the consummation of the Merger.  The Merger shall become effective on May 12, 1999 at 12:01 A.M. Pacific Time (the "<u>Effective Time</u>").

3.     <u>Articles of Incorporation and By-Laws</u>.

(a)     The Articles of Incorporation of the Surviving Corporation at the Effective Time of the Merger shall continue to be the Articles of Incorporation of the Surviving Corporation until changed as provided by law.

(b)     The By-Laws of the Surviving Corporation at the Effective Time of the Merger shall continue to be the By-Laws of the Surviving Corporation until altered or amended in accordance with the provisions thereof.

4.     <u>Directors and Officers</u>.  The directors and officers of the Surviving Corporation at the Effective Time of the Merger shall continue to be the directors and officers, respectively, of the Surviving Corporation until their successors are chosen.

5.     <u>Terms of Merger</u>.

(a)     From and after the effective time of the Merger, the Surviving Corporation shall possess all the rights, privileges, immunities, and franchises of a public, as well as of a private nature, of each of the Constituent Corporations; and all property, real, personal and mixed, and all debts due on whatever account, including subscriptions to shares and all other choses in action, and all and every other interest, of or belonging to or due to each of the Constituent Corporations, shall be taken and deemed to be transferred to and vested in the Surviving Corporation without further act or deed; and the title to any real estate, or any interest therein, vested in any of the Constituent Corporations shall not revert or be in any way impaired by reason of the Merger, provided, however, that the Surviving Corporation shall thenceforth be responsible and liable for all the liabilities and obligations of each of the Constituent Corporations, and any claim existing or action or preceding pending by or against either of the

354327-1

Constituent Corporations may be prosecuted to judgment as if the Merger had not taken place, or the Surviving Corporation may be substituted in its place, and neither the rights of creditors nor any liens upon the property of either of the Constituent Corporations shall be impaired by the Merger.

(b)      Upon the Merger becoming effective, all shares of the Merging Corporation outstanding immediately prior to the Merger shall be canceled and retired, and no new shares of the Surviving Corporation shall be issued.  The outstanding shares of the Surviving Corporation shall remain outstanding.

(c)      The Surviving Corporation shall pay all expenses of carrying the Plan into effect and accomplishing the Merger provided for herein.

(d)      The proper officers and directors of the Constituent Corporations shall execute and deliver all such documents and take all such actions as may be necessary or advisable, or as may be requested by the Surviving Corporation from time to time, in order to vest fully all the property rights of the Constituent Corporations in the Surviving Corporation and otherwise carry out this Plan.

(e)      Anything herein or elsewhere to the contrary notwithstanding, the Plan and this Merger may be abandoned by the mutual consent of the Constituent Corporations, evidenced by appropriate resolutions of their respective Board of Directors, at any time prior to the effective date of the Merger.

## ARTICLE II - MISCELLANEOUS

1.      Counterparts.  This Agreement of Merger may be signed in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one agreement.

2.      Amendments.  This Agreement of Merger may be amended by the parties hereto at any time before or after approval of the Merger and the Plan of Merger by the Surviving Corporation Shareholders but, after any such approval, no amendment shall be made which by law requires further approval by such shareholders unless such shareholder consent is acquired. This Agreement of Merger may not be amended except by an instrument in writing signed on behalf of each of the parties hereto.

3,      Governing Law.  This agreement shall be governed by and construed under the internal laws of the State of Delaware as applied to agreements among Delaware residents entered into and to be performed entirely within Delaware, without reference to the principles of conflicts of law or choice of laws, except to the extent that the laws of the State of Nevada would apply in matters relating to the internal affairs of the Surviving Corporation and the Merger.

354327-1

**IN WITNESS WHEREOF**, this Merger Agreement is hereby executed on behalf of each of the Constituent Corporations by their respective officers thereunto duly authorized.

OCLASSEN PHARMACEUTICALS, INC.

By: _____
    Allen Chao

AND                     Its:    Chairman

By: _____
    Robert C. Funsten

Its:    Secretary

WATSON LABORATORIES, INC.

By: _____
    Allen Chao

AND                     Its:    President

By: _____
    Robert C. Funsten

Its:    Secretary

354327-1

STATE OF ILLINOIS )
                  )ss:
COUNTY OF COOK )

On May 14, 1999, personally appeared before me, a Notary Public in and for the State and County aforesaid, Allen Chao, President and Robert C. Funsten, Secretary of Watson Laboratories, Inc., personally known to me to be the persons whose names are subscribed to the above instrument in the said capacity, who acknowledged that they executed the said instrument.

_Sela L. Brown_
Notary Public

```
"OFFICIAL SEAL"
SELA L. BROWN
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 9/17/2001
```

356919-1

Exhibit E

Exhibit Redacted in its Entirety

# Exhibit F

Exhibit Redacted in its Entirety

# Exhibit G

Exhibit Redacted in its Entirety