IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CEPHALON, INC., and CIMA LABS, INC.,  :
                                     :
         Plaintiffs,            :
                                       :     C.A. No. 08-330-SLR
         v.                :     **REDACTED PUBLIC**
                                     :     **VERSION**
WATSON PHARMACEUTICALS, INC.,     :
WATSON LABORATORIES, INC., and    :
WATSON PHARMA, INC.,            :
                                     :
        Defendants.        :

## ANSWER AND COUNTERCLAIMS
## TO AMENDED COMPLAINT

Defendants Watson Pharmaceuticals, Inc. ("Pharmaceuticals"), Watson Laboratories, Inc. ("Laboratories"), and Watson Pharma, Inc. ("Watson Pharma") (collectively, "Defendants" or "Watson"), as their Answer to each of the numbered paragraphs in the Amended Complaint for Patent Infringement by Cephalon, Inc., and CIMA Labs, Inc. (collectively, "Plaintiffs" or "Cephalon"), respond and allege as follows:

### THE PARTIES

1.     On information and belief, Watson admits the allegations in paragraph 1.

2.     On information and belief, Watson admits the allegations in paragraph 2.

3.     Watson admits the allegations in paragraph 3.

4.     Watson admits the allegations in paragraph 4.

5.     With respect to paragraph 5, Watson admits that Laboratories is a wholly-owned subsidiary of Pharmaceuticals, and that

Redacted

6.     Watson admits the allegations in paragraph 6.

7.     With respect to paragraph 7, Watson admits that Watson Pharma is a wholly-owned subsidiary of Pharmaceuticals, and that

Redacted

8.     Watson denies the allegations in paragraph 8.

### JURISDICTION AND VENUE

9.     With respect to paragraph 9, Watson admits that what appear to be true and correct copies of the United States Patent Numbers 6,200,604 B1 ("the '604 patent") and 6,974,590 B2 ("the '590 patent") are attached to the Amended Complaint as Exhibits A and B, respectively. Watson further admits that the Amended Complaint purports to state a cause of action for patent infringement, but denies that the Amended Complaint states such a cause of action and that Watson has or will commit any acts giving rise to such a cause of action.

10.    With respect to paragraph 10, Watson admits only that this Court has subject matter jurisdiction over Plaintiffs' patent infringement claims under 35 U.S.C. § 271(e)(2) against Laboratories, but denies the remaining allegations.   Furthermore, subject matter jurisdiction is a question of law to which no response is required.

11.    Watson admits the allegations in paragraph 11.

12.    With respect to paragraph 12, Watson admits only that Pharmaceuticals does not contest personal jurisdiction in this case. Watson denies the remaining allegations in paragraph 12.

13.    Watson denies the allegations in paragraph 13.

14.    Watson denies the allegations in paragraph 14.

2

15.    With respect to paragraph 15, Watson admits only that on information and belief, products that are approved and marketed under Laboratories' Abbreviated New Drug Application No. 79-075 ("the ANDA") for fentanyl citrate buccal tablets (0.1 mg, 0.2 mg, 0.3 mg, 0.4 mg, 0.6 mg, and 0.8 mg) ("the ANDA Products"), would be prescribed by physicians practicing in Delaware and dispensed by pharmacies located within Delaware. Watson denies the remaining allegations in paragraph 15.

16.    Watson denies the allegations in paragraph 16.

## BACKGROUND

17.    With respect to paragraph 17, Watson admits only that the ANDA Products are bioequivalent to Cephalon's Fentora® brand fentanyl citrate buccal tablets (hereinafter, "Fentora®"). Watson denies the remaining allegations in paragraph 17, and specifically denies that the ANDA Products are identical in all respects to Fentora®.

18.    With respect to paragraph 18, Watson admits only that Fentora® is indicated for the management of breakthrough pain in patients with cancer who are already receiving and who are tolerant to opioid therapy for their underlying persistent cancer pain. Watson denies the remaining allegations in paragraph 18.

19.    Watson is without sufficient information to admit or deny the allegations set forth in the first sentence of paragraph 19 and therefore denies them. Watson denies the remaining allegations in paragraph 19.

20.    Watson denies the allegations in paragraph 20.

21.    With respect to paragraph 21, Watson admits only that Pharmaceuticals' Form 10-K for the year ended December 31, 2007 (D.I. 77, Ex. 11; D.I. 79, Ex. 50) described three

3

operating segments called "Generic," "Brand" and "Distribution." Watson denies the remaining allegations in paragraph 21.

