IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CEPHALON, INC. and CIMA LABS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WATSON PHARMACEUTICALS, INC., WATSON LABORATORIES, INC., and WATSON PHARMA, INC., <br><br> Defendants. | Civil Action No. 08-330-SLR |
| CEPHALON, INC., <br><br> Plaintiff, <br><br> v. <br><br> WATSON PHARMACEUTICALS, INC., WATSON LABORATORIES, INC., and WATSON PHARMA, INC., <br><br> Defendants. | Civil Action No. 09-724-SLR |

**PLAINTIFFS CEPHALON, INC. AND CIMA LABS, INC.'S CITATION OF SUBSEQUENT AUTHORITY ON THE ISSUE OF INFRINGEMENT PURSUANT TO LOCAL RULE 7.1.2(B)**

Pursuant to Local Rule 7.1.2(b), Plaintiffs Cephalon, Inc. and CIMA LABS, INC. hereby submit as subsequent authority in support of Plaintiffs' Opening Post-Trial Brief on Infringement (D.I. 244, C.A. 08-330) and Plaintiffs' Post-Trial Reply Brief on Infringement (D.I. 262, C.A. 08-330) *Adams Respiratory Therapeutics, Inc. v. Perrigo Co.*, --- F.3d ----, 2010 WL 3064010 (Fed. Cir. 2010), decided on August 5, 2010, and which did not come to the attention of Plaintiffs' counsel until after the filing of Plaintiffs' Post-Trial Reply Brief on Infringement.

In *Adams*, the Federal Circuit addressed, among other things, whether comparing an accused product to a commercial embodiment may support a finding of infringement. *Id.* at *4-5. The plaintiff sought to establish that the accused "ANDA product would have a Cmax

equivalent to a standard IR product" as required by the asserted claims, by presenting evidence that the ANDA product was bioequivalent to a commercial embodiment of the asserted claims, which itself was bioequivalent to a standard IR product. *Id.* at *2, 4-5. According to the district court below, the plaintiff argued that "if A is equivalent to B, and B is equivalent to C, then A must be equivalent to C." *Id.* at *4. The district court found it "legally impermissible to show infringement by comparing the accused product to a commercial embodiment," and "determined that to establish infringement, equivalence must be shown by a two-way crossover study comparing the [defendant's] ANDA product and a standard IR product." *Id.* at *4.

The Federal Circuit disagreed: "Our case law does not contain a blanket prohibition against comparing the accused product to a commercial embodiment." *Id.* at *5. In light of the fact of bioequivalence of the two sets of products, as well as plaintiff's specific presentation of bioequivalence data, "a factfinder could reasonably conclude that it is more likely than not that [defendant's] ANDA product will have a Cmax equivalent to that of a standard IR product." *Id.*

In this respect, *Adams* demonstrates the sufficiency of Plaintiffs' evidence to establish that Watson's tablets meet the "in amount sufficient to increase absorption" limitation of the asserted Khankari patent claims. (D.I. 244 at 26-27, 34-35; D.I. 262 at 8-10.) Amongst other things, Plaintiffs presented evidence at trial that Watson's tablets are bioequivalent to a commercial embodiment of the Khankari patents (FENTORA®), which itself exhibits increased fentanyl absorption compared to two non-effervescent fentanyl formulations. (*See id.*) This data, together with the additional data Plaintiffs presented demonstrating that Watson's tablets evolve gas and exhibit a dynamic pH characteristic of an effervescent tablet, are powerful evidence that Watson's tablets contain an absorption-enhancing amount of an effervescent agent. *Adams*, 2010 WL 3064010 at *5.

Dated: August 18, 2010

FISH & RICHARDSON P.C.

By: */s/ William J. Marsden, Jr.*
William J. Marsden, Jr. (#2247)
marsden@fr.com
Douglas E. McCann (#3852)
mccann@fr.com
222 Delaware Avenue, 17th floor
P.O. Box 1114
Wilmington, DE 19899-1114
Tel: (302) 652-5070

Juanita R. Brooks
12390 El Camino Real
San Diego, CA 92130

Jonathan E. Singer
60 South Sixth Street
3200 RBC Plaza
Minneapolis, MN 55402

Michael A. Siem
601 Lexington Avenue
52nd floor
New York, NY 10022-4611

**Attorneys for Plaintiffs**
**CEPHALON, INC. AND CIMA LABS, INC.**