22.    With respect to paragraph 22, Watson admits only that Pharmaceuticals' Form 10-K for the year ended December 31, 2007 (D.I. 77, Ex. 11; D.I. 79, Ex. 50) described three operating segments called "Generic," "Brand" and "Distribution." Watson denies the remaining allegations in paragraph 22.

23.    With respect to paragraph 23, Watson admits only that, in compliance with various laws, including the applicable corporate laws of Nevada, the Board of Directors exercises its business judgment to act in what it reasonably believes to be in the best interests of Pharmaceuticals and its stockholders. Watson denies the remaining allegations in paragraph 23.

24.    With respect to paragraph 24, Watson admits only that the primary purpose of the Regulatory Compliance Committee is to assist the Board of Directors of Pharmaceuticals with the Board's oversight responsibilities regarding compliance with legal and regulatory requirements related to product safety and quality and environmental, health and safety matters. Watson denies the remaining allegations in paragraph 24.

25.    Watson denies the allegations in paragraph 25.

26.    With respect to paragraph 26, Watson admits only that          Redacted

Redacted                                                             Watson denies the remaining allegations in paragraph 26.

27.    Watson denies the allegations in paragraph 27.

28.    With respect to paragraph 28, Watson admits only that Laboratories manufactures generic pharmaceutical products, and that Laboratories will manufacture the ANDA Products upon approval of the ANDA. Watson denies the remaining allegations in paragraph 28.

4

29.    With respect to paragraph 29, Watson admits only that Watson Pharma markets and sells generic pharmaceutical products, and that Watson Pharma will market and sell the ANDA Products upon approval of the ANDA.   Watson denies the remaining allegations in paragraph 29.

30.    With respect to paragraph 30, Watson admits only that Laboratories performs the research and development on various pharmaceutical products and submits ANDAs relating thereto, and that

Redacted

Watson denies the remaining allegations in paragraph 30.

31.    With respect to paragraph 31, Watson admits only that the     Redacted

Redacted

Watson denies the remaining allegations in paragraph 31.

32.    With respect to paragraph 32, Watson admits only that the     Redacted

Redacted     Watson denies the remaining allegations in paragraph 32.

33.    With respect to paragraph 33, Watson admits only that the     Redacted

Redacted     Watson denies the remaining allegations in paragraph 33.

34.    With respect to paragraph 34, Watson admits only that various meetings were held during the development of Watson's generic version of Fentora®.   Watson denies the remaining allegations in paragraph 34.

5

35.    With respect to paragraph 35, Watson admits only that    Redacted

        Redacted

                                                                Watson   denies   the   remaining

allegations in paragraph 35.

36      With  respect  to  paragraph  36,  Watson  admits  only  that        Redacted

    Redacted

The remaining allegations in paragraph 36 are vague, ambiguous, and fail to provide information

sufficient for Watson to admit or deny the allegations, and therefore those allegations are denied.

37      With  respect  to  paragraph  37,  Watson  admits  only  that    Redacted

        Redacted                                                        The  remaining

allegations  set  forth  in  paragraph  37  are  vague,  ambiguous,  and  fail  to  provide  information

sufficient for Watson to admit or deny the allegations, and therefore those allegations are denied.

38.     Watson denies the allegations in paragraph 38.

39.     With  respect  to  paragraph  39,  Watson  admits  only  that        Redacted

    Redacted                                                                Watson

denies the remaining allegations in paragraph 39.

40.     With respect to paragraph 40, Watson admits only that       Redacted

        Redacted                                                        The

remaining  allegations  set  forth  in  paragraph  40  are  vague,  ambiguous,  and  fail  to  provide

information  sufficient  for  Watson  to  admit  or  deny  the  allegations,  and  therefore  those

allegations are denied.

41.     Watson denies the allegations in paragraph 41.

42.     With respect to paragraph 42, Watson admits only that Laboratories sent a letter notifying Plaintiffs that the ANDA contains a certification relating to the non-infringement, invalidity, and/or unenforceability of the '604 and '590 patents under 21 U.S.C. § 355(j)(2) ("the Notice Letter"), and that          Redacted

   Redacted          The Notice Letter directed that

  Redacted         Watson denies the remaining allegations in paragraph 42.

43.     With respect to paragraph 43, Watson admits only that          Redacted

Redacted

Watson denies the remaining allegations in paragraph 43.

44.     With respect to paragraph 44, Watson admits only that          Redacted

Redacted          Watson denies the remaining allegations in paragraph 44.

45.     With respect to allegations in paragraph 45, Watson admits only that on May 14, 2008, plaintiff Cephalon, Inc. requested confirmation in writing that Laboratories is the sole ANDA holder, "or alternatively, identify the ANDA holder specifically, and describe in detail what participation or assistance, if any, other Watson entities (such as Watson Pharmaceuticals, Inc., and Watson Pharmaceuticals' other subsidiaries) are providing to Watson Laboratories, Inc. and which entity or entities will manufacture and/or marketed [sic] the product." Watson denies the remaining allegations in paragraph 45.

46.    With respect to paragraph 46, Watson admits only that    Redacted

Redacted

Watson denies the remaining allegations in paragraph 46.

## THE PATENTS IN SUIT

47.    With respect to paragraph 47, Watson admits that the U.S. Patent and Trademark Office issued the '604 patent on March 13, 2001, and that the first page of the '604 patent identifies "Cima Labs Inc." as the assignee.   Watson denies the remaining allegations in paragraph 47, and specifically denies that the '604 patent duly and legally issued.

48.    With respect to paragraph 48, Watson admits that the U.S. Patent and Trademark Office issued the '590 patent on December 13, 2005, and that the first page of the '590 patent identifies "Cima Labs Inc." as the assignee.   Watson denies the remaining allegations in paragraph 48, and specifically denies that the '590 patent duly and legally issued.

49.    With respect to paragraph 49, Watson admits on information and belief the allegations in the first and third sentences of paragraph 49.   Watson lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 49, and therefore, denies those allegations.

## ACTS GIVING RISE TO THIS ACTION FOR
## INFRINGEMENT OF THE '604 AND '590 PATENTS

50.    With respect to paragraph 50, Watson admits only that Laboratories is seeking approval of the ANDA by the United States Food and Drug Administration ("the FDA"), to market the ANDA Products prior to the expiration of the '604 and '590 patents.   Watson denies the remaining allegations in paragraph 50, and specifically denies that Laboratories has submitted the ANDA to the FDA jointly with, and/or as the agent of its parent Pharmaceuticals.

8

51.     With respect to paragraph 51, Watson admits that the ANDA contains a certification stating that, in Laboratories' opinion and to the best of its knowledge, the '604 and '590 patents are invalid, unenforceable, and/or not infringed by the commercial manufacture, use or sale of the ANDA Products. Watson further admits on information and belief the allegations in the second and fourth sentences. Watson denies the remaining allegations in paragraph 51.

52.     With respect to paragraph 52, Watson admits that the Notice Letter was sent to provide notice to Plaintiffs of the certification against the '604 and '590 patents in the ANDA with respect to the ANDA Products, pursuant to section 505(j)(2)(B)(iv) of the Federal Food, Drug an Cosmetic Act and 21 C.F.R. § 314.95. Watson denies the remaining allegations in paragraph 52.

53.     Watson denies the allegations in paragraph 53, and specifically denies that the Notice Letter failed to comply with 21 U.S.C. § 355(j)(2)(B)(iv)(II).

54.     With respect to paragraph 54, Watson admits only that on May 14, 2008, plaintiff Cephalon, Inc. declined Laboratories' offer of confidential access to the ANDA. Watson denies the remaining allegations in paragraph 54.

55.     With respect to paragraph 55, Watson admits the allegations in the first sentence. Watson lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 55, and therefore, denies those allegations.

56.     With respect to paragraph 56, Watson admits only that Plaintiffs maintain this action concerning the ANDA and the ANDA Products. Watson lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 56, and therefore, denies those allegations.

RLF1-3390837-1

## COUNT I

### (Infringement of the '604 Patent Under 35 U.S.C. § 271(e)(2)) (Watson Pharmaceuticals, Watson Laboratories and Watson Pharma)

57.    With respect to paragraph 57, Watson repeats the responses to paragraphs 1 to 56 of the Amended Complaint, set forth above, as if fully set forth herein.

58.    With respect to paragraph 58, Watson admits that 35 U.S.C. § 271(e)(2) creates a statutory, technical act of infringement in submitting an Abbreviated New Drug Application to the FDA for a drug claimed in a patent or the use of which is claimed in a patent, to support subject matter jurisdiction.   Watson denies the remaining allegations in paragraph 58 and specifically denies that the ANDA Products would, if marketed, infringe, or induce or contribute to infringement of, any valid and enforceable claim of the '604 patent.

59.    With respect to paragraph 59, Watson admits that 35 U.S.C. § 271(e)(2) creates a statutory, technical act of infringement in submitting an Abbreviated New Drug Application to the FDA for a drug claimed in a patent or the use of which is claimed in a patent, to support subject matter jurisdiction.   Watson denies the remaining allegations in paragraph 59 and specifically denies that the ANDA Products would, if marketed, infringe, or induce or contribute to infringement of, any valid and enforceable claim of the '604 patent.

60.    Watson denies the allegations in paragraph 60.

61.    Watson denies the allegations in paragraph 61.

## COUNT II

### (Infringement of the '604 Patent Under 35 U.S.C. § 271(b)) (Watson Pharmaceuticals and Watson Pharma)

62.    With respect to paragraph 62, Watson repeats the responses to paragraphs 1 to 61 of the Amended Complaint, set forth above, as if fully set forth herein.

63.    Watson denies the allegations in paragraph 63.

RLF1-3390837-1

64.     Watson denies the allegations in paragraph 64.

65.     Watson denies the allegations in paragraph 65, and specifically denies that the ANDA Products would, if marketed, infringe, or induce or contribute to infringement of, any valid and enforceable claim of the '604 patent.

## COUNT III

### (Declaratory Judgment of Infringement of the '604 Patent Under 35 U.S.C. § 271(b) or (c)) (Watson Pharmaceuticals, Watson Laboratories and Watson Pharma)

66.     With respect to paragraph 66, Watson repeats the responses to paragraphs 1 to 65 of the Amended Complaint, set forth above, as if fully set forth herein.

67.     Paragraph 67 contains legal conclusions to which no answer is required. To the extent an answer is required, Watson admits that Plaintiffs purport to state a claim under the Declaratory Judgment Act, but denies Watson has committed or will commit any acts giving rise to such a claim.

68.     Paragraph 68 contains legal conclusions to which no answer is required. To the extent an answer is required, Watson admits that Plaintiffs purport to state a claim that there is an actual case or controversy, but denies that a declaration of rights by this Court under the Declaratory Judgment Act is required.

69.     With respect to paragraph 69, Watson admits the allegations respecting Laboratories' actions only, and denies the remaining allegations.

70.     With respect to paragraph 70, Watson admits the allegations respecting Laboratories' actions only, and denies the remaining allegations.

71.     Watson denies the allegations in paragraph 71.

72.     Watson denies the allegations in paragraph 72.

RLF1-3390837-1

## COUNT IV

### (Infringement of the '590 Patent Under 35 U.S.C. § 271(e)(2))
### (Watson Pharmaceuticals, Watson Laboratories and Watson Pharma)

73.     With respect to paragraph 73, Watson repeats the responses to paragraphs 1 to 72 of the Amended Complaint, set forth above, as if fully set forth herein.

74.     With respect to paragraph 74, Watson admits that 35 U.S.C. § 271(e)(2) creates a statutory, technical act of infringement in submitting an Abbreviated New Drug Application to the FDA for a drug claimed in a patent or the use of which is claimed in a patent, to support subject matter jurisdiction.  Watson denies the remaining allegations in paragraph 74 and specifically denies that the ANDA Products would, if marketed, infringe, or induce or contribute to infringement of, any valid and enforceable claim of the '590 patent.

75.     With respect to paragraph 75, Watson admits that 35 U.S.C. § 271(e)(2) creates a statutory, technical act of infringement in submitting an Abbreviated New Drug Application to the FDA for a drug claimed in a patent or the use of which is claimed in a patent, to support subject matter jurisdiction.  Watson denies the remaining allegations in paragraph 75 and specifically denies that the ANDA Products would, if marketed, infringe, or induce or contribute to infringement of, any valid and enforceable claim of the '590 patent.

76.     Watson denies the allegations in paragraph 76.

77.     Watson denies the allegations in paragraph 77.

## COUNT V

### (Infringement of the '590 Patent Under 35 U.S.C. § 271(b))
### (Watson Pharmaceuticals and Watson Pharma)

78.     With respect to paragraph 78, Watson repeats the responses to paragraphs 1 to 77 of the Amended Complaint, set forth above, as if fully set forth herein.

79.     Watson denies the allegations in paragraph 79.

80.    Watson denies the allegations in paragraph 80.

81.    Watson denies the allegations in paragraph 81, and specifically denies that the ANDA Products would, if marketed, infringe, or induce or contribute to infringement of, any valid and enforceable claim of the '590 patent.

### COUNT VI

**(Declaratory Judgment of Infringement of the '590 Patent<br>Under 35 U.S.C. § 271(b) or (c))<br>(Watson Pharmaceuticals, Watson Laboratories and Watson Pharma)**

82.    With respect to paragraph 82, Watson repeats the responses to paragraphs 1 to 81 of the Amended Complaint, set forth above, as if fully set forth herein.

83.    Paragraph 83 contains legal conclusions to which no answer is required. To the extent an answer is required, Watson admits that Plaintiffs purport to state a claim under the Declaratory Judgment Act, but denies Watson has committed or will commit any acts giving rise to such a claim.

84.    Paragraph 84 contains legal conclusions to which no answer is required. To the extent an answer is required, Watson admits that Plaintiffs purport to state a claim that there is an actual case or controversy, but denies that a declaration of rights by this Court under the Declaratory Judgment Act is required.

85.    With respect to paragraph 85, Watson admits the allegations respecting Laboratories' actions only, and denies the remaining allegations.

86.    With respect to paragraph 86, Watson admits the allegations respecting Laboratories' actions only, and denies the remaining allegations.

87.    Watson denies the allegations in paragraph 87.

88.    Watson denies the allegations in paragraph 88.

13

## EXCEPTIONAL CASE

89.   Watson denies the allegations in paragraph 89.

## INJUNCTIVE RELIEF

90.   Watson denies the allegations in paragraph 90.

91.   Watson denies the allegations in paragraph 91.

92.   Watson denies the allegations in paragraph 92.

## AFFIRMATIVE DEFENSES

93.   Without any admission as to burden of proof, Watson states the following defenses:

### First Affirmative Defense

94.   Each purported claim for relief in the Amended Complaint is barred for failure to state a claim upon which relief can be granted.

### Second Affirmative Defense

95.   The ANDA Products have not infringed and would not, if marketed, infringe directly and/or indirectly, any valid and enforceable claim of the '604 patent.

### Third Affirmative Defense

96.   The ANDA Products have not infringed and would not, if marketed, infringe directly and/or indirectly, any valid and enforceable claim of the '590 patent.

### Fourth Affirmative Defense

97.   The '604 patent and the claims thereof are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, 112, 282, and/or the doctrine of obviousness-type double patenting.

### Fifth Affirmative Defense

98.     The '590 patent and the claims thereof are invalid under one or more of 35 U.S.C.

§§ 101, 102, 103, 112, 282, and/or the doctrine of obviousness-type double patenting.

### Sixth Affirmative Defense

99.     Watson reserves the right to assert any additional defenses or counterclaims that

discovery may reveal.

### COUNTERCLAIMS

Defendant   Watson   Laboratories,   Inc.   ("Laboratories")   brings   the   following

Counterclaims against Plaintiffs Cephalon, Inc., and CIMA Labs, Inc., (collectively, "Counter-

Defendants").

### Jurisdiction and Venue

100.    This is an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and

2202, the Patent Laws of the United States, 35 U.S.C. § 100 et seq., based upon an actual

controversy between the parties to declare that Laboratories is free to continue to seek approval

of its Abbreviated New Drug Application No. 79-075 ("the ANDA"), and upon approval by the

FDA, to manufacture, use, market, sell, and offer to sell the fentanyl citrate buccal tablets (0.1

mg, 0.2 mg, 0.3 mg, 0.4 mg, 0.6 mg, and 0.8 mg) as described in the ANDA ("the ANDA

Products") in the United States. This Court has jurisdiction of the subject matter of this action

pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

101.    Venue is proper under 28 U.S.C. §§ 1391 and 1400, and by Counter-Defendants'

choice of forum.

15

## Parties

102.   Counterclaimant Laboratories is a Nevada corporation with a principal place of business at 311 Bonnie Circle, Corona, California 92880.

103.   On information and belief, Counter-Defendant Cephalon, Inc. is a Delaware corporation having its principal place of business at 41 Moores Road, Frazer, Pennsylvania 19355.

104.   On information and belief, Counter-Defendant CIMA Labs, Inc. is a Delaware corporation having its principal place of business at 7325 Aspen Lane, Brooklyn Park, Minnesota 55428.

## First Counterclaim

### Declaratory Judgment of Noninfringement
### of United States Patent No. 6,200,604 B1

105.   Laboratories incorporates by reference and re-alleges each of the allegations set forth in paragraphs 1 through 104.

106    The ANDA Products have not infringed, and would not, if marketed, infringe, or induce or contribute to infringement of, any valid and enforceable claim of United States Patent No. 6,200,604 B1 ("the '604 patent").

107.   Because Counter-Defendants maintain that commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Products would directly and/or indirectly infringe the '604 patent, a declaration of rights between the parties is both appropriate and necessary to establish that commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Products would not directly and/or indirectly infringe the '604 patent.

16

## Second Counterclaim

### Declaratory Judgment of Invalidity
### of United States Patent No. 6,200,604 B1

108.    Laboratories incorporates by reference and re-alleges each of the allegations set forth in paragraphs 1 through 107.

109.    Because Counter-Defendants maintain and Laboratories denies that the '604 patent and the claims thereof are valid and enforceable, a declaration of rights between the parties is both appropriate and necessary to establish that the '604 patent and the claims thereof are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, 112, 282, and/or the doctrine of obviousness-type double patenting.

## Third Counterclaim

### Declaratory Judgment of Noninfringement of
### United States Patent No. 6,974,590 B2

110.    Laboratories incorporates by reference and re-alleges each of the allegations set forth in paragraphs 1 through 109.

111.    The ANDA Products have not infringed, and would not, if marketed, directly and/or indirectly infringe any valid and enforceable claim of United States Patent No. 6,974,590 B2 ("the '590 patent").

112.    Because Counter-Defendants maintain that commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Products would directly and/or indirectly infringe the '590 patent, a declaration of rights between the parties is both appropriate and necessary to establish that commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Products would not directly and/or indirectly infringe the '590 patent.

17

RLF1-3390837-1

### Fourth Counterclaim

### Declaratory Judgment of Invalidity
### of United States Patent No. 6,974,590 B2

113     Laboratories incorporates by reference and re-alleges each of the allegations set forth in paragraphs 1 through 112.

114.    Because Counter-Defendants maintain and Laboratories denies that the '590 patent and the claims thereof are valid and enforceable, a declaration is both appropriate and necessary to establish that the '590 patent and the claims thereof are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, 112, 282, and/or the doctrine of obviousness-type double patenting.

### RELIEF REQUESTED

WHEREFORE, Watson respectfully requests that this Court enter judgment as follows:

A.     That all claims against Watson be dismissed with prejudice and that all relief requested by Plaintiffs be denied;

B.     That Watson has not infringed and does not infringe directly and/or indirectly any valid and enforceable claim of the '604 and '590 patents, that Laboratories has a lawful right to proceed with the ANDA to obtain FDA's approval of the ANDA Products and further has a lawful right to manufacture, market and sell the ANDA Products upon approval of the ANDA;

C.     That the '604 and '590 patents are invalid;

D.     That the 30-month time period referred to within 21 U.S.C. § 355(j)(5)(B)(iii) be shortened to expire immediately;

E.     That Plaintiffs and their agents, representatives, attorneys, and those person in active concert or participation with them who received notice therefor, be preliminarily and permanently enjoined from initiating infringement litigation against, or threatening Laboratories, Pharmaceuticals, Watson Pharma, or any parties associated therewith (including Watson's

customers) or charging any of them either orally or in writing with infringement, or inducement of or contributory infringement of the patents-in-suit;

      F.     That this is an exceptional case under 35 U.S.C. § 285, and therefore, that Watson is entitled to an award of attorneys' fees, costs, and expenses in this action; and

      G.     That Watson be awarded such other further relief as this Court may deem just and proper.

<br>

Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com
Steven J. Fineman (#4025)
Fineman@rlf.com
Richards, Layton & Finger P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Attorneys for Defendants*

OF COUNSEL
Barry S. White
James K. Stronski
John G. Taylor
H. Sarah Park
Jonathan R. Wise
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, NY 10151
(212) 588-0800

Dated: April 27, 2009

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 27, 2009, I electronically filed the foregoing document with

the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand

Delivered to the following:

William J. Marsden, Jr., Esquire
Douglas Edward McCann, Esquire
Fish & Richardson, P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899-1114

/s/ Steven J. Fineman
Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
fineman@rlf.com

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2009, I electronically filed the foregoing document with

the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand

Delivered to the following:

> William J. Marsden, Jr., Esquire
> Douglas Edward McCann, Esquire
> Fish & Richardson, P.C.
> 222 Delaware Avenue, 17th Floor
> P.O. Box 1114
> Wilmington, DE 19899-1114

> /s/ Steven J. Fineman
> Steven J. Fineman (#4025)
> Richards, Layton & Finger, P.A.
> One Rodney Square
> P.O. Box 551
> Wilmington, Delaware 19899
> (302) 651-7700
> fineman@rlf.